**IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI**

| | | |
|---|---|---|
| Nancy Mize & Charles Mize<br><br>*Plaintiffs*<br>VS.<br><br>Morgan & Morgan, PA;<br>Morgan & Morgan, PLLC;<br>Morgan & Morgan, DBA;<br>Morgan & Morgan Mississippi DBA;<br>Morgan & Morgan Mississippi Management, Inc.;<br>Morgan & Morgan Memphis, LLC;<br>Morgan & Morgan Memphis Management, Inc.;<br>John B. Morgan;<br>Ultima Morgan;<br>Jennifer L. Miller;<br>David Gold; &<br>The Gold Law Firm<br><br>*Defendants* | ) | Civil Action No.: 22-CV-255 PFA |

**FIRST AMENDED COMPLAINT**

COME NOW the Plaintiffs, Nancey Mize and Charles Mize, "Plaintiffs" and files this Amended Complaint against Morgan & Morgan, PA, Morgan & Morgan PLLC, Morgan & Morgan, DBA, Morgan & Morgan Mississippi DBA, Morgan & Morgan Mississippi Management, Inc., Morgan & Morgan Memphis, LLC, Morgan & Morgan Memphis Management, Inc., John B. Morgan, Ultima Morgan ("Morgan & Morgan Defendants"), Jennifer L. Miller "Miller", David Gold and The Gold Law Firm, collectively "Gold Law Firm", and would most respectfully show unto the Court the following, to wit:

EXHIBIT
A

## INTRODUCTION

1. This Complaint seeks damages for attorney malpractice, negligent supervision, joint venture liability and deceptive advertising. In summary, Plaintiffs are husband and wife. Nancy, the wife, sustained serious injuries due her leg becoming caught in a dustmop at a local grocery store. Nancy was transported by ambulance to a local hospital where Nancy was dropped to the floor. Due to the severity of Nancy's injuries sustained at the grocery store and the exacerbation of her injuries by the local hospital, Nancy was transported to a level-one trauma center in Tupelo, Mississippi. In Tupelo, Nancy and Charles Mize hired Morgan And Morgan, a national, heavily advertised personal injury firm, to take up their claims of negligent premises and medical malpractice. Morgan & Morgan and Jennifer Miller neglected both cases, while at the same time, The Gold Law Firm took over one of the cases and finalized the neglect. In simple terms, all Defendants, in some way, are to blame for the Mizes' botched legal representation.

## PARTIES

2. Nancy Mize is an adult resident citizen of Corinth, Alcorn County, Mississippi, whose residential address is 5403 N. Shiloh Road, Corinth, Mississippi, 38834. Ms. Mize may be served with process through her attorney Matthew Wade Gilmer, P.O. Box 737, Iuka, Mississippi 38852.

3. Charles Mize is an adult resident citizen of Corinth, Alcorn County, Mississippi, whose residential address is 5403 N. Shiloh Road, Corinth, Mississippi, 38834. Mr. Mize may be served with process through his attorney Matthew Wade Gilmer, P.O. Box 737, Iuka, Mississippi 38852. At all times material hereto, Charles Mize and Nancy Mize were legally married as husband and wife.

4. Morgan & Morgan, PA, is a professional association duly organized and existing under the laws of the State of Florida, with its principal place of business located at 20 N. Orange Avenue, Suite 1600, Orlando, Florida 32801. Morgan & Morgan was originally incorporated in Florida in 1988 under the name Morgan, Colling & Gilbert, P.A. and in or about 2005, Defendant John B. Morgan changed this firm's name to The Morgan Firm, P.A. when he took total control of the company in 2006, he then changed the name to Morgan & Morgan, P.A. Upon information and belief, Defendant John B. Morgan directly or indirectly controls Morgan & Morgan Defendants named in this Complaint. Service of process may be accomplished on Defendant Morgan & Morgan, PA, via its registered agent for service of process, WHWW, Inc. (a/k/a Winderweedle, Haines, Ward, Woodman), 329 N. Park Avenue, Second Floor, Winter Park, Florida 32789.

5. Morgan & Morgan, PLLC, is a domestic limited liability company incorporated and doing business by virtue of the laws of the State Of Mississippi identified by the Business ID: 918670. Morgan & Morgan, PLLC, is identified by and conducts business under the following fictitious entities and/or names as registered with the Mississippi Secretary Of State: Morgan & Morgan, DBA, and Morgan & Morgan Mississippi DBA. Morgan & Morgan, PLLC, and its fictious entities may be served through their registered agent, National Registered Agents Inc., 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

6. Morgan & Morgan Mississippi Management, Inc., is a corporation duly organized and existing under the laws of the State of Florida, with its principal place of business located at 20 N. Orange Avenue, Suite 1600, Orlando, Florida 32801. Upon information and belief, John B. Morgan caused the incorporation of Morgan & Morgan Mississippi Management through which he, individually or through Morgan & Morgan. P.A., could manage and control the operations of the herein named Morgan & Morgan Defendants domiciled in Mississippi. Service of process

may be accomplished on Morgan & Morgan Mississippi Management via its registered agent for service of process, WHWW, Inc. (a/k/a Winderweedle, Haines, Ward, Woodman), 329 N. Park Avenue, Second Floor, Winter Park, Florida 32789.

7. Morgan & Morgan Memphis, LLC is a foreign entity duly organized and existing under the laws of the State of Tennessee who may be served with process through their registered agent National Registered Agents, Inc., 300 Montvue Rd, Knoxville, Tn 37919-5546.

8. Morgan & Morgan Memphis Management, Inc., is a corporation duly organized and existing under the laws of the State of Tennessee, with its principal place of business located at 20 N. Orange Avenue, Suite 1600, Orlando, Florida 32801. Upon information and belief, John B. Morgan caused the incorporation of Morgan & Morgan Memphis Management through which John B. Morgan, individually or through Morgan & Morgan. P.A., could manage and control the operations of the herein named Morgan & Morgan Defendants domiciled in Tennessee. Service of process may be accomplished on Morgan & Morgan Memphis Management via its registered agent for service of process National Registered Agents, Inc., 300 Montvue Rd, Knoxville, Tn 37919-5546.

9. John B. Morgan is an individual resident of Florida. Upon information and belief, Defendant Morgan controls, directly or indirectly, all Morgan & Morgan Defendants named herein. Service of process may be accomplished on Defendant Morgan at 1887 Bridgewater Drive, Lake Mary, Florida 32746.

10. Ultima Morgan is the wife of John B. Morgan, an adult resident citizen of Florida, and a named partner of Morgan & Morgan, PA. Upon information and belief, Ultima is vested with authority to control, directly or indirectly, all Morgan & Morgan Defendants named in this Complaint. Service of process may be accomplished on Ultima at 1887 Bridgewater Drive, Lake Mary, Florida 32746.

11. Jennifer L. Miller is an adult resident citizen of Shelby County, Tennessee whose residential address is 517 Magnolia Mound Dr, Memphis TN 38103-4742.

12. David Gold and the Gold Law Firm is a sole proprietorship doing business by virtue of the laws of the State Of Tennessee. Relevant records with the Tennessee Secretary Of State show no registration for The Gold Law Firm, David Gold, or the like. Therefore, The Gold Law Firm may be served with process through its proprietor, David A. Gold, at 1562 Lake Place, Memphis, TN 38112-5166. The Gold Law Firm hereinafter refers to the non-registered entity and David Gold individually.

**JURISDICTION AND VENUE**

13. Jurisdiction and venue are proper before this Court because all matters and facts alleged herein occurred in Alcorn County, Mississippi and one or both Morgan & Morgan Defendants are domiciled in in Mississippi pursuant to Miss Code Ann. §11-11-3.

**FACTS**

14. On or about December 29, 2016, Nancy Mize and her Husband Charles Mize ("Plaintiffs") were business invitees of Shiloh Market, a grocery store located in Corinth, Alcorn County, Mississippi. At said time and place, a dustmop with a wooden handle was left protruding out into a highly trafficked walkway but was concealed by a grocery cooler. Ms. Mize's foot became trapped in the frame of the dust mop causing her to fall and sustain severe injuries to her neck, back and body. Just after Ms. Mize fell, the employee who placed the dustmop in the walkway attempted to remove the dustmop from underneath Ms. Mize's body. Patrons of the store prevented the employee from doing so. Several employees and shoppers witnessed the fall. The incident was reported to a manager who publicly admonished the employee who was responsible for placing the broom in a hazardous location. The same was witnessed by Plaintiffs and others.

15. Ms. Mize was transported from the grocery store by ambulance to Magnolia Regional Health Center, Corinth, Mississippi "Magnolia". At Magnolia, Ms. Mize was dropped to the floor which further exacerbated her injuries. As a result, Ms. Mize was transported to a level-one trauma center, North Mississippi Medical Center, Tupelo, Mississippi ("NMMC"). At NMMC, Ms. Mize was treated for several injuries about her head, neck, back and lower extremities.

16. While Ms. Mize was hospitalized at NMMC, Plaintiffs contacted the law firm Morgan & Morgan who sent a layman runner to Ms. Mize's hospital room. The layman runner rendered legal advice to Ms. Mize and encouraged her to sign a contract vesting Morgan & Morgan Defendants with a contingent interest in all claims arising from the incidents described above. It was made known to Morgan & Morgan Defendants by Plaintiffs that Plaintiffs were hiring Morgan & Morgan Defendants to take up and prosecute the claims against the Shiloh Market and Magnolia.

17. On February 11, 2019, attorney Jennifer Miller ("Miller") filed suit against Shiloh Market on behalf of Nancy and Charles Mize and signed the complaint "Respectfully Submitted, MORGAN & MORGAN – MEMPHIS" hereinafter "Shiloh Market Complaint". On March 6, 2019, Shiloh Market answered the Shiloh Market Complaint and simultaneously propounded written discovery to the Plaintiffs. Ultimately, the Shiloh Market Complaint was dismissed for a complete failure to answer discovery and prosecute the case. Over several years, these acts and omissions occurred:

a. Morgan & Morgan Defendants along with Miller waited over two-and-a-half years before commencing a minimal investigation of Plaintiffs' claims and filing suit;

b. After suit was filed, Shiloh Market filed multiple motions seeking an order compelling Plaintiffs to answer outstanding written discovery with one or more motion filings occurring while Miller was under the employ of Morgan & Morgan Defendants, The Gold Law Firm, or both;

c. Miller was fired by Morgan & Morgan Defendants with little notice;

d. Morgan & Morgan Defendants never caused an order relieving the firm of its duties owed to Plaintiffs;

e. The Gold Law Firm became co-counsel of record for Plaintiffs;

f. All Defendants, at some juncture, failed to cause Plaintiffs' outstanding discovery obligations to be answered and/or rectified;

g. All Defendants, at some juncture, failed to file responsive pleadings to all motions filed by Shiloh Market;

h. Miller agreed to the entry of a court order compelling Plaintiffs to answer outstanding written discovery and the same was done so during a time that Plaintiffs' case was under the management of both Morgan & Morgan Defendants and The Gold Law Firm;

i. At some point, Nancy Mize traveled to Morgan & Morgan Defendants' office and answered all written discovery but did not come into contact with Miller. Instead, Ms. Mize interacted only with lay support staff.

j. Morgan & Morgan Defendants informed Plaintiffs of Miller's termination; that they retained co-management of the case with Miller; and Plaintiffs could elect to remain the exclusive clients of Morgan & Morgan Defendants;

k. Plaintiffs elected to remain the exclusive clients of Morgan & Morgan Defendants believing that Miller was terminated for cause and that Morgan & Morgan

Defendants employed hundreds of attorneys who would take up the prosecution of Plaintiffs' claims with diligence and competence;

l. Notwithstanding the foregoing, Morgan & Morgan Defendants subsequently discharged Plaintiffs alleging Plaintiffs were not the clients of Morgan & Morgan Defendants;

m. Morgan & Morgan Defendants never moved to be relieved of their professional responsibility owed to Plaintiffs or served on Plaintiffs disengagement documents;

n. Morgan & Morgan Defendants never caused or procured a trial court order permitting Morgan & Morgan Defendants withdrawal from the litigation;

o. Plaintiffs' representation, at some point, was transitioned away from Morgan & Morgan Defendants to Miller and The Gold Law Firm but Morgan & Morgan Defendants remained counsel of record;

p. Plaintiffs, as laypersons, accepted the not-optional transition to The Gold Law Firm believing no other option existed;

q. Miller, Morgan & Morgan Defendants and The Gold Law Firm collectively failed to cause outstanding discovery to be answered although all Defendants remained attorneys of record for Plaintiffs;

r. Plaintiffs' Shiloh Market Complaint was dismissed for failure to answer written discovery for nearly two years and for failing to adhere to a court order compelling the same;

s. Miller filed pleadings at the trial court, subject to Mississippi Rules Of Civil Procedure Rule 11, alleging that Morgan & Morgan Defendants abused her as an attorney and that The Gold Law Firm failed to establish Miller an office, both of

which were the direct and proximate cause of the dismissal of Plaintiffs' Shiloh Market Complaint;

t. Miller and The Gold Law Firm appealed the dismissal of the Shiloh Market Complaint;

u. On April 19, 2021, Miller and The Gold Law Firm moved to withdraw before the Mississippi Supreme Court certifying that the motion was filed and served on Plaintiffs in February 2021, which is abhorrently false;

v. Miller and The Gold Law Firm did not serve the motion to withdraw upon Plaintiffs until late April, 2021 but continued to allege the February, 2021 filing date;

w. The motion to withdraw misrepresented matters to the Mississippi appellate courts including, but not limited to, allegations that Miller and The Gold Law Firm "spoke to Ms. Mize and explained… an attorney-client conflict of interest" and "[t]his conversation was confirmed in writing (Feb 11, 2021 Letter to Client, attached hereto…";

x. Said writing was not a confirmatory writing written by Plaintiffs but a self-serving email from Miller and The Gold Law Firm which was never confirmed;

y. At all times before April 19, 2021, Miller and The Gold Law Firm represented to Plaintiffs that Miller and The Gold Law Firm had prosecuted Plaintiffs' appeal to the fullest extent permitted by law;

z. Plaintiffs were forced to accept the fraudulently procured order permitting Miller and The Gold Law Firm to withdraw with little to no time to seek appellate counsel;

aa. Plaintiffs forced were to proceed pro se which ultimately resulted in the Court Of Appeals affirming the dismissal of the Shiloh Market Complaint;

bb. All Defendants failed to prosecute certiorari proceedings to the Mississippi Supreme Court on behalf of Plaintiffs.

cc. The Appellate Court decision did not find fault with the Plaintiffs but held all Defendants named herein to have been negligent, if not reckless, with regard to the undertaking of Plaintiffs' legal representation;

18. In addition to the procedural events above, Miller filed a pleading at the trial court seeking relief from the trial court's order dismissing the Shiloh Market Complaint. The pleading was called up for hearing during which Miller made various statements that are highly pertinent to the facts of this Complaint. Particularly, Miller alleged that the neglect of the case was exclusively the fault of all Defendants and that all Defendants "misjudged" the volume of discovery that was required. Miller also stated that Morgan & Morgan Defendants ejected her from their office without Plaintiffs' file materials, that Morgan & Morgan Defendants' termination of Miller caused Miller to develop serious mental illness, and thus Miller was negligent in carrying out the duties owed to Plaintiffs. At the same hearing, Miller stated that her mental illness was exacerbated by The Gold Law Firm by failing to furnish her minimal office equipment and accommodations customarily furnished to a lawyer. Miller further admitted to attending social functions despite her mental infirmities. At one particular social function, Miller encountered Shiloh Market's attorney who warned Miller again about the outstanding discovery obligations. Miller also became incommunicado thereby requiring the trial court and Shiloh Market to mail notices and court orders to Morgan & Morgan Defendants and The Gold Law Firm rather than service by the Mississippi Electronic Court System ("MEC"). Notwithstanding these facts, Morgan & Morgan Defendants and The Gold Law Firm failed to rectify their neglect,

Miller's neglect, Miller's unfitness to practice law, the outstanding discovery obligations owed by Plaintiffs to Shiloh Market, or the impending threat of the draconian sanction. No defense efforts were undertaken at all with regard to the draconian sanction, which ultimately caused the trial court to rule that no lesser sanction would suffice.

19. Defendants' filings, the trial court orders dismissing the case and the appellate opinion/mandate affirming the same are damming with regard to Miller and the Defendants. Said documents are attached as cumulative Exhibit A and are incorporated by reference.

**COUNT ONE -NEGLIGENCE – LEGAL MALPRACTICE**

**ALL NAMED DEFENDANTS**

20. Plaintiffs incorporate by reference all material allegations contained above.

21. At all times material hereto, an attorney client relationship existed between Plaintiffs, Miller, Morgan & Morgan Defendants and The Gold Law Firm. Defendants agreed to undertake the representation of Plaintiffs in an effective manner so as to cause a recovery for Plaintiffs' injuries sustained as a result of the negligence of Shiloh Market and Magnolia.

22. Defendants, particularly Morgan and Morgan Defendants, held themselves out to the public as attorneys possessing a very high level of expertise providing the most effective assistance of counsel to clients who have sustained injuries due to the negligence of others. Notwithstanding such self-serving representations, Defendants failed to exercise even the lesser standard of reasonably prudent legal services, failed to conduct themselves with a level of expertise which Defendants held themselves out to possess and did not properly discharge the duty of care imposed upon attorneys in Mississippi at any stage of the proceedings. All Defendants were not diligent in their representation of Plaintiff in deviation from and in breach of the standard of care due from a Mississippi attorney.

23. All Defendants were negligent as follows:

a. Failing to investigate the facts surrounding the fall sustained by Nancy Mize;

b. Failure to immediately cause communication and/or legal proceedings to prevent the destruction and spoliation of evidence maintained by Shiloh Market, Magnolia and relevant third-parties;

c. Failure to file pleadings and other documents to prosecute the claims of Plaintiffs;

d. Failure to file pleadings and documents to protect the rights of Plaintiffs;

e. Failure to conduct and answer proper discovery as required the Mississippi Rules Of Civil Procedure;

f. Failure to investigate Nancy Mize's alleged medical negligence action before the expiration of the statute of limitations;

g. Failure to serve notice letters and/or documents necessary to preserve the statute of limitations applicable to an action based on medical negligence;

h. Failure to initiate litigation and/or file documents necessary to preserve the statute of limitations applicable to an action based on medical negligence;

24. Morgan & Morgan Defendants and The Gold Law Firm were negligent as follows:

a. Failure to evaluate Jennifer Miller as an attorney possessory of the knowledge, skills, abilities, and experience relating to the prosecution of complex personal injury cases such as Plaintiffs' case against Shiloh Market and Magnolia at all times material hereto including before, during and after employment;

b. Failure to evaluate and otherwise qualify the mental fitness of Jennifer Miller and continue to evaluate her mental fitness to handle deadline-oriented litigation comparable to that of Plaintiffs' claims against Shiloh Market and Magnolia;

c. Failure to monitor and otherwise supervise Jennifer Miller so as to prevent the negligent management and negligent prosecution of Plaintiffs' claims against Shiloh Market and Magnolia;

d. Failure to communicate with the predecessor and successor attorney(s) who undertook Plaintiffs' representation against Shiloh Market and Magnolia during relevant times when Plaintiffs' representation was involuntarily transferred from Morgan & Morgan Defendants to The Gold Law Firm;

e. Failure to evaluate, hire, supervise and otherwise monitor employees tasked with the management, calendaring, record keeping, and other clerical task normally required to competently prosecute and manage personal injury plaintiffs-practice comparable to the representation undertaken on behalf of Plaintiffs;

f. Failure to maintain a minimum docketing and calendaring system so as to prevent the missing of deadlines such as the missed deadline(s) and statute of limitations which resulted in Plaintiffs' Shiloh Market Complaint being dismissed and the expiration of the statute of limitations barring claims against Magnolia;

g. Failure to maintain necessary and appropriate policies and procedures designed to cause the proper engagement and disengagement of clients such as Plaintiffs;

h. Failure to maintain necessary and appropriate policies and procedures to ensure the timely collection and preservation of evidence in cases which arise out of the bodily injury of a another and/or cases such as Plaintiffs possible claims against Shiloh Market and Magnolia;

i. Failure to maintain proper policies and procedures for the hiring and termination of subordinate attorneys so as to prevent the negligent acts and omissions alleged

above and to promote fluid continuity of diligent and competent legal representation of Plaintiffs and others;

j. Failure to monitor and otherwise act on electronic filing deadlines and adhere to other obligations caused by the MEC system pursuant to Section §9-1-53 of the Mississippi Code in conjunction with Rule 5 of the Mississippi Rules of Civil Procedure, the Uniform Rules of Circuit and County Court Practice Rules 1.13 and 1.16, and the Administrative Procedures For Mississippi Electronic Courts;

k. Failure to act on and otherwise respond to communication(s) of Plaintiffs' adversary and its counsel which occurred during the litigation of the Shiloh Market Complaint including, but not limited to, multiple warnings regarding unanswered discovery;

l. Failure of Defendants confer among one another during the transition of Plaintiffs' legal representation from Morgan & Morgan Defendants to The Gold Law Firm;

m. Failure to communicate with Plaintiffs or otherwise furnish Plaintiffs critical status updates so that Plaintiffs could make informed decisions related to the prosecution of their claims, or lack thereof;

25. As a direct and proximate result of Defendants' legal malpractice, Plaintiffs have suffered the following damages:

a. Plaintiffs' claims against Shiloh Market for actual and special damages have been barred resulting in a loss of recovery equal to or greater than $1,200,000;

b. Plaintiffs' claims against Magnolia for actual and special damages have been barred resulting in a loss of recovery equal to or greater than $500,000;

c. Plaintiffs have endured severe mental pain in the past and will suffer the same in the future and said mental pain is substantial to the extent it approaches the dignity of a diagnosable mental disorder;

d. Plaintiffs have suffered the loss of enjoyment of life in the past and will suffer the same in the future; and

e. Plaintiffs have suffered hedonic damages and/or the loss of gratification, companionship, love and association with one another as husband and wife.

**COUNT TWO – BREACH OF CONTRACT- ALL DEFENDANTS**

26. Plaintiffs incorporate by reference all material allegations contained above.

27. A contract for legal services was formed between Defendants and Plaintiffs whereby Defendants agreed to perform good, valuable and effective legal services including, but not limited to, bringing, prosecuting and otherwise causing a collection of money in compensation for the injuries sustained by Plaintiffs as a result of the tortious acts and omissions of Shiloh Market and Magnolia. Morgan & Morgan Defendants jointly guaranteed Plaintiffs that Morgan & Morgan Defendants would investigate, develop and otherwise prosecute Plaintiffs' claims against Magnolia, if any, while maintaining an attorney client relationship with Plaintiffs by giving legal advice to both Nancy Mize and Charles Mize by rendering services calculated and designed to:

a. Recover actual damages and special damages on behalf of Nancy Mize for injuries sustained as a result of the negligent premises maintained by Shiloh Market;

b. Recover actual damages and special damages on behalf of Charles Mize for injuries sustained as a result of the spousal derivative claim arising out of Nancy's claims against Shiloh Market;

c. Investigate and render advice to Plaintiffs regarding the liability of Magnolia resulting from Nancy being dropped to floor while undergoing treatment for injuries sustained by the fall at Shiloh Market;

d. Recover actual damages and special damages on behalf of Charles Mize for injuries sustained as a result of the spousal derivative claim arising out of Nancy's claims against Magnolia;

e. Furnish all pertinent information to both Plaintiffs so that each Plaintiff might assist one another in all material decisions relating to both cases, that being claims against Shiloh Market and Magnolia;

28. Defendants knew, or through reasonable diligence should have known, that the contractual obligations above included timely investigation of Plaintiffs' claims, gathering of evidence, preservation of evidence, the filing of suit, minimal competency in participating in discovery, as well as adhering to the Mississippi Rules Of Civil Procedure.

29. As for Morgan & Morgan Defendants, said law firm lauds themselves to have accomplished "13 Billion Recovered For Our Clients" and that their staff comprises " 800+ attorneys [that] are prepared to present your case in the strongest terms at trial." See Exhibit B. Morgan & Morgan Defendants procured a contract of employment by and from Plaintiffs under the pretexts above and renewed said contract, or alternatively, provided Plaintiffs adequate assurance that all obligations under said contract would be performed, upon the termination of Miller. Despite those representations, Morgan And Morgan Defendants failed to assign one of their "800+ attorneys" to answer outstanding discovery owed by Plaintiffs or otherwise defend against Shiloh Market's dispositive motion filings alleging discovery violations. Even after assuring Plaintiffs that no breach of contract would occur, Morgan & Morgan Defendants communicated with Plaintiffs alleging that Morgan & Morgan Defendants were free to rescind

said contract and were exercising that right. At the only motion hearing during the Shiloh Market litigation, Jennifer Miller, acting individually and on behalf of Morgan & Morgan Defendants, stated that Morgan & Morgan Defendants caused Miller to breach the contractual obligations owed to Plaintiff for a long time during which discovery obligations remained ongoing. Miller also argued that Miller was negligently terminated and promptly ejected from the offices of Morgan & Morgan Defendants where Plaintiffs' file materials were maintained. Miller offered such testimony to further Miller's position that all Defendants were negligent in the handling of Plaintiffs' claims, and therefore, the trial court should not levy the draconian sanction upon Plaintiffs. Notwithstanding such arguments, the trial court found that no lesser sanction would suffice, and the appellate court affirmed the same. Later, Morgan & Morgan Defendants, who never disengaged Plaintiffs, failed to seek a writ of certiorari thereby ultimately barring Plaintiffs from recovery against Shiloh Market.

30. As for The Gold Law Firm, David Gold and The Gold Law Firm accepted Plaintiffs' representation upon Morgan & Morgan Defendants unlawfully declining to represent Plaintiffs in the Shiloh Market litigation. At the time the case came under the management of The Gold Law Firm, discovery was outstanding and an order to compel existed giving Plaintiffs thirty days to cure discovery deficiencies. Notwithstanding that procedural posture, The Gold Law Firm failed to file responsive pleadings to outstanding motions and otherwise cure outstanding discovery deficiencies. At the hearing mentioned above, Miller stated that The Gold Law Firm denied Miller minimal amenities sufficient to carry out the duties owed to Plaintiffs but commonly afforded to subordinate attorneys employed in Miller's capacity within the legal community of North Mississippi and its surrounding areas. Miller also stated that these acts/omissions exacerbated Miller's mental conditions created by Morgan & Morgan

Defendants, the cumulative effect of which directly and proximately caused Plaintiffs to suffer the draconian sanction.

31. As a direct and proximate result of Defendants' multiple breaches of contract mentioned above and aforementioned in this Amended Complaint, Plaintiffs have suffered injuries and damages below:

a. Plaintiffs' claims against Shiloh Market for actual and special damages have been barred resulting in a loss of recovery equal to or greater than $1,200,000;
b. Plaintiffs' claims against Magnolia for actual and special damages have been barred resulting in a loss of recovery equal to or greater than $500,000;
c. Plaintiffs have endured severe mental pain in the past and will suffer the same in the future and said mental pain is substantial to the extent it approaches the dignity of a diagnosable mental disorder;
d. Plaintiffs have suffered the loss of enjoyment of life in the past and will suffer the same in the future; and
e. Plaintiffs have suffered hedonic damages and/or the loss of gratification, companionship, love and association with one another as husband and wife.

**COUNT THREE- BREACH OF FIDUCIARY DUTY**

32. Plaintiffs incorporate by reference all material allegations contained above.

33. By reason of the attorney-client relationship existing between Plaintiffs and Defendants, certain fiduciary duties became the standard of conduct imposed on the Defendants all of which inured to the benefit of the Plaintiffs.

34. As the fiduciary of Nancy Mize and Charles Mize, all Defendants became obligated to perform the terms of the contract in good faith characterized by utmost fairness and

loyalty. The Defendants breached their fiduciary duty to Plaintiffs by failing to perform the terms of the contract as follows:

a. Failing to investigate the facts surrounding the multiple falls sustained by Nancy Mize and the claims arising from it;

b. Failure to immediately cause communication and/or legal proceedings to prevent the destruction and spoliation of evidence maintained by Shiloh Market, Magnolia and relevant third-parties;

c. Failure to file pleadings and other documents to prosecute the claims of Plaintiffs;

d. Failure to file pleadings and documents to protect the rights of Plaintiffs;

e. Failure to conduct and answer proper discovery required by the Mississippi Rules Of Civil Procedure;

f. Failure to investigate Nancy Mize's alleged medical negligence action before the expiration of the statute of limitations;

g. Failure to serve notice letters and/or documents necessary to preserve the statute of limitations applicable to an action based on medical negligence;

h. Failure to initiate litigation and/or file documents necessary to preserve the statute of limitations applicable to an action based on medical negligence;

i. Failure to evaluate Jennifer Miller as an attorney possessory of the knowledge, skills, abilities, and experience relating to the prosecution of complex personal injury cases such as Plaintiffs' case against Shiloh Market and Magnolia;

j. Failure to evaluate and otherwise qualify the mental fitness of Jennifer Miller and continue to evaluate her mental fitness to handle deadline-oriented litigation comparable to that of Plaintiffs' claims against Shiloh Market and Magnolia;

k. Failure to monitor and otherwise supervise Jennifer Miller so as to prevent the negligent management and negligent prosecution of Plaintiffs' claims against Shiloh Market and Magnolia;

l. Failure to communicate with the predecessor and successor attorney(s) who undertook Plaintiffs' representation against Shiloh Market and Magnolia during relevant times when Plaintiffs' representation was involuntarily transferred from Morgan & Morgan Defendants to The Gold Law Firm;

m. Failure to evaluate, hire, supervise and otherwise monitor employees tasked with the management, calendaring, record keeping, and other clerical task normally required to competently prosecute and manage personal injury plaintiffs-practice comparable to the representation undertaken on behalf of Plaintiffs;

n. Failure to maintain a minimum docketing and calendaring system so as to prevent the missing of deadlines such as the missed deadline(s) and statute of limitations which resulted in Plaintiffs' Shiloh Market Complaint being dismissed and the expiration of the statute of limitations barring claims against Magnolia;

o. Failure to maintain necessary and appropriate policies and procedures designed to cause the proper engagement and disengagement of clients such as Plaintiffs;

p. Failure to maintain necessary and appropriate policies and procedures to ensure collection and preservation of evidence relating to cases which arise out of negligence of another and/or the bodily injury of a another such as Plaintiffs' claims;

q. Failure to maintain proper policies and procedures for the hiring and termination of associate attorneys so as to prevent the negligent acts and omissions alleged above and promote competent continuity of representation of Plaintiffs;

r. Failure to monitor and otherwise act on electronic filing deadlines such as those generated by the filing of documents through the Mississippi Electronic Court System;

s. Failure to act on and otherwise respond to communications of Plaintiffs' adversary and its counsel which occurred during the litigation of the Shiloh Market Complaint;

t. Failure to confer among one another during the transition of Plaintiffs' representation from Morgan & Morgan Defendants to The Gold Law Firm as required by the applicable ethical rules;

u. Failure to communicate with Plaintiffs or otherwise furnish Plaintiffs critical status updates so that Plaintiffs could make informed decisions related to the prosecution of their claims, or lack thereof;

35. The duty of loyalty imposed on Defendants includes the duties of candor and disclosure. Defendants breached their duties as follows:

a. Failed the duty of candor by not informing Plaintiffs of the neglect in discovery and the impending draconian sanction;

b. Failed the duty of candor by not informing Plaintiffs of Miller's unfitness to practice law and otherwise render competent legal services to Plaintiffs;

c. Failed the duty of loyalty and candor by failing to investigate and disclose meritorious claims against Magnolia;

36. As a result of Defendants' breach of fiduciary duty, Plaintiffs have suffered damages as follows:

a. Plaintiffs' claims against Shiloh Market for actual and special damages have been barred resulting in a loss of recovery equal to or greater than $1,200,000;

b. Plaintiffs' claims against Magnolia for actual and special damages have been barred resulting in a loss of recovery equal to or greater than $500,000;

c. Plaintiffs have endured severe mental pain in the past and will suffer the same in the future and said mental pain is substantial to the extent it approaches the dignity of a diagnosable mental disorder;

d. Plaintiffs have suffered the loss of enjoyment of life in the past and will suffer the same in the future; and

e. Plaintiffs have suffered hedonic damages and/or the loss of gratification, companionship, love and association with one another as husband and wife.

**COUNT FOUR- NEGLIGENT SUPERVISION**

37. Plaintiffs incorporate by reference all material allegations contained above.

38. Morgan & Morgan Defendants and The Gold Law Firm each undertook the duty and responsibility of supervising Defendant Jennifer Miller in connection with Plaintiffs' claims against Shiloh Market and/or Magnolia. Defendants breached their duties to supervise and manage Jennifer Miller to the extent Miller was allowed to proceed as Plaintiffs' lead attorney before, during, and after Miller developed serious mental infirmities. Among other things, Morgan & Morgan Defendants and The Gold Law Firm Defendants failed to ensure that Miller did not:

a. ignore and fail to investigate all claims arising from the fall at Shiloh Market and the fall/drop at Magnolia;

b. ignore and fail to participate in discovery as required by the Mississippi Rules Of Civil Procedure;

c. ignore and fail to react to communications of Shiloh Market and its counsel;

d. ignore and fail to react to pleadings filed by Shiloh Market and its counsel including the failure to file responsive pleadings to dispositive matters;

e. ignore and fail to react to orders of the trial court compelling discovery;

f. fail to communicate vital information to Plaintiffs at important junctures in the Shiloh Market litigation;

g. ignore and fail to take action on or before the appliable statute of limitations which applied to the claims existing against Magnolia including a failure to send necessary tort-claim notices pursuant to the Mississippi Torts Claims Act;

h. ignore and fail to develop and safeguard relevant and probative evidence subject to immediate spoliation including, but not limited to, video footage of the events at Shiloh Market;

i. ignore and fail to develop the identity and knowledge of nonbiased third-party witnesses present at Shiloh Market and Magnolia;

j. ignore and fail to act in a diligent manner as it relates to the prosecution of Plaintiffs' claims;

k. ignore and fail to effectively communicate the scope of representation assumed by all Defendants at one point in time or another;

l. ignore and fail to prosecute the appeal of the dismissal of the Shiloh Market Complaint;

m. ignore and fail to accurately represent matters to the Mississippi Supreme Court;

39. As a result of Defendants' negligent supervision of Miller and others, Plaintiffs have suffered damages as follows:

a. Plaintiffs' claims against Shiloh Market for actual and special damages have been barred resulting in a loss of recovery equal to or greater than $1,200,000;

b. Plaintiffs' claims against Magnolia for actual and special damages have been barred resulting in a loss of recovery equal to or greater than $500,000;

c. Plaintiffs have endured severe mental pain in the past and will suffer the same in the future and said mental pain is substantial to the extent it approaches the dignity of a diagnosable mental disorder;

d. Plaintiffs have suffered the loss of enjoyment of life in the past and will suffer the same in the future; and

e. Plaintiffs have suffered hedonic damages and/or the loss of gratification, companionship, love and association with one another as husband and wife.

**COUNT FIVE- JOINT VENTURE LIABILITY**
**MORGAN & MORGAN DEFENDANTS AND JENNIFER MILLER**

40. Plaintiffs incorporate by reference all material allegations contained above.

41. Morgan & Morgan, PA, Morgan & Morgan PLLC, Morgan & Morgan, DBA, Morgan & Morgan Mississippi DBA, Morgan & Morgan Mississippi Management, Inc., Morgan & Morgan Memphis, LLC, Morgan & Morgan Memphis Management, Inc., John B. Morgan, Ultima Morgan, and Jennifer L. Miller "co-venturers" were engaged in a joint venture the existence of which provided for each co-venturer to profit from a single purpose and project. At all times material hereto, there existed a contract between the co-venturers, both express and inferred by actions, that vested each co-venturer with a valuable interest in personal injury claims such as that of Plaintiffs. Said agreement provided that one or more co-venturers would provide highly saturated direct-marketing designed to vest each co-venturer with a contingent interest in such claims while other co-venturers were responsible for undertaking the prosecution of such claims. Upon recovery for the client, the co-venturers would derive a common fund from which expenses would be shared resulting in a net profit to the co-venturers.

42. Plaintiffs are Mississippi citizens who were injured in a Mississippi supermarket who answered Morgan & Morgan Defendants' solicitation published and/or broadcast through Mississippi outlets. Morgan & Morgan Defendants procured a contract from Plaintiffs in a Mississippi hospital and subsequently filed suit in Mississippi. Jennifer Miller, as the agent of Morgan & Morgan Defendants, signed the Shiloh Market Complaint "Respectfully Submitted, MORGAN & MORGAN – MEMPHIS". Plaintiffs allege that the ad answered by Plaintiffs was procured at the direction of John and Ultima Morgan, was financed, in whole or in part, by funds procured and/or furnished by Morgan & Morgan Defendants domiciled in Mississippi, and that Morgan & Morgan Defendants domiciled in Tennessee undertook the obligation of rendering legal services to Plaintiffs. Plaintiffs allege that the facts above establish *prima facie* existence of a joint venture comprised of all Morgan & Morgan Defendants and Jennifer Miller.

43. Upon information and belief, a contract existed between Jennifer Miller and Morgan & Morgan Defendants which vested Jennifer Miller with a contingent interest in Plaintiffs' claims against Shiloh Market and Magnolia. The contractual interests of Jennifer Miller and Morgan & Morgan Defendants vested upon Plaintiffs entering into a contingency fee agreement with Morgan & Morgan Defendants thereby obligating Morgan & Morgan Defendants and Jennifer Miller, both jointly and severally, to undertake Plaintiffs' legal representation and carry out the same with due care, loyalty, diligence and a degree of expertise that should be possessed by Mississippi lawyers who laud themselves as "the best" at prosecuting such claims. See Exhibit C.

44. The co-venturers' gross deviation from the standard of care owed to Plaintiffs renders the co-venturers jointly and severally liable to Plaintiffs. As a result of the acts and omissions of the joint venture described above, Plaintiffs sustained the following damages:

a. Plaintiffs' claims against Shiloh Market for actual and special damages have been barred resulting in a loss of recovery equal to or greater than $1,200,000;

b. Plaintiffs' claims against Magnolia for actual and special damages have been barred resulting in a loss of recovery equal to or greater than $500,000;

c. Plaintiffs have endured severe mental pain in the past and will suffer the same in the future and said mental pain is substantial to the extent it approaches the dignity of a diagnosable mental disorder;

d. Plaintiffs have suffered the loss of enjoyment of life in the past and will suffer the same in the future;

e. Plaintiffs have suffered hedonic damages and/or the loss of gratification, companionship, love and association with one another as husband and wife.

**COUNT SIX-MISLEADING AND DECEPTIVE ADVERTISING**
**MORGAN & MORGAN DEFENDANTS**

45. Plaintiffs incorporate by reference all material allegations contained above.

46. Upon information and belief, Morgan & Morgan Defendants, expend in excess of $100,000,000 per year on advertising directly aimed at procuring pecuniary interests in claims such as Plaintiffs. Such advertising causes the common lay person to form the belief that Morgan & Morgan Defendants are actually Morgan & Morgan, PA, a highly centralized group of "800+ attorneys" functioning under the sole direction of John B. Morgan and his wife Ultima Morgan. Said advertisements omit that "Morgan & Morgan" is not a unified entity but a loose conglomerate of over 50 entities that function with partial, if not total, self-autonomy, thereby lacking the central control and organization conveyed by such advertisements. Morgan & Morgan Defendants' advertising campaign relies heavily on the call-to-action phrase "forthepoeple.com", which directs perspective clients to a website. When solicited persons visit

forthepeople.com, they are deceived to the extent they believe that there exist one centrally organized law firm directed by John Morgan and his family. Attached as cumulative Exhibit D are multiple examples of the forthepeople.com website depicting a high-rise office building located in different states. Each example displays the same office building. However, such a building does not exist at each location. In order to discover this deception, the website visitor must travel through several complex links which are intentionally designed to prevent the visitor from interacting with multiple geographic listings at once. This is by intentional design so the visitor will not discover Morgan & Morgan Defendants' piece-milled business structure. The intentional design and effect of forthepoeple.com coupled with Morgan & Morgan Defendants' advertising campaign deceives the potential client to believe that Morgan & Morgan Defendants are one centralized law firm with extravagant office buildings staffed with lawyers all under the centralized control of John Morgan. Said deceptive advertising prevailed upon Plaintiffs and Plaintiffs relied on the same to their detriment as explained below.

47. As set forth above, Morgan & Morgan Defendants terminated Jennifer Miller and communicated the same to Plaintiffs. Plaintiffs chose to remain the clients of Morgan & Morgan Defendants acting under the deception that one of the "800+" attorneys employed by Morgan & Morgan Defendants would immediately take up Plaintiffs' representation and cure any deficiencies created by Jennifer Miller. At that specific time, Plaintiffs' Shiloh Market Complaint and the related litigation was at a procedural posture that would have yielded Morgan & Morgan Defendants a chance of curing Miller's neglect or afforded Plaintiffs the ability to mitigate the circumstances by procuring new legal representation. Instead, Plaintiffs relied on Morgan & Morgan Defendants' misleading advertising to their detriment by forming the belief that Morgan & Morgan Defendants' "800+ attorneys [that] are prepared to present your case in the strongest terms at trial" would take up Plaintiffs' case. Instead, Morgan & Morgan

Defendants terminated the employment of one or more attorneys assigned to Plaintiffs' claims and removed said attorneys from their offices leaving no attorney to take up Plaintiffs' representation. But for these practices and contradicting deceptive advertising, Plaintiffs' Shiloh Market Complaint might have overcome the threat of the draconian sanction. Of importance, Plaintiffs did not learn of the facts of Morgan & Morgan Defendants' business structure and the mass-firing until approximately August 12, 2022.

48. Because of the misleading and deceptive advertising of Morgan & Morgan Defendants, Plaintiffs have sustained the following damages:

a. Plaintiffs' claims against Shiloh Market for actual and special damages have been barred resulting in a loss of recovery equal to or greater than $1,200,000;

b. Plaintiffs' claims against Magnolia for actual and special damages have been barred resulting in a loss of recovery equal to or greater than $500,000;

c. Plaintiffs have endured severe mental pain in the past and will suffer the same in the future and said mental pain is substantial to the extent it approaches the dignity of a diagnosable mental disorder;

d. Plaintiffs have suffered the loss of enjoyment of life in the past and will suffer the same in the future;

e. Plaintiffs have suffered hedonic damages and/or the loss of gratification, companionship, love and association with one another as husband and wife.

[space for formatting, next page please]

**COUNT SEVEN- PUNITIVE DAMAGES AS A REMEDY**

49. Plaintiffs incorporate by reference all material allegations contained above.

50. The conduct of all Defendants was intentional and willful, or at minimum, reckless. As a result, Defendants knew of this conduct, or at best, were reckless with regard to the acts and omissions set forth in this Amended Complaint. As for the applicable factors that need be addressed by the fact finder in determining punitive damages, Plaintiffs would allege as follows:

a. Morgan & Morgan Defendants' financial affairs, financial condition and net worth exceed one billion dollars;

b. The nature and reprehensibility of all Defendants' wrongdoing is substantial because Defendants have intentionally and recklessly abused their fiduciary relationship with Plaintiff, including the filing of false documents before the Mississippi Court Of Appeals;

c. Defendants were aware of the harm that could and would be caused to Plaintiffs with respect to their wrongful conduct;

d. Defendants' misconduct spanned over two years;

51. There is a serious public policy concern relating to the acts, omissions, deceit, and deception of Morgan & Morgan Defendants. The "For The People" advertising campaign continues today and is growing. An award of punitive damages should be imposed on Morgan & Morgan Defendants compelling them to bring the advertising campaign into conformity with the truth and in compliance with applicable ethical considerations. Further, punitive damages should be imposed as a deterrent to prevent Morgan & Morgan Defendants and others from engaging in like conduct in future so as to preserve the integrity of the legal profession and protect the lay public-at-large.

**PRAYER FOR RELIEF**

52. WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against all named Defendants on each Count of the Complaint and the following relief:

a. Issue service of process and serve each Defendant;

b. Grant any reasonable request to amend this Complaint to conform to the discovery and evidence obtained thus forward;

c. A jury be empaneled to try this Complaint;

d. Award Plaintiffs compensatory damages in an amount not less than $3,000,000.

e. Award punitive damages against each Defendant in an aggregate sum not less than $15,000,000;

f. Costs, fees and other applicable relief afforded to Plaintiffs pursuant to Mississippi Rules Of civil Procedure, Rule 54 *et seq*;

g. Prejudgment interest, post judgment interest reasonably calculated to restore Plaintiffs for the loss of use of the proceeds Plaintiffs were due pursuant to the claims alleged in the Shiloh Market Complaint and against Magnolia; and

h. All other relief that this Court finds appropriate in the premises.

Respectfully submitted,
Nancy Mize & Charles Mize

By: */s/ Matthew Wade Gilmer*
Matthew Wade Gilmer, MSB# 104685
John O. Windsor, MSB# 102155
ATTORNEYS FOR PLAINTIFFS

Attorneys For Plaintiffs:

MATTHEW WADE GILMER & ASSOCIATES, PLLC
507 Franklin Street, Corinth, MS 38834
Post Office Box 737, Iuka, MS 38852
P: 731-251-4300 F: 731-859-2178
E: matt@matthewgilmerlegal.com

John O. Windsor, Attorney At Law
602 East Waldron Street
Corinth, MS 38834
P: 662-872-0121
E: jw@windsorlaw.com

2020 1119

Prepped 4-13-22

Scanned ________

PLAINTIFF'S EXHIBIT

A

**IN THE SUPREME COURT OF MISSISSIPPI**

PAGES NUMBERED ________ VOLUME ___ of ___

EXHIBIT________

ELECTRONIC DISK X

Case #2020-CP-01119-COA

COURT APPEALED FROM : Circuit Court

COUNTY : Alcorn

TRIAL JUDGE : Michael Paul Mills Jr.

Nancy Mize and Charles Mize v. Shiloh Market, Inc.

D. Jeremy Whitmire, Clerk

TRIAL COURT # : CV2019-093

IN THE SUPREME COURT OF MISSISSIPPI

PAGES NUMBERED ________ VOLUME ___ of ___

EXHIBIT________

ELECTRONIC DISK ✓

Case #2020-CA-01119

COURT APPEALED FROM : Circuit Court

COUNTY : Alcorn

TRIAL JUDGE : Michael Paul Mills Jr.

Nancy Mize and Charles Mize v. Shiloh Market, Inc.

D. Jeremy Whitmire, Clerk

TRIAL COURT # : CV2019-093

# MANDATE
# COURT OF APPEALS OF THE STATE OF MISSISSIPPI

To the Alcorn County Circuit Court - GREETINGS:

In proceedings held in the Courtroom in the City of Jackson, Mississippi, the Court of Appeals of the State of Mississippi entered a judgment as follows:

Court of Appeals Case # 2020-CP-01119-COA
Trial Court Case #CV2019-093

Nancy Mize and Charles Mize v. Shiloh Market, Inc.

**Tuesday, 22nd day of March, 2022**
Affirmed. Appellants taxed with costs of appeal.

YOU ARE COMMANDED, that execution and further proceedings as may be appropriate forthwith be had consistent with this judgment and the Constitution and Laws of the State of Mississippi.

I, D. Jeremy Whitmire, Clerk of the Supreme Court of Mississippi and the Court of Appeals of the State of Mississippi, certify that the above judgment is a true and correct copy of the original which is authorized by law to be filed and is actually on file in my office under my custody and control.

Witness my signature and the Court's seal on April 12, 2022, A.D.

CLERK

# SUPREME COURT OF MISSISSIPPI
## APPEARANCE FORM

**A separate form must be completed for each attorney representing a party.**

Appellate Court Cause No.: 2020-TS-01119

Nancy Mize v. Shiloh Market, Inc.
*Short style of case*

The Clerk will enter my appearance as counsel of record for: Shiloh Market, Inc.
2036 E. Shiloh Road, Corinth, MS 38834
*Please list names and addresses of all parties represented.*

The party(s) I represent in this court are:

- ☐ Petitioner(s) ☐ Appellant(s) ☐ Amicus Curiae
- ☐ Respondent(s) ☑ Appellee(s) ☐ Intervenor

Please check one:

- ☑ I am a member in good standing of The Mississippi Bar.
- ☐ I am a foreign attorney allowed to participate in this matter *pro hac vice.**

By completing this form, I certify that the information listed below is my current contact information:

s/ Jared S. Renfroe (#105749)
*Signature / E-Signature*

(901) 522-2317
*Phone Number*

Spicer Rudstrom, PLLC
*Firm or Organization*

(901) 526-0213
*Facsimile Number*

119 South Main Street, Suite 700
*Mailing Address*

(901) 208-1025
*Mobile Phone Number*

Memphis, TN 38103
*City, State, and Zip Code*

Jrenfroe@spicerfirm.com
*Email Address*

NOTE: When more than one attorney represents a single party or group of parties, counsel should designate a lead counsel to whom all notification is to be sent, with the understanding that if other counsel should be informed he/she will perform that function. If lead counsel has not signed above, lead counsel must complete his/her own form for appearance of counsel. The person to be notified in this case is:

Edricke L. Peyton
*Name of Lead Counsel*

Inquiry of Counsel:

To your knowledge and that of your co-counsel from whom you are to make inquiry:

(1) Is there any case now pending in this court, which involves the same, substantially the same, similar or related issue(s)?

☐ Yes ☑ No

(2) Is there any such case now pending (a) in a circuit or chancery court in this state, or (b) in an administrative agency, board, or commission which would likely be appealed to this court?

☐ Yes ☑ No

(3) Is there any case such as (1) or (2) in which judgment or order has been entered and the case is on its way to this court by appeal, petition, or motion?

☐ Yes ☑ No

(4) Does this case qualify for calendaring priority under MRAP Rule 23? If so, cite type of case N/A

If the answer to (1), or (2) or (3) is yes, please give additional detailed information which should also include case number(s) and style of related case(s).

N/A

Name of court or agency: N/A

Status of appeal, if any: N/A

Other status, if not appealed: N/A

**IF A CRIMINAL APPELLANT IS OUT ON BOND, PLEASE PROVIDE THE NAMES AND ADDRESSES OF THE SURETIES.**

N/A

NOTE: You may attach an addendum to this form to provide the Court with further details.

If you are an MEC filing user, you must electronically file this Appearance Form utilizing the category "Correspondence" and the sub-category "Appearance Form." The attorney executing this Appearance Form is to electronically file the document utilizing that attorney's login and password as issued by MEC. Pursuant to Sec. 2C of the Appellate E-filing Administrative Procedures, an attorney's password issued by MEC combined with the user's login identification serves as the attorney's signature for Rule 46 and other purposes.

If you are filing in a sealed or confidential matter, the Appearance Form must be filed conventionally with the Clerk's Office as defined by Sec. 4 of the Appellate E-Filing Administrative Procedures.

**Pursuant to MRAP 45(c), amended effective July, 1, 2010, copies of opinions will not be mailed. Any opinion rendered may be found by visiting the Court's website at: https://courts.ms.gov, and selecting the appropriate date the opinion was rendered under the category "Decisions."**

* Please attach the order allowing the attorney to participate in this matter *pro hac vice.*

# SUPREME COURT OF MISSISSIPPI
## APPEARANCE FORM

**A separate form must be completed for each attorney representing a party.**

Appellate Court Cause No.: 2020-TS-01119

Nancy Mize v. Shiloh Market, Inc.
*Short style of case*

The Clerk will enter my appearance as counsel of record for: Shiloh Market, Inc.
2036 E. Shiloh Road, Corinth, MS 38834
*Please list names and addresses of all parties represented.*

The party(s) I represent in this court are:

☐ Petitioner(s) ☐ Appellant(s) ☐ Amicus Curiae
☐ Respondent(s) ☑ Appellee(s) ☐ Intervenor

Please check one:

☑ I am a member in good standing of The Mississippi Bar.

☐ I am a foreign attorney allowed to participate in this matter *pro hac vice*.*

By completing this form, I certify that the information listed below is my current contact information:

| | |
|---|---|
| s/ Edricke L. Peyton (MSB 102103)<br>*Signature / E-Signature* | (901) 522-2313<br>*Phone Number* |
| Spicer Rudstrom, PLLC<br>*Firm or Organization* | (901) 526-0213<br>*Facsimile Number* |
| 119 South Main Street, Suite 700<br>*Mailing Address* | (662) 501-0908<br>*Mobile Phone Number* |
| Memphis, TN 38103<br>*City, State, and Zip Code* | Epeyton@spicerfirm.com<br>*Email Address* |

NOTE: When more than one attorney represents a single party or group of parties, counsel should designate a lead counsel to whom all notification is to be sent, with the understanding that if other counsel should be informed he/she will perform that function. If lead counsel has not signed above, lead counsel must complete his/her own form for appearance of counsel. The person to be notified in this case is:

Edricke L. Peyton
*Name of Lead Counsel*

Inquiry of Counsel:

To your knowledge and that of your co-counsel from whom you are to make inquiry:

(1) Is there any case now pending in this court, which involves the same, substantially the same, similar or related issue(s)?

☐ Yes ☑ No

(2) Is there any such case now pending (a) in a circuit or chancery court in this state, or (b) in an administrative agency, board, or commission which would likely be appealed to this court?

☐ Yes ☑ No

(3) Is there any case such as (1) or (2) in which judgment or order has been entered and the case is on its way to this court by appeal, petition, or motion?

☐ Yes ☑ No

(4) Does this case qualify for calendaring priority under MRAP Rule 23? If so, cite type of case N/A

If the answer to (1), or (2) or (3) is yes, please give additional detailed information which should also include case number(s) and style of related case(s).

N/A

Name of court or agency: N/A

Status of appeal, if any: N/A

Other status, if not appealed: N/A

**IF A CRIMINAL APPELLANT IS OUT ON BOND, PLEASE PROVIDE THE NAMES AND ADDRESSES OF THE SURETIES.**

N/A

NOTE: You may attach an addendum to this form to provide the Court with further details.

If you are an MEC filing user, you must electronically file this Appearance Form utilizing the category "Correspondence" and the sub-category "Appearance Form." The attorney executing this Appearance Form is to electronically file the document utilizing that attorney's login and password as issued by MEC. Pursuant to Sec. 2C of the Appellate E-filing Administrative Procedures, an attorney's password issued by MEC combined with the user's login identification serves as the attorney's signature for Rule 46 and other purposes.

If you are filing in a sealed or confidential matter, the Appearance Form must be filed conventionally with the Clerk's Office as defined by Sec. 4 of the Appellate E-Filing Administrative Procedures.

**Pursuant to MRAP 45(c), amended effective July, 1, 2010, copies of opinions will not be mailed. Any opinion rendered may be found by visiting the Court's website at: https://courts.ms.gov, and selecting the appropriate date the opinion was rendered under the category "Decisions."**

* Please attach the order allowing the attorney to participate in this matter *pro hac vice.*

# SUPREME COURT OF MISSISSIPPI
## APPEARANCE FORM

**A separate form must be completed for each attorney representing a party.**

Appellate Court Cause No.: 2020-TS-01119

Nancy Mize v. Shiloh Market, Inc.
*Short style of case*

The Clerk will enter my appearance as counsel of record for: Nancy Mize and Charles Mize
5403 N. Shiloh Road, Corinth, MS 38834
*Please list names and addresses of all parties represented.*

The party(s) I represent in this court are:

☐ Petitioner(s) ☑ Appellant(s) ☐ Amicus Curiae
☐ Respondent(s) ☐ Appellee(s) ☐ Intervenor

Please check one:

☑ I am a member in good standing of The Mississippi Bar.

☐ I am a foreign attorney allowed to participate in this matter *pro hac vice.**

By completing this form, I certify that the information listed below is my current contact information:

Jennifer L. Miller
*Signature / E-Signature*

The Gold Law Firm
*Firm or Organization*

25 Dr. M.L. King, Jr. Ave., STE. 106
*Mailing Address*

Memphis, TN 38103-1626
*City, State, and Zip Code*

(901) 244-5004
*Phone Number*

(901) 405-0375
*Facsimile Number*

(901) 545-9569
*Mobile Phone Number*

jmiller@dgoldlaw.com
*Email Address*

NOTE: When more than one attorney represents a single party or group of parties, counsel should designate a lead counsel to whom all notification is to be sent, with the understanding that if other counsel should be informed he/she will perform that function. If lead counsel has not signed above, lead counsel must complete his/her own form for appearance of counsel. The person to be notified in this case is:

Jennifer L. Miller
*Name of Lead Counsel*

Inquiry of Counsel:

To your knowledge and that of your co-counsel from whom you are to make inquiry:

(1) Is there any case now pending in this court, which involves the same, substantially the same, similar or related issue(s)?

☐ Yes ☑ No

(2) Is there any such case now pending (a) in a circuit or chancery court in this state, or (b) in an administrative agency, board, or commission which would likely be appealed to this court?

☐ Yes ☑ No

(3) Is there any case such as (1) or (2) in which judgment or order has been entered and the case is on its way to this court by appeal, petition, or motion?

☐ Yes ☑ No

(4) Does this case qualify for calendaring priority under MRAP Rule 23? If so, cite type of case No

If the answer to (1), or (2) or (3) is yes, please give additional detailed information which should also include case number(s) and style of related case(s).

____________________

____________________

Name of court or agency: ____________________

Status of appeal, if any: ____________________

____________________

Other status, if not appealed: ____________________

____________________

**IF A CRIMINAL APPELLANT IS OUT ON BOND, PLEASE PROVIDE THE NAMES AND ADDRESSES OF THE SURETIES.**

____________________

____________________

____________________

____________________

NOTE: You may attach an addendum to this form to provide the Court with further details.

If you are an MEC filing user, you must electronically file this Appearance Form utilizing the category "Correspondence" and the sub-category "Appearance Form." The attorney executing this Appearance Form is to electronically file the document utilizing that attorney's login and password as issued by MEC. Pursuant to Sec. 2C of the Appellate E-filing Administrative Procedures, an attorney's password issued by MEC combined with the user's login identification serves as the attorney's signature for Rule 46 and other purposes.

If you are filing in a sealed or confidential matter, the Appearance Form must be filed conventionally with the Clerk's Office as defined by Sec. 4 of the Appellate E-Filing Administrative Procedures.

**Pursuant to MRAP 45(c), amended effective July, 1, 2010, copies of opinions will not be mailed. Any opinion rendered may be found by visiting the Court's website at: https://courts.ms.gov, and selecting the appropriate date the opinion was rendered under the category "Decisions."**

* Please attach the order allowing the attorney to participate in this matter *pro hac vice*.

**Supreme Court of Mississippi**
**Court of Appeals of the State of Mississippi**
*Office of the Clerk*

D. Jeremy Whitmire
Post Office Box 249
Jackson, Mississippi 39205-0249
Telephone: (601) 359-3694
Facsimile: (601) 359-2407

*(Street Address)*
450 High Street
Jackson, Mississippi 39201-1082

e-mail:sctclerk@courts.ms.gov

March 22, 2022

This is to advise you that the Mississippi Court of Appeals rendered the following decision on the 22nd day of March, 2022.

Court of Appeals Case # 2020-CP-01119-COA
Trial Court Case # CV2019-093

Nancy Mize and Charles Mize v. Shiloh Market, Inc.

Current Location:
5403 N. Shiloh Road
Corinth, MS 38834

Affirmed. Appellants taxed with costs of appeal.

* NOTICE TO CHANCERY/CIRCUIT/COUNTY COURT CLERKS *
If an original of any exhibit other than photos was sent to the Supreme Court Clerk and should now be returned to you, please advise this office in writing immediately.

**Please note: Pursuant to MRAP 45(c), amended effective July, 1, 2010, copies of opinions will not be mailed. Any opinion rendered may be found by visiting the Court's website at: https://courts.ms.gov, and selecting the appropriate date the opinion was rendered under the category "Decisions."**

**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**NO. 2020-CP-01119-COA**

**NANCY MIZE AND CHARLES MIZE** **APPELLANTS**

**v.**

**SHILOH MARKET, INC.** **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/03/2020 |
| TRIAL JUDGE: | HON. MICHAEL PAUL MILLS JR. |
| COURT FROM WHICH APPEALED: | ALCORN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | NANCY MIZE (PRO SE)<br>CHARLES MIZE (PRO SE) |
| ATTORNEYS FOR APPELLEE: | EDRICKE LEMOYNE PEYTON<br>JARED SEGER RENFROE |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 03/22/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., McCARTY AND SMITH, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1. A woman was allegedly injured after tripping over a broom in a supermarket, and she and her husband later sued for damages. The supermarket propounded discovery, but the couple never responded even though a court order compelled them to do so. Due to their failure to cooperate in discovery, the trial court dismissed their lawsuit. Because this sanction is within the discretion of the trial court, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. Nancy Mize claims she was injured after tripping over a broom at the Shiloh Market in Corinth, Mississippi. She and her husband filed a complaint against the supermarket. The

grocery store answered the complaint, and the next day propounded written discovery on the Mizes. A little over a month later, the parties discussed the matter and agreed to extend the time for the Mizes to respond to discovery by one more month.

¶3. Despite the agreed-upon extension, the Mizes still did not respond. Shiloh Market consulted with the attorney for the Mizes, who acknowledged that the responses were overdue, and said she would have them done soon. Weeks passed, and there was still no response. So Shiloh Market filed a motion to compel the Mizes to respond to written discovery.

¶4. The motion resulted in an agreement between the parties, which the trial court formalized as a Consent Order. The Consent Order on the defendant's motion to compel required the couple to provide responses to the discovery requests. The order held that "Plaintiffs *shall* respond to Defendant's Interrogatories and Requests for Production to Plaintiffs by March 16, 2020." (emphasis added).

¶5. Despite the clear deadline in the Court's order and the passage of months since the discovery was originally propounded, the Mizes still did not respond.

¶6. Roughly a month later, the attorney for Shiloh Market emailed the Mizes' attorney to let her know that the company would file a motion to compel and for sanctions if the discovery responses were not received. The Mizes' attorney failed to respond. Counsel for the supermarket again emailed the Mizes' attorney to discuss the past-due discovery responses. In this email, the lawyer for the store explained to the Mizes' attorney that they "have no other choice than to file a Motion with the Court."

¶7. At this point, the Mizes still had not responded to discovery despite their counsel saying she was "99% finished" with it. Shiloh Market subsequently filed its renewed motion to compel and for sanctions.

¶8. A few months after the motion was filed, the trial court dismissed all the Mizes' claims. In its order, the trial court pointed out the fact that the Mizes completely failed to answer discovery. At the time of the dismissal, the couple still had not responded.

¶9. Afterwards, the couple asked the court to reconsider. For the first time, they argued that they were not given notice that the court was considering dismissing their case, and the ongoing discovery delay was due to their attorney, who had changed firms, had technical issues setting up a home office during the COVID-19 pandemic, and experienced mental health and other wellness issues. They further argued that the court did not consider lesser sanctions before dismissing their case.

¶10. The trial court denied the motion, and the couple proceeded pro se, timely filing their notice of appeal.

**STANDARD OF REVIEW**

¶11. "The decision to impose sanctions for discovery abuse is vested in the trial court's discretion." *Pierce v. Heritage Props. Inc.*, 688 So. 2d 1385, 1388 (Miss. 1997). "The provisions for imposing sanctions are designed to give the court great latitude." *Id.* "The power to dismiss is inherent in any court of law or equity, being a means necessary to orderly expedition of justice and the court's control of its own docket." *Id.* "Nevertheless, the trial court should dismiss a cause of action for failure to comply with discovery only under the

most extreme circumstances." *Id.* "Such dismissals by the trial court are reviewed under an abuse of discretion standard." *Id.*

¶12. "When this Court reviews a decision that is within the trial court's discretion, it first asks if the court below applied the correct legal standard." *City of Jackson v. Rhaly*, 95 So. 3d 602, 607 (¶10) (Miss. 2012). "If the trial court applied the right standard, then this Court considers whether the decision was one of several reasonable ones which could have been made." *Id.* "This Court will affirm a trial court's decision unless there is a 'definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors.'" *Id.* (quoting *Amiker v. Drugs for Less Inc.*, 796 So. 2d 942, 948 (¶24) (Miss. 2000)).

**ANALYSIS**

**I. The trial court did not abuse its discretion by dismissing the Mizes' case.**

¶13. The Mizes contend that the trial court's dismissal of their case was the result of a "breach of fiduciary duty owed to them by their counsel" and not due to any misconduct or conduct by the Mizes themselves. The couple argues they timely provided their attorney with information to complete their discovery responses and that "it was the grave mistake of their previous counsel that caused their claims to be dismissed." In their view, an "extraordinary circumstance and/or mistake/misconduct is the primary cause for the dismissal of [their] claim at the trial court level," so we should reverse and reinstate their complaint.

¶14. In dismissing the claims by the Mizes, the trial court relied on Mississippi Rule of Civil Procedure 37(b), along with its discretionary authority to "protect the integrity of the

judicial process." *Pierce*, 688 So. 2d at 1388. Rule 37 is the enforcement mechanism of discovery in our Rules of Civil Procedure. "In summary, these rules give the trial court the power to impose just and appropriate sanctions for failure to comply with an order to provide or permit discovery." *Id.* at 1388. "[T]he court may impose upon any party or counsel such sanctions as may be just, including the payment of reasonable expenses and attorneys' fees, if any party or counsel . . . . abuses the discovery process in seeking, making or resisting discovery." M.R.C.P. 37(e).

¶15. The Mississippi Supreme Court has "empowered trial courts with the discretionary authority to sanction, including the authority to dismiss an action[.]" *Ashmore v. Miss. Auth. on Educ. Television*, 148 So. 3d 977, 981 (¶10) (Miss. 2014). The Supreme Court "has found that those justified sanctions include the 'death penalty' of a civil action—dismissal with prejudice—when the deterrent value of Rule 37 cannot be achieved by the use of less drastic sanctions." *May v. Austin ex rel. Austin*, 240 So. 3d 389, 393 (¶14) (Miss. 2018) (internal quotation mark omitted).

¶16. The Supreme Court first established a case could be dismissed for a discovery violation in *Pierce*, 688 So. 2d at 1388-92. In that case, our Supreme Court analyzed the application of Rule 37 and the appropriateness of dismissal as a sanction. *Id.* The plaintiff was injured when a ceiling fan in her apartment fell onto her. *Id.* at 1387. Throughout discovery, and even at trial, Pierce swore she was alone when the fan fell from the ceiling. *Id.* However, the defendants discovered via an anonymous phone call after the first trial that Pierce was not alone when the accident occurred and that there was an unknown witness to

what happened. *Id.* at 1398. The circuit court found that Pierce's "intentional presentation of false testimony warranted the sanction of dismissal with prejudice[.]" *Id.* In affirming, the *Pierce* Court held it would remain reluctant to "uphold the sanction of dismissal (the 'death penalty')[,]" yet the Court did so only because of "the paradigm situation in which the plaintiff knowingly refused to be forthcoming and actively withheld the truth from the court . . . ." *Id.* at 1391.

¶17. Our precedent has instituted a test and factors to be considered when determining if the trial court's decision to impose sanctions for discovery violations is proper. *Young v. Merritt*, 40 So. 3d 587, 589-90 (¶10) (Miss. Ct. App. 2009). The factors are:

> (1) whether the discovery violation resulted from willfulness or an inability to comply; (2) whether the deterrent value of Mississippi Rule of Civil Procedure 37 could not have been achieved through lesser sanctions; (3) whether the other party's trial preparation has been prejudiced; (4) whether the failure to comply is attributable to the party itself, or their attorney; and (5) whether the failure to comply was a consequence of simple confusion or a misunderstanding of the trial court's order.

*Id.*

¶18. In *Young*, we affirmed a dismissal with prejudice where the plaintiff never responded to discovery—and critically, did not respond after an order compelling the responses. *Id.* at 588-90 (¶¶3-5, 11-12). "While dismissal with prejudice should only be used as a last resort, it is within the trial court's discretion to dismiss the case with prejudice if a party fails to comply with an order to compel." *Id.* at 590 (¶11).

¶19. *Young* is strikingly similar to the instant case. First, Shiloh Market filed a motion to compel the Mizes' responses to discovery because the couple failed to respond to discovery

for three months. Like the parties in *Young* who agreed to an order dismissing the case with prejudice, the Mizes also agreed to a Consent Order. As a result, the Mizes were required to respond to discovery at a later date. This was no flexible deadline, but rather a definite and firm one clearly expressed by the trial court—"Plaintiffs *shall* respond to Defendant's Interrogatories and Requests for Production to Plaintiffs by March 16, 2020." (emphasis added). The deadline set by the trial court came and went, and the Mizes still did not respond to discovery. Indeed, the Mizes *never* responded to discovery in any fashion.

¶20. As set out above, it is within a trial court's discretion to dismiss with prejudice when a party fails to comply with a court ordered deadline to respond to discovery. *Id.* at 590 (¶12). This is in accord with multiple other cases where our appellate courts have upheld dismissals with prejudice when a party utterly fails to cooperate in discovery. *See Hillman v. Weatherly*, 14 So. 3d 721, 727-28 (¶¶21-25) (Miss. 2009) (the trial court's dismissal of former client's legal malpractice complaint against attorney was not an abuse of discretion when former client did not respond to attorney's discovery requests for three years); *Beck v. Sapet*, 937 So. 2d 945, 949-51 (¶¶8-14) (Miss. 2006) (dismissal with prejudice of breach of contract complaint based on homeowners' failure to comply with discovery orders was not an abuse of discretion); *Buckley v. Singing River Hosp.*, 146 So. 3d 365, 372 (¶20) (Miss. Ct. App. 2013) (holding "[r]epeated failures to comply with discovery requests warrant dismissal with prejudice"). On the other end of the spectrum, we have held dismissal to be too strong a punishment when a pro se plaintiff filed her discovery responses only one day too late. *See Harvey v. Stone Cnty. Sch. Dist.*, 862 So. 2d 545, 550-51 (¶¶12-18) (Miss. Ct. App. 2003)

(finding dismissal with prejudice too harsh a sanction when pro se high school cheerleader's discovery response was served one day late after court-ordered deadline). In sum, these cases demonstrate the peril of failing to cooperate in discovery.

¶21. In accord with *Young* and the cases set out above, the trial court was within its discretion to dismiss the Mizes' case as a sanction for violating the rules of discovery. As detailed above, the Mizes refused to cooperate with the discovery process and violated a court order compelling their responses. We affirm the trial court's dismissal.[1]

### II. The trial court did not abuse its discretion in denying the Plaintiffs' Rule 60 motion.

¶22. In their second issue, the Mizes claim they had no notice that their case could have been dismissed for failure to cooperate in discovery. They proceed to claim that "[a]t no time did [they know] that Shiloh Market sought to dismiss all of their claims for discovery violations." In their reply brief, the Mizes hone in on the fact that they personally had no part in "their counsel's willful failure to complete discovery." The Mizes claim "the sole basis for the dismissal was due to [their] previous counsel's discovery violations, i.e., her failure to submit Plaintiffs' completed discovery responses."

---

[1] The trial court never explicitly specified whether the dismissal was *with* or *without* prejudice. In cases where complaints are dismissed due to a lack of prosecution, a dismissal is construed as with prejudice unless it otherwise specifically stated. *See Taylor v. Gen. Motors Corp.*, 717 So. 2d 747, 748 (¶5) (Miss. 1998). As the Supreme Court held in that case, "[u]nless otherwise specifically ordered by the court, an involuntary dismissal under Rule 41(b) ordinarily operates as an adjudication upon the merits and is with prejudice." *Id.*

Given this analogous support, we interpret the trial court's dismissal of the Mizes' case for failure to comply with Rule 37 as a dismissal *with* prejudice. This conclusion is bolstered by the trial court's denial of the motion to reconsider, in which it noted that there were no lesser sanctions which would suffice given the Mizes' failure to comply with the order compelling discovery responses, or indeed, to ever respond to discovery at all.

¶23. Rule 60 motions allow a trial court to reexamine a decision to address "accident or mistake," "newly discovered evidence," and "any other reason justifying relief from the judgment," among other remedies. M.R.C.P. 60(b)(1), (3), (6). "Rule 60(b) motions are generally addressed to the sound discretion of the trial court, and appellate review is limited to whether that discretion has been abused." *Palmer v. Grand Casinos of Miss. Inc.*, 744 So. 2d 745, 746 (¶3) (Miss. 1999). "Rule 60(b) is not an escape hatch for litigants who had procedural opportunities afforded under other rules and who without cause failed to pursue those procedural remedies." *Id.* "Rule 60(b) is designed for the extraordinary, not the common place." *Id.*

¶24. "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances, and that neither ignorance nor carelessness on the part of an attorney will provide grounds for relief." *Stringfellow v. Stringfellow*, 451 So. 2d 219, 221 (Miss. 1984). "[G]ross negligence, ignorance of the rules, or ignorance of the law is not enough." *Id.* " [R]elief from a judgment is not to be granted under Rule 60(b) simply because its entry may have resulted from *incompetence or ignorance* on the part of an attorney employed by the party seeking relief." *Id.* (emphasis in original).

¶25. In their Rule 60(b) motion, the Mizes asserted for the first time that the discovery violations were not willful, but rather due to the fact that their attorney changed firms, had technical issues setting up her home office during the COVID-19 pandemic, and experienced mental health and other wellness issues. The Mizes' attorney later admitted that during the time discovery was due, she struggled with lethargy, insomnia, loneliness, and had difficulty

completing personal and professional tasks.

¶26. In its order dismissing the case, the trial court pointed out that, "[p]laintiffs ignored the Mississippi Rules of Civil Procedure; they ignored repeated deadlines set by agreement with defense counsel; and they ignored deadlines pursuant to an order from this Court." The trial court noted that "[t]heir ongoing failure to provide discovery responses is harmful and unnecessarily unfair to Defendant . . . ." And finally, the trial court concluded that the Mizes' "excuses for failing to respond to discovery do not rise to the level of 'exceptional circumstances' to warrant setting aside the judgment of dismissal pursuant to Rule 60(b)."

¶27. As the trial court noted in its order, discovery had been outstanding for a year and a half despite a court order compelling the plaintiffs to respond. While we acknowledge the difficult circumstances the Mizes' counsel experienced, they do not meet the "exceptional circumstances" criteria that would justify reversing the trial court's decision.

¶28. As our Supreme Court has stated, "[w]hile the end result in today's case may appear to be harsh, litigants must understand that there is an obligation to timely comply with the orders of our trial courts." *Bowie v. Montfort Jones Mem'l Hosp.*, 861 So. 2d 1037, 1043 (¶16) (Miss. 2003). "[T]he parties must take seriously their duty to comply with court orders." *Id.* "At some point the train must leave." *Id.* In this case, the trial court was within its discretion to find that the train had left.

**CONCLUSION**

¶29. Because the Mizes failed to cooperate in the discovery process, we find that the trial court did not abuse its discretion by dismissing their case pursuant to Rule 37. We also find

the trial court did not err in denying the Mizes' Rule 60(b) motion.

¶30. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR. WESTBROOKS AND McDONALD, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

**Supreme Court of Mississippi**
**Court of Appeals of the State of Mississippi**
*Office of the Clerk*

D. Jeremy Whitmire
Post Office Box 249
Jackson, Mississippi 39205-0249
Telephone: (601) 359-3694
Facsimile: (601) 359-2407

*(Street Address)*
450 High Street
Jackson, Mississippi 39201-1082

e-mail:sctclerk@courts.ms.gov

October 19, 2021

Nancy Mize and Charles Mize

v.

Shiloh Market, Inc.

Case # 2020-CP-01119-COA

## NOTICE

Please take notice that the clerk's office is in receipt of a Reply Brief filed conventionally by the Appellant in the above-referenced matter on today's date. It is now viewable online at the following link: http://courts.ms.gov. If you need further assistance, please contact the clerk's office at (601) 359-3694.

CLERK

mls
cc: Parties / Pro Se

**Serial: 238873**

**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**No. 2020-CP-01119-COA**

***NANCY MIZE AND CHARLES MIZE*** ***Appellants***

***v.***

***SHILOH MARKET, INC.*** ***Appellee***

**ORDER**

This matter comes before the panel of Wilson, P.J., Westbrooks and McDonald, JJ., on the appellants' pro se motion for a fifteen-day extension of time to file the appellants' reply brief. This is the appellants' second motion for time. The motion was timely filed on September 29, 2021, within the deadline set by the Mississippi Clerk of Appellate Courts upon granting the appellants' first motion for time. The motion is well taken.

IT IS THEREFORE ORDERED that the appellants' motion for time to file a reply brief is granted. The appellants' reply brief is due within fifteen days of the entry of this order.

**DIGITAL SIGNATURE**
**Order#:** 238873
**Sig Serial:** 100004435
**Org:** COA
**Date:** 10/07/2021

Jack L. Wilson, Presiding Judge

ORIGINAL

IN THE SUPREME COURT OF MISSISSIPPI
No. 2020-CA-01119 COA

NANCY MIZE AND CHARLES MIZE — APPELLANTS

FILED
SEP 28 2021
OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

v.

SHILOH MARKET, INC. — APPELLEE

## MOTION FOR AN EXTENSION OF TIME TO FILE APPELLANT REPLY BRIEF

COMES NOW Appellants, NANCY MIZE AND CHARLES MIZE, pro se, and file this their *Motion for an Extension of Time to File Appellants' Brief* and would state in support thereof the following:

1.

On August 11, 2021, Appellee Shiloh Market, Inc. filed its Appellee Brief in this Honorable Court. According to this Order, Appellants' Reply Brief is due on or about September 29, 2021.

2.

Appellants state that there has not been sufficient time to adequately complete their Appellants' Brief in this case. Thus, Appellants' request fifteen (15) additional days in which to file the Appellants' Reply Brief.

3.

Appellee will suffer no prejudice if Appellants are granted an extension of time ot complete and file the Appellants' Reply Brief. Further, this request is not an attempt at delay, but rather to ensure that the Appellants will have a full and fair hearing and the opportunity to adequately and thoroughly complete the brief.

MOTION# 2021 2790

WHEREFORE, PREMISES CONSIDERED, Appellants, pro se, move this Court for an additional fifteen (15) days from the current deadline date in which to complete and file their Appellants' Reply Brief in this case.

Respectfully submitted, this the 29th day of September, 2021.

NANCY MIZE AND CHARLES MIZE, Appellants

By: ______________________________

Nancy Mize, Pro Se
Charles Mize, Pro Se
5403 N. Shiloh Road
Corinth, MS 38834

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will operate to provide notice of this filing to ***all counsel of record*** in this case. This the 29th day of September, 2021.

Nancy Mize / Charles T Mize

Nancy Mize, Pro Se
Charles Mize, Pro Se

**Holmes, Rusty W.**

**From:** efiling@courts.ms.gov on behalf of Clerks Office E-Notice <"Clerks OfficeE-Notice"@mx05.state.ms.us>
**Sent:** Tuesday, September 07, 2021 1:49 PM
**To:** (Clerks Office)
**Subject:** Activity in Case 2020-CP-01119-COA Nancy Mize v. Shiloh Market, Inc. Notice of Auto Court Assignment

# STATE OF MISSISSIPPI JUDICIARY

*Administrative Office of Courts*

## D. Jeremy Whitmire, Clerk

*Clerk of Appellate Courts*

**Mississippi Supreme Court and Court of Appeals**

***This is an automatic e-mail message. Please DO NOT RESPOND to this e-mail because the mail box is unattended.***

## CLERK'S NOTICE

This document was generated by the Mississippi Supreme Court Clerk's Office. The document(s) may be viewed on the case docket link(s) below.

## 2020-CP-01119-COA

*Nancy Mize v. Shiloh Market, Inc.*

**Notice of Auto Court Assignment**

## DOCUMENT SENT:

Notice of Assignment to Court of Appeals

## NOTICE HAS BEEN ELECTRONICALLY MAILED TO:

**Edricke LeMoyne Peyton (Lead Counsel)**
epeyton@spicerfirm.com, msanders@spicerfirm.com

**Jared Seger Renfroe (Attorney)**
Jrenfroe@spicerfirm.com, msanders@spicerfirm.com

## PARTIES TO THE CASE:

**Nancy Mize (Appellant)**
**Charles Mize (Appellant)**
**Shiloh Market, Inc. (Appellee)**

On June 6, 2013, the Supreme Court amended Rule 25 of the Mississippi Rules of Appellate Procedure and adopted the Appellate E-Filing Administrative Procedures. These procedures govern appellate e-filing in the Supreme Court of Mississippi and the Court of Appeals of the State of Mississippi. Beginning July 1, 2013, attorneys may file documents electronically in either appellate court. Appellate e-filing shall be mandatory in both Courts beginning January 1, 2014.

The document(s) described above have been docketed in the current Supreme Court docketing system and do not need to be filed conventionally. Until further notice, the Supreme Court Clerk will

maintain the docketing system presently in use in their office and maintain all case files and court records.

You may visit http://courts.ms.gov/mec/mec.php for further updates related to the project. For technical support, please contact the MEC help desk at (601)576-4650 or send an e-mail to helpdesk@mec.ms.gov.

Confidentiality Note: The information contained in this email and/or document(s) attached is for the exclusive use of the individual named above and may contain confidential, privileged and non-disclosable information. If you are not the intended recipient, you are hereby notified that you are strictly prohibited from reading, photocopying, distributing or otherwise using this e-mail or its contents in any way. If you have received this transmission in error, please notify helpdesk@mec.ms.gov immediately.

**Supreme Court of Mississippi**
**Court of Appeals of the State of Mississippi**
*Office of the Clerk*

D. Jeremy Whitmire
Post Office Box 249
Jackson, Mississippi 39205-0249
Telephone: (601) 359-3694
Facsimile: (601) 359-2407

*(Street Address)*
450 High Street
Jackson, Mississippi 39201-1082

e-mail:sctclerk@courts.ms.gov

September 7, 2021

Nancy Mize and Charles Mize

v.

Shiloh Market, Inc.

Case # 2020-CP-01119-COA

## NOTICE

The above styled case has been assigned to the Court of Appeals for the State of Mississippi. Pursuant to Mississippi Rules of Appellate Procedure 32 (b), documents filed after notice of assignment to the Court of Appeals shall be captioned with the name of that court. All filings shall be filed with the Clerk of the Court.

If you have any questions, please contact the Clerk's Office for the Supreme Court and Court of Appeals at 601-359-3694.

/rwh

CLERK

**Supreme Court of Mississippi**
**Court of Appeals of the State of Mississippi**
*Office of the Clerk*

D. Jeremy Whitmire
Post Office Box 249
Jackson, Mississippi 39205-0249
Telephone: (601) 359-3694
Facsimile: (601) 359-2407

*(Street Address)*
450 High Street
Jackson, Mississippi 39201-1082

e-mail:sctclerk@courts.ms.gov

August 25, 2021

Nancy Mize
5403 N. Shiloh Road
Corinth, MS 38834

## NOTICE

Re: Nancy Mize v. Shiloh Market, Inc.
Supreme Court # 2020-CP-01119

In response to your request, please be advised that the Court has **granted** the motion for extension of time to file the Appellant's Reply Brief. This brief is presently due on 09/29/2021. No further extension will be granted unless agreed to by the opposing parties or counsel, and any further requests for an extension of time may be subject to sanctions.

D. J. Whitmire

**CLERK**

mls

c: all counsel

IN THE SUPREME COURT OF MISSISSIPPI
No. 2020-CA-01119

FILED
AUG 25 2021
OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

NANCY MIZE AND CHARLES MIZE — APPELLANTS

v. — MOTION# 2021-2410

SHILOH MARKET, INC. — APPELLEE

---

**MOTION FOR AN EXTENSION OF TIME TO FILE APPELLANT REPLY BRIEF**

---

COMES NOW Appellants, NANCY MIZE AND CHARLES MIZE, pro se, and file this their *Motion for an Extension of Time to File Appellants' Brief* and would state in support thereof the following:

1.

On August 11, 2021, Appellee Shiloh Market, Inc. filed its Appellee Brief in this Honorable Court. According to this Order, Appellants' Reply Brief is due on or about August 30, 2021.

2.

Appellants state that there has not been sufficient time to adequately complete their Appellants' Brief in this case. Thus, Appellants' request thirty (30) additional days in which to file the Appellants' Reply Brief.

3.

Appellee will suffer no prejudice if Appellants are granted an extension of time ot complete and file the Appellants' Reply Brief. Further, this request is not an attempt at delay, but rather to ensure that the Appellants will have a full and fair hearing and the opportunity to adequately and thoroughly complete the brief.

WHEREFORE, PREMISES CONSIDERED, Appellants, pro se, move this Court for an additional thirty (30) days from the current deadline date in which to complete and file their Appellants' Reply Brief in this case.

Respectfully submitted, this the 25th day of August, 2021.

**NANCY MIZE AND CHARLES MIZE, Appellants**

**By:** ______________________
Nancy Mize, Pro Se
Charles Mize, Pro Se
5403 N. Shiloh Road
Corinth, MS 38834

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will operate to provide notice of this filing to ***all counsel of record*** in this case. This the 25th day of August, 2021.

______________________
Nancy Mize, Pro Se
Charles Mize, Pro Se

AUG. 25. 2021 1:20PM NORTHEAST LIBRARY NO. 020 P. 3

601- 359- 2407

Attn J. Whitmore

2020-CP-01119

**Phillips, Amanda M.**

| | |
|---|---|
| **From:** | efiling@courts.ms.gov on behalf of Attorney E-Filing Notice <efiling@courts.ms.gov> |
| **Sent:** | Wednesday, August 11, 2021 8:56 AM |
| **To:** | (Clerks Office) |
| **Subject:** | Activity in Case 2020-CA-01119 Nancy Mize v. Shiloh Market, Inc. Appellee's Brief |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

**D. Jeremy Whitmire, Clerk**
**Mississippi Supreme Court and Court of Appeals**
**NOTICE OF ELECTRONIC CASE FILING**

**On June 6, 2013, the Supreme Court amended Rule 25 of the Mississippi Rules of Appellate Procedure and adopted the Appellate E-Filing Administrative Procedures. These procedures govern appellate e-filing in the Supreme Court of Mississippi and the Court of Appeals of the State of Mississippi. Beginning July 1, 2013, attorneys may file documents electronically in either appellate court. Appellate e-filing shall be mandatory in both Courts beginning January 1, 2014.**

**The document described below has been docketed in the current Supreme Court docketing system and does not need to be filed conventionally. Until further notice, the Supreme Court Clerk will maintain the docketing system presently in use in their office and maintain all case files and court records.**

**You may visit https://courts.ms.gov/mec/mec.php for further updates related to the project. For technical support, please contact the MEC help desk at 601-576-4650 or send an e-mail to helpdesk@mec.ms.gov.**

**Mississippi Electronic Courts**

**Notice of Electronic Filing**

**Your document has been submitted to the Mississippi Supreme Court Clerks Office.**
**Once the submitted document has been processed (5-10 minutes), it may be viewed on the case docket link(s) below.**

The following transaction was entered by Edricke L. Peyton on 08/11/2021 at 08:55 AM CDT.

| | |
|---|---|
| **Case Name:** | Nancy Mize v. Shiloh Market, Inc. |
| **Case Number:** | 2020-CA-01119 |
| **Filer(s):** | Shiloh Market, Inc. |
| **Document Filed:** | Appellee's Brief filed on behalf of Shiloh Market, Inc. |

**2020-CA-01119 Notice has been electronically mailed to:**

| | |
|---|---|
| Edricke L. Peyton | epeyton@spicerfirm.com, msanders@spicerfirm.com |
| Jared S. Renfroe | Jrenfroe@spicerfirm.com, msanders@spicerfirm.com |

**2020-CA-01119 Parties to the Case:**

Nancy Mize(Appellant)
Charles Mize(Appellant)
Shiloh Market, Inc.(Appellee)

**The following document(s) are associated with this transaction:**

**Document description:** Main Document
**Original filename:** Appellee's Brief 8-11-21.pdf
**Electronic document Stamp:**
[STAMP [Date=2021-08-11][FileNumber=56646-0][c825be6caaaef52d695ac06996eedcc4f3d0f87afc14c7f46fc5f031811426c364f7a873fe20402dca55e4a705b36d7f7516976cc

**Supreme Court of Mississippi**
**Court of Appeals of the State of Mississippi**
*Office of the Clerk*

D. Jeremy Whitmire
Post Office Box 249
Jackson, Mississippi 39205-0249
Telephone: (601) 359-3694
Facsimile: (601) 359-2407

*(Street Address)*
450 High Street
Jackson, Mississippi 39201-1082

e-mail:sctclerk@courts.ms.gov

July 30, 2021

Nancy Mize and Charles Mize

v.

Shiloh Market, Inc.

Case # 2020-CA-01119

**NOTICE**

Please take notice that the clerk's office is in receipt of the corrected appellant's pro se brief, and it is now viewable online at the following link: http://courts.ms.gov.

If you need further assistance, please contact the clerk's office at (601) 359-3694.

D. Whitmire

**CLERK**

ew
cc: All Counsel of Parties / Pro Se

# Supreme Court of Mississippi
# Court of Appeals of the State of Mississippi
*Office of the Clerk*

D. Jeremy Whitmire
Post Office Box 249
Jackson, Mississippi 39205-0249
Telephone: (601) 359-3694
Facsimile: (601) 359-2407

*(Street Address)*
450 High Street
Jackson, Mississippi 39201-1082

e-mail:sctclerk@courts.ms.gov

July 20, 2021

Nancy Mize and Charles Mize

v.

Shiloh Market, Inc.

Case # 2020-CA-01119

## NOTICE

Please take notice that the clerk's office is in receipt of the appellant's pro se brief, and it is now viewable online at the following link: http://courts.ms.gov.

If you need further assistance, please contact the clerk's office at (601) 359-3694.

D. J. Whitmire

CLERK

ew
cc: All Counsel of Parties / Pro Se

**Supreme Court of Mississippi**
**Court of Appeals of the State of Mississippi**
*Office of the Clerk*

D. Jeremy Whitmire
Post Office Box 249
Jackson, Mississippi 39205-0249
Telephone: (601) 359-3694
Facsimile: (601) 359-2407

*(Street Address)*
450 High Street
Jackson, Mississippi 39201-1082

e-mail:sctclerk@courts.ms.gov

July 13, 2021

Nancy Mize
5403 N. Shiloh Road
Corinth, MS 38834

Charles Mize
5403 N. Shiloah Road
Corinth, MS 38834

**Re:** **Nancy Mize v. Shiloh Market, Inc.**
**2020-CA-01119**
**Alcorn County, Case# CV2019-093**

## Show Cause Notice

Pursuant to the Rule 2(a) (2), M.R.A.P., "The clerk of the Supreme Court shall give written notice to the party in default, apprising the party of the nature of the deficiency. If the party in default fails to correct the deficiency within 14 days after notification, the appeal shall be dismissed...."

The docket in this cause shows that the Appellant has substantially failed to prosecute this appeal as indicated below:

The Brief of Appellant has not been filed.

Accordingly, the Brief of the Appellant must be **received** fourteen (14) days from the date of this letter or the appeal shall be dismissed.

In addition if the Brief of the Appellant is not **received** within fourteen (14) days, you are hereby directed to show cause in accordance with Rule 2(b) of the Mississippi Rules of Appellate Procedure within this time frame why sanctions should not be imposed on you by the Supreme Court for failing to file the brief in the above styled cause.

amp

DJWhitmire

CLERK

**Supreme Court of Mississippi**
**Court of Appeals of the State of Mississippi**
*Office of the Clerk*

D. Jeremy Whitmire
Post Office Box 249
Jackson, Mississippi 39205-0249
Telephone: (601) 359-3694
Facsimile: (601) 359-2407

*(Street Address)*
450 High Street
Jackson, Mississippi 39201-1082

e-mail:sctclerk@courts.ms.gov

June 4, 2021

Nancy Mize
5403 N. Shiloh Road
Corinth, MS 38834

# NOTICE

Re: Nancy Mize v. Shiloh Market, Inc.
Supreme Court # 2020-CA-01119

In response to your request, please be advised that the Court has **granted** the motion for extension of time to file the Appellants' Brief. This brief is presently due on 07/07/2021.

CLERK

jgm

c: all counsel

ORIGINAL

FILED
JUN - 4 2021
OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

IN THE SUPREME COURT OF MISSISSIPPI
No. 2020-CA-01119

NANCY MIZE AND CHARLES MIZE APPELLANTS

v.

SHILOH MARKET, INC. APPELLEE

---

MOTION FOR AN EXTENSION OF TIME TO FILE APPELLANT BRIEF

---

COMES NOW Appellants, NANCY MIZE AND CHARLES MIZE, pro se, and file this their *Motion for an Extension of Time to File Appellants' Brief* and would state in support thereof the following:

MOTION# 2021 1519

1.

On April 22, 2021, this Honorable Court granted to withdrawal of Appellants' previous counsel, Jennifer Miller, Esq., and stayed the briefing schedule for thirty days from entry of said Order. According to this Order, Appellants' Brief is due on or about May 22, 2021.

2.

Appellants state that there has not been sufficient time to adequately complete their Appellants' Brief in this case. Thus, Appellants' request thirty (30) additional days in which to file the Appellants' Brief.

3.

Appellee will suffer no prejudice if Appellants are granted an extension of time ot complete and file the Appellants' Brief. Further, this request is not an attempt at delay, but rather to ensure that the Appellants will have a full and fair hearing and the opportunity to adequately and thoroughly complete the brief.

WHEREFORE, PREMISES CONSIDERED, Appellants, pro se, move this Court for an additional thirty (30) days from the current deadline date in which to complete and file their Appellants Brief in this case.

Respectfully submitted, this the ~~21st~~ 4th day of ~~May~~ June, 2021.

**NANCY MIZE AND CHARLES MIZE, Appellants**

By: ______________________________

Nancy Mize, Pro Se
Charles Mize, Pro Se
5403 N. Shiloh Road
Corinth, MS 38834

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will operate to provide notice of this filing to ***all counsel of record*** in this case. This the ~~21st~~ 4th day of ~~May~~ June, 2021.

______________________________

Nancy Mize, Pro Se
Charles Mize, Pro Se

**Supreme Court of Mississippi**
**Court of Appeals of the State of Mississippi**
*Office of the Clerk*

D. Jeremy Whitmire
Post Office Box 249
Jackson, Mississippi 39205-0249
Telephone: (601) 359-3694
Facsimile: (601) 359-2407

*(Street Address)*
450 High Street
Jackson, Mississippi 39201-1082

e-mail:sctclerk@courts.ms.gov

May 25, 2021

Nancy Mize and Charles Mize

v. Case # 2020-CA-01119

Shiloh Market, Inc.

**NOTICE**

The *Motion for An Extension of Time to File Appellant Brief* filed *pro se* by Nancy Mize and Charles Mize has been closed as premature with no action taken by the Court at this time. Please refer to the briefing reissue notification letter dated May 24, 2021, for the current due date of Appellants' brief.

Should you have any questions, please contact the Clerk's office.

[signature]

CLERK

djw
cc: All Counsel / Parties

**IN THE SUPREME COURT OF MISSISSIPPI**
**No. 2020-CA-01119**

FILED
MAY 21 2021
OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

**NANCY MIZE AND CHARLES MIZE** **APPELLANTS**

**v.**

**SHILOH MARKET, INC.** **APPELLEE**

---

**MOTION FOR AN EXTENSION OF TIME TO FILE APPELLANT BRIEF**

---

COMES NOW Appellants, NANCY MIZE AND CHARLES MIZE, pro se, and file this their *Motion for an Extension of Time to File Appellants' Brief* and would state in support thereof the following:

1.

On April 22, 2021, this Honorable Court granted to withdrawal of Appellants' previous counsel, Jennifer Miller, Esq., and stayed the briefing schedule for thirty days from entry of said Order. According to this Order, Appellants' Brief is due on or about May 22, 2021.

2.

Appellants state that there has not been sufficient time to adequately complete their Appellants' Brief in this case. Thus, Appellants' request thirty (30) additional days in which to file the Appellants' Brief.

3.

Appellee will suffer no prejudice if Appellants are granted an extension of time ot complete and file the Appellants' Brief. Further, this request is not an attempt at delay, but rather to ensure that the Appellants will have a full and fair hearing and the opportunity to adequately and thoroughly complete the brief.

MOTION# 2021-1403

WHEREFORE, PREMISES CONSIDERED, Appellants, pro se, move this Court for an additional thirty (30) days from the current deadline date in which to complete and file their Appellants Brief in this case.

Respectfully submitted, this the 21st day of May, 2021.

**NANCY MIZE AND CHARLES MIZE, Appellants**

**By:** ______________________________

Nancy Mize, Pro Se
Charles Mize, Pro Se
5403 N. Shiloh Road
Corinth, MS 38834

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will operate to provide notice of this filing to ***all counsel of record*** in this case. This the 21st day of May, 2021.

______________________________

Nancy Mize, Pro Se
Charles Mize, Pro Se

**Supreme Court of Mississippi**
**Court of Appeals of the State of Mississippi**
*Office of the Clerk*

D. Jeremy Whitmire
Post Office Box 249
Jackson, Mississippi 39205-0249
Telephone: (601) 359-3694
Facsimile: (601) 359-2407

*(Street Address)*
450 High Street
Jackson, Mississippi 39201-1082

e-mail:sctclerk@courts.ms.gov

Date: 05/24/2021

Re: Nancy Mize v. Shiloh Market, Inc.

SUPREME COURT CASE NO.2020-CA-01119

The briefing schedule has resumed in the above styled case. The Appellant's Brief is due 06/07/2021.

CLERK

ila
cc: All Counsel of Parties/Pro se

**Serial: 236611**

**IN THE SUPREME COURT OF MISSISSIPPI**

**No. 2020-CA-01119**

***NANCY MIZE AND CHARLES MIZE*** ***Appellants***

***v.***

***SHILOH MARKET, INC.*** ***Appellee***

**ORDER**

This matter is before the undersigned Justice on the Motion to Withdraw filed by counsel for Nancy Mize and Charles Mize. The undersigned Justice finds that the motion should be granted and that Jennifer Miller should be allowed to withdraw from further representation of the appellants in this matter. Also before the undersigned Justice is the Motion to Stay Briefing Schedule filed by the appellants. The undersigned justice finds that the motion should be granted and that briefing should be stayed for thirty days from entry of this order.

IT IS THEREFORE ORDERED that the Motion to Withdraw filed by Jennifer Miller is granted.

IT IS FURTHER ORDERED that the Motion to Stay Briefing Schedule is granted.

SO ORDERED.

**DIGITAL SIGNATURE**
**Order#:** 236611
**Sig Serial:** 100003648
**Org:** SC
**Date:** 04/22/2021

Leslie D. King, Presiding Justice

# Supreme Court of Mississippi
## Court of Appeals of the State of Mississippi
*Office of the Clerk*

D. Jeremy Whitmire
Post Office Box 249
Jackson, Mississippi 39205-0249
Telephone: (601) 359-3694
Facsimile: (601) 359-2407

*(Street Address)*
450 High Street
Jackson, Mississippi 39201-1082

e-mail:sctclerk@courts.ms.gov

April 20, 2021

**In Re: Nancy Mize and Charles Mize v. Shiloh Market, Inc.**
**Case # 2020-CA-01119**

## NOTICE

Motion # 2021 - 1027 Certificate of Consultation is not a motion and has been closed with no action taken. The Certificate of Consultation on Motion to Withdraw should be refiled as an attachment to motion # 2020 - 1025 Motion to Withdraw.

DSWhitmire

CLERK

jgm

c: all counsel

**McKee, Johnnie**

**From:** efiling@courts.ms.gov on behalf of Attorney E-Filing Notice <efiling@courts.ms.gov>
**Sent:** Monday, April 19, 2021 6:12 PM
**To:** (Clerks Office)
**Subject:** Activity in Case 2020-CA-01119 Nancy Mize v. Shiloh Market, Inc. Other Motion

**D. Jeremy Whitmire, Clerk**
**Mississippi Supreme Court and Court of Appeals**
**NOTICE OF ELECTRONIC CASE FILING**

**On June 6, 2013, the Supreme Court amended Rule 25 of the Mississippi Rules of Appellate Procedure and adopted the Appellate E-Filing Administrative Procedures. These procedures govern appellate e-filing in the Supreme Court of Mississippi and the Court of Appeals of the State of Mississippi. Beginning July 1, 2013, attorneys may file documents electronically in either appellate court. Appellate e-filing shall be mandatory in both Courts beginning January 1, 2014.**

**The document described below has been docketed in the current Supreme Court docketing system and does not need to be filed conventionally. Until further notice, the Supreme Court Clerk will maintain the docketing system presently in use in their office and maintain all case files and court records.**

**You may visit https://courts.ms.gov/mec/mec.php for further updates related to the project. For technical support, please contact the MEC help desk at 601-576-4650 or send an e-mail to helpdesk@mec.ms.gov.**

**Mississippi Electronic Courts**

**Notice of Electronic Filing**

**Your document has been submitted to the Mississippi Supreme Court Clerks Office.**
**Once the submitted document has been processed (5-10 minutes), it may be viewed on the case docket link(s) below.**

The following transaction was entered by Jennifer L. Miller on 04/19/2021 at 06:11 PM CDT.
**Case Name:** Nancy Mize v. Shiloh Market, Inc.
**Case Number:** 2020-CA-01119
**Filer(s):** Nancy Mize
**Document Filed:** Motion # 2021 - 1027 Certificate of Consultation on Motion to Withdraw

**2020-CA-01119 Notice has been electronically mailed to:**

| | |
|---|---|
| Jennifer L. Miller | jmiller@dgoldlaw.com, jmbermel@gmail.com |
| Edricke L. Peyton | epeyton@spicerfirm.com, msanders@spicerfirm.com |
| Jared S. Renfroe | Jrenfroe@spicerfirm.com, msanders@spicerfirm.com |

**2020-CA-01119 Parties to the Case:**

Nancy Mize(Appellant)
Charles Mize(Appellant)
Shiloh Market, Inc.(Appellee)

**The following document(s) are associated with this transaction:**

**Document description:** Main Document
**Original filename:** Local - Certificate of Consultation.pdf
**Electronic document Stamp:**
[STAMP [Date=2021-04-19][FileNumber=51910-
0][3e6e0d3d12a6d547492323d08f861373e62e5764eeb1a5bdbf77981fd26c59f3ef9751d28044927f8da9fcd3a7cdc8fc

**McKee, Johnnie**

**From:** efiling@courts.ms.gov on behalf of Attorney E-Filing Notice <efiling@courts.ms.gov>
**Sent:** Monday, April 19, 2021 6:03 PM
**To:** (Clerks Office)
**Subject:** Activity in Case 2020-CA-01119 Nancy Mize v. Shiloh Market, Inc. Stay of This Courts Action

**D. Jeremy Whitmire, Clerk**
**Mississippi Supreme Court and Court of Appeals**
**NOTICE OF ELECTRONIC CASE FILING**

**On June 6, 2013, the Supreme Court amended Rule 25 of the Mississippi Rules of Appellate Procedure and adopted the Appellate E-Filing Administrative Procedures. These procedures govern appellate e-filing in the Supreme Court of Mississippi and the Court of Appeals of the State of Mississippi. Beginning July 1, 2013, attorneys may file documents electronically in either appellate court. Appellate e-filing shall be mandatory in both Courts beginning January 1, 2014.**

**The document described below has been docketed in the current Supreme Court docketing system and does not need to be filed conventionally. Until further notice, the Supreme Court Clerk will maintain the docketing system presently in use in their office and maintain all case files and court records.**

**You may visit https://courts.ms.gov/mec/mec.php for further updates related to the project. For technical support, please contact the MEC help desk at 601-576-4650 or send an e-mail to helpdesk@mec.ms.gov.**

**Mississippi Electronic Courts**

Notice of Electronic Filing

**Your document has been submitted to the Mississippi Supreme Court Clerks Office.**
**Once the submitted document has been processed (5-10 minutes), it may be viewed on the case docket link(s) below.**

The following transaction was entered by Jennifer L. Miller on 04/19/2021 at 06:03 PM CDT.
**Case Name:** Nancy Mize v. Shiloh Market, Inc.
**Case Number:** 2020-CA-01119
**Filer(s):** Nancy Mize
**Document Filed:** Motion # 2021 - 1026 Motion to Stay Briefing Schedule

**2020-CA-01119 Notice has been electronically mailed to:**

Jennifer L. Miller jmiller@dgoldlaw.com, jmbermel@gmail.com
Edricke L. Peyton epeyton@spicerfirm.com, msanders@spicerfirm.com
Jared S. Renfroe Jrenfroe@spicerfirm.com, msanders@spicerfirm.com

**2020-CA-01119 Parties to the Case:**

Nancy Mize(Appellant)
Charles Mize(Appellant)
Shiloh Market, Inc.(Appellee)

**The following document(s) are associated with this transaction:**

**Document description:** Main Document
**Original filename:** Local - Motion to Stay Briefing Schedule.pdf
**Electronic document Stamp:**
[STAMP [Date=2021-04-19][FileNumber=51908-0][8c898d5817cd2f6953ce227e0ac04bf8c8659995a762692c2e70ef37b8ad222c86a02741b426b5e6a961e8329d37cb9

**McKee, Johnnie**

| | |
|---|---|
| **From:** | efiling@courts.ms.gov on behalf of Attorney E-Filing Notice <efiling@courts.ms.gov> |
| **Sent:** | Monday, April 19, 2021 6:00 PM |
| **To:** | (Clerks Office) |
| **Subject:** | Activity in Case 2020-CA-01119 Nancy Mize v. Shiloh Market, Inc. Withdraw Exhibits |

**D. Jeremy Whitmire, Clerk**
**Mississippi Supreme Court and Court of Appeals**
**NOTICE OF ELECTRONIC CASE FILING**

**On June 6, 2013, the Supreme Court amended Rule 25 of the Mississippi Rules of Appellate Procedure and adopted the Appellate E-Filing Administrative Procedures. These procedures govern appellate e-filing in the Supreme Court of Mississippi and the Court of Appeals of the State of Mississippi. Beginning July 1, 2013, attorneys may file documents electronically in either appellate court. Appellate e-filing shall be mandatory in both Courts beginning January 1, 2014.**

**The document described below has been docketed in the current Supreme Court docketing system and does not need to be filed conventionally. Until further notice, the Supreme Court Clerk will maintain the docketing system presently in use in their office and maintain all case files and court records.**

**You may visit https://courts.ms.gov/mec/mec.php for further updates related to the project. For technical support, please contact the MEC help desk at 601-576-4650 or send an e-mail to helpdesk@mec.ms.gov.**

**Mississippi Electronic Courts**

**Notice of Electronic Filing**

**Your document has been submitted to the Mississippi Supreme Court Clerks Office.**
**Once the submitted document has been processed (5-10 minutes), it may be viewed on the case docket link(s) below.**

The following transaction was entered by Jennifer L. Miller on 04/19/2021 at 05:58 PM CDT.

| | |
|---|---|
| **Case Name:** | Nancy Mize v. Shiloh Market, Inc. |
| **Case Number:** | 2020-CA-01119 |
| **Filer(s):** | Nancy Mize |
| **Document Filed:** | Motion # 2021 - 1025 Motion to Withdraw<br>Other filed on behalf of Nancy Mize, - EXHIBIT 1<br>Other filed on behalf of Nancy Mize, - EXHIBIT 2<br>Other filed on behalf of Nancy Mize, - EXHIBIT 3<br>Other filed on behalf of Nancy Mize, - EXHIBIT 4<br>Other filed on behalf of Nancy Mize, - EXHIBIT 5<br>Other filed on behalf of Nancy Mize, - EXH IBIT 6<br>Other filed on behalf of Nancy Mize, - EXHIBIT 7 |

**2020-CA-01119 Notice has been electronically mailed to:**

Jennifer L. Miller jmiller@dgoldlaw.com, jmbermel@gmail.com

Edricke L. Peyton epeyton@spicerfirm.com, msanders@spicerfirm.com
Jared S. Renfroe Jrenfroe@spicerfirm.com, msanders@spicerfirm.com

**2020-CA-01119 Parties to the Case:**

Nancy Mize(Appellant)
Charles Mize(Appellant)
Shiloh Market, Inc.(Appellee)

**The following document(s) are associated with this transaction:**

**Document description:** Main Document
**Original filename:** Local - Motion to Withdraw.pdf
**Electronic document Stamp:**
[STAMP [Date=2021-04-19][FileNumber=51906-
0][1be3a4e44f023d80a250be2ad8ce0dcdf7f85df6e8ecb7bcddd88b150b6d651054dce02ec35971774c6343365e844b7

**Document description:** Other - Exhibit 1
**Original filename:** Local - Ex. 1 Feb 11 Client Letter_Redacted.pdf
**Electronic document Stamp:**
[STAMP [Date=2021-04-19][FileNumber=51906-
1][7de63d275762ff524d404be8af40ecaa351dbe7bd24c0e72e67207f432215dad339a23eea092af05e33c832adadb095

**Document description:** Other - Exhibit 2
**Original filename:** Local - Ex. 2 3_11_21 RE_ Terminate services from JLM.pdf
**Electronic document Stamp:**
[STAMP [Date=2021-04-19][FileNumber=51906-
2][d64276075033501684960 8f7b68dbaed0bedf3a7ea3a4968904c39234c61185d5ea16d1f0022bf97e002bb245de429

**Document description:** Other - Exhibit 3
**Original filename:** Local - EX. 3 3_17_21 RE_ Terminate services.pdf
**Electronic document Stamp:**
[STAMP [Date=2021-04-19][FileNumber=51906-
3][4a9fbb1e9849ada1aab8d3fceabf9429cfb602be64907002ddbac225f7ef067ad02bc6021a8104930d8657cee528fbd2

**Document description:** Other - Exhibit 4
**Original filename:** Local - Ex. 4 3_19_21 Notice of Briefing Schedule - attached.pdf
**Electronic document Stamp:**
[STAMP [Date=2021-04-19][FileNumber=51906-
4][bf645822a1488b708e032d621341ce1c172d9c0730bae1e49e31eae6c0c71328605835c40ea44945930afbbce9f08bc

**Document description:** Other - Exhibit 5
**Original filename:** Local - Ex. 5 3_23_21 Appeal Process.pdf

**Electronic document Stamp:**
[STAMP [Date=2021-04-19][FileNumber=51906-5][9321a8f000087f680632c770da9c116f10ac59b32c5c5ab4768512479908c26c68aa04096178c167a4c8648137d60c

**Document description:** Other - Exhibit 6
**Original filename:** Local - Ex. 6 3_30_21 RE_ Attention Please._Redacted.pdf
**Electronic document Stamp:**
[STAMP [Date=2021-04-19][FileNumber=51906-6][034d78324aa39330532d5ccd957257511339606de4a989c3073baa999f065340d7bf8798c0aca6b4c5e68edeff07d8f

**Document description:** Other - Exhibit 7
**Original filename:** Local - Ex. 7 Post office Return Receipt 4_1_21.pdf
**Electronic document Stamp:**
[STAMP [Date=2021-04-19][FileNumber=51906-7][a4663d699e337d23db7519c78506c379947b72c7b6c2032ce475d6d7a2485f460b273840ef7e5fadcaf5cf3dfe9fdab6

CRYSTAL STARLING
CIRCUIT CLERK, ALCORN COUNTY
POST OFFICE BOX 430
CORINTH, MISSISSIPPI
38835-0430

2020-TS-1119

Supreme Court
450 High Street
Post Office Box 249
Jackson, MS
39205-0249

Date: February 24, 2021

Nany Mize & Charles Mize

VS. CV2019-093RA

Shiloh Market Inc.

Please find enclosed the above styled and numbered appeal.

Thank you for your attention to this matter. If you have any questions, please do not hesitate to call me.

Yours Truly,

Kalee Smith

Kalee Smith D.C.

CIRCUIT COURT ALCORN COUNTY, MISS.

Supreme Court of Mississippi
Court of Appeals of the State of Mississippi
*Office of the Clerk*

D. Jeremy Whitmire
Post Office Box 249
Jackson, Mississippi 39205-0249
Telephone: (601) 359-3694
Facsimile: (601) 359-2407

*(Street Address)*
450 High Street
Jackson, Mississippi 39201-1082

e-mail:sctclerk@courts.ms.gov

March 19, 2021

**To: ALL COUNSEL OF RECORD**

**Re: Nancy Mize v. Shiloh Market, Inc.**
**2020-CA-01119**

---

This case has been docketed and assigned the above case number. Please use the above case number on all documents. Mississippi Electronic Courts (MEC) participants can view the record online by viewing the case docket and clicking 'MEC Attorney Login'. After the participant has successfully logged in, the 'View Archive' link will be available to view the record. Non-MEC participants may contact the Clerk's Office.

**NOTICE OF BRIEFING SCHEDULE:** Pursuant to MRAP 31, this is your notice that the record in the above styled and numbered appeal has been filed. Appellant's brief and record excerpts are due **within forty (40) days of the date of this letter.** Appellee's brief is due **within thirty (30) days after service of the brief of the appellant.** The appellant's reply brief is due **within fourteen (14) days after service of the brief of the appellee.**

**DISMISSAL OF APPEAL:** MRAP 2 allows the clerk to dismiss appeals, after notice, if deficiencies are not corrected. If the clerk has issued a deficiency notice pursuant to MRAP 2, motions for additional time will not be entertained.

**APPEARANCE FORM:** If an appearance form **has not** been filed, one must be submitted to this office **within thirty (30) days of the date of this letter. (Pro Se individuals are not required to submit an appearance form.)**

**MRAP ON INTERNET:** The Mississippi Rules of Appellate Procedure are on the court web site: https://courts.ms.gov.

**Please note: Pursuant to MRAP 45(c), amended effective July 1, 2010, copies of opinions will not be mailed. Any opinion rendered may be found at https://courts.ms.gov under the Quick Links/Supreme Court/Decisions for the date of the decision.**

D Whitmire
CLERK

/cc

FILED
FEB 12 2021
OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

*KIMBERLY D. BOUNDS, CRR, RPR, CCR #1159*
*OFFICIAL COURT REPORTER*
*FIRST JUDICIAL DISTRICT OF MISSISSIPPI*
*849 COUNTRY OAKS CIRCLE*
*TUPELO, MISSISSIPPI 38801*
*(662) 790-5791*

February 10, 2021

RE: In the Circuit Court of Alcorn County, MS

Nancy Mize and Charles Mize
vs.
Shiloh Market, Inc.

2020-TS-1119

Cause No. CV19-093

Dear Ms. Miller:

Pursuant to the Notice of Appeal, this is to advise that I have this date filed the original and one copy of the transcript proceedings, along with an electronic disk, of the transcript proceedings reported by me in the above-styled and numbered cause in the office of the Circuit Clerk of Alcorn County, Mississippi.

I am, by copy of this letter, advising all other parties, the Circuit Clerk, and the Clerk of the Supreme Court of my actions herein.

Sincerely,

Kimberly D. Bounds, CRR, RPR, CSR 1159
Official Court Reporter

cc: Honorable Edd Peyton
Mr. D. Jeremy Whitmire
Ms. Crystal Starling

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

FILED
JAN 12 2021
OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

NANCY MIZE and
CHARLES MIZE, PLAINTIFFS

vs. CIVIL CASE NO. CV19-093RA

SHILOH MARKET, INC. DEFENDANT

2020-TS-1119

**PLAINTIFFS' AMENDED DESIGNATION OF THE RECORD**

Nancy Mize and Charles Mize, appellants, by counsel, pursuant to M.R.A.P. 10(b)(1), designates the following parts of the record as being necessary to be included on appeal:

**Original Designation**

1. The Complaint for Damages
2. Plaintiffs' Notice of Service of Plaintiff's Discovery to Defendant Shiloh Market, Inc.
3. The Answer to Complaint.
4. Defendant's Notice of Service of Discovery served on March 5, 2019.
5. Defendant's Notice of Service of Discovery served on March 19, 2019.
6. Consent Order on Defendant's Motion to Compel entered on February 18, 2020.
7. Defendant's Renewed Motion to Compel and for Sanctions.
8. The judgment and Order on Defendant's Renewed Motion to Compel and for Sanctions entered on September 3, 2020.
9. Plaintiffs' Motion for Relief from Order of Dismissal filed October 2, 2020.

**Supplemental Designation**

10. Defendant's Response to Plaintiff's Motion for Relief from Order of Dismissal served on October 12, 2020, with attached exhibits.

11. Agreed Notice of Hearing entered November 23, 2020.

12. Order entered December 22, 2020.

**Amended Designation**

13. Official Transcript of the hearing on Plaintiff's Motion for Relief From Order of Dismissal held on December 11, 2020.

THIS the 7th day of January, 2021.

Respectfully submitted,

THE GOLD LAW FIRM

Jennifer L. Miller (MS Bar #100550)
Attorney for Plaintiffs/Appellant
25 Dr. M. L. King, Jr. Ave.
Memphis, Tennessee 38103
Phone: (901) 244-5004
Fax: (901) 405-0375
jmiller@dgoldlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, postage prepaid, on this the 7th day of January, 2021.

Kim Bounds
Court Reporter
849 County Oaks Cr.
Tupelo, MS 38801

Edd L. Peyton
Jared S. Renfroe
Spicer Rudstrom, PLLC
119 South Main, Suite 700
Memphis, Tennessee 38103

D. Jeremy Whitmire
Clerk of Appellate Court
P.O. Box 249
Jackson, MS 39205-0249

Jennifer L. Miller, Esq.

The Gold Law Firm

Direct Dial
David Gold - Attorney 901.244.5003
Garry M. Burgoyne - Attorney 901.244.5009
Jenna Price - Paralegal 901.244.5004
Amanda Alsbrook - Paralegal 901.244.5005

FILED
JAN 12 '21
OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

January 7, 2021

D. Jeremy Whitmire
Post Office Box 249
Jackson, Mississippi 39205-0249

Re: Mize v. Shiloh Market, Inc.
Case # 2020-TS-01119

Dear Mr. Whitmire:

Please find enclosed your service copy of our Second Certificate of Compliance with Rule 11(b)(1), which was forwarded this day to the Circuit Court Clerk of Alcorn County for filing with that court.

Do not hesitate to contact me with any questions or concerns.

Sincerely,

The Gold Law Firm

Jennifer L. Miller
(901) 244-5004 (direct)
(901) 405-0375 (fax)
jmiller@dgoldlaw.com

Cc: Edd L. Peyton
Jared S. Renfroe

**IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI**

**NANCY MIZE and CHARLES MIZE,** **PLAINTIFFS**

FILED
JAN 12 2021
OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

**vs.** **CIVIL CASE NO. CV19-093RA**

**SHILOH MARKET, INC.** **DEFENDANT**

2020-TS-1119

**SECOND CERTIFICATE OF COMPLIANCE WITH RULE 11(b)(1)**

I, Jennifer L. Miller, attorney for appellants Nancy Mize and Charles Mize, certify that I have complied with M.R.A.P. 11(b) and that the court reporter has provided an estimate of costs for preparing the transcript from the December 11, 2020 hearing for inclusion with the record on appeal in the amount of $200.00 and I have on or before this day deposited that sum with the clerk of this Court.

Respectfully submitted,

THE GOLD LAW FIRM

Jennifer L. Miller (MS Bar #100550)
Attorney for Plaintiffs/Appellant
25 Dr. M. L. King, Jr. Ave.
Memphis, Tennessee 38103
901-244-5004
jmiller@dgoldlaw.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, postage prepaid, on this the 7th day of January, 2021.

Kim Bounds
Court Reporter
849 County Oaks Cr.
Tupelo, MS 38801

Edd L. Peyton
Jared S. Renfroe
Spicer Rudstrom, PLLC
119 South Main, Suite 700
Memphis, Tennessee 38103

D. Jeremy Whitmire
Mississippi Supreme Court Clerk
Post Office Box 249
Jackson, Mississippi 39205-0249

Jennifer L. Miller, Esq.

2020-TS-469

FILED

JAN 04 2021

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

CRYSTAL STARLING
CLERK OF THE CIRCUIT COURT
PO BOX 430
ALCORN COUNTY
CORINTH, MISSISSIPPI 38835

IN RE: DECEMBER 29, 2020

NANCY AND CHARLES MIZE

VS. CAUSE # CV2019-093RA

SHILOH MARKET INC.

PLEASE BE ADVISED THAT THE RECORD IN THE ABOVE STYLED AND NUMBERED CAUSE IS COMPLETE AND IS READY FOR THE PURPOSE OF EXAMINATION AND CORRECTION.

THE APPELLANT'S COUNSEL JENNIFER L. MILLER SHALL HAVE FOURTEEN DAYS AFTER NOTIFICATION AND THE APPELLEE'S COUNSEL CHRISTOPHER M. MYATT SHALL HAVE A SIMILAR PERIOD FOR REVIEW OF THE RECORD. AT THE EXPIRATION OF THIS TIME THE RECORD SHALL BE RETURNED TO THE CLERK.

YOURS TRULY,
CRYSTAL STARLING, CIRCUIT CLERK

BY: Crystal Starling

Cc:
JENNIFER L. MILLER
25 DR. M. L. KING, JR. AVENUE
MEMPHIS, TN 38103

ATTORNEY FOR APPELLANT

CHRISTOPHER M. MYATT
119 SOUTH MAIN STREET, SUITE 700
MEMPHIS, TN 38103

ATTORNEY FOR APPELLEE

CC: SUPREME COURT OF MISSISSIPPI
P.O. BOX 249
JACKSON, MS 39205-0249

**Supreme Court of Mississippi**
**Court of Appeals of the State of Mississippi**
*Office of the Clerk*

D. Jeremy Whitmire
Post Office Box 249
Jackson, Mississippi 39205-0249
Telephone: (601) 359-3694
Facsimile: (601) 359-2407

*(Street Address)*
450 High Street
Jackson, Mississippi 39201-1082

e-mail: sctclerk@courts.ms.gov

**NOTICE TO LOWER COURT CLERK**

December 28, 2020

Hon. Crystal Starling
P.O. Box 430
Corinth, MS 388350430

**Re:** **Nancy Mize v. Shiloh Market, Inc.**
**Supreme Court # 2020-TS-01119**
**Alcorn Circuit Court # CV2019-093**

Please be advised that the time for preparation of the record in the above styled and numbered case has once again begun to run. The record should be ready for attorney review by 01/27/2021.

Should you have any questions or concerns, please do not hesitate to call the Supreme Court Clerk's Office.

DSWhitmire

**CLERK**

cps
cc: All Counsel of Record / Parties / Pro Se

Dec. 28. 2020 10:53AM No. 0449 P. 2
FILED
DEC 28
OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

**IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI**

**NANCY MIZE and CHARLES MIZE** **PLAINTIFFS**

**VS.** **CAUSE NO. CV19-093(MM)A**

**SHILOH MARKET, INC.** **DEFENDANT**

2020-TS-1119

**ORDER**

Before the Court is Plaintiffs' Motion for Relief from Order of Dismissal. The matter was fully briefed, heard, and taken under advisement. On March 7, 2019, Defendant served discovery requests on Plaintiffs. To date, Plaintiffs have filed no responses. On June 6, 2019, Defendant filed a Motion to Compel. The parties subsequently submitted a consent order to this Court, which it duly entered, that ordered Plaintiffs to respond to discovery by March 16, 2020. That deadline came and went, with no responses being filed. Defendants then, on May 20, 2020, filed a Renewed Motion to Compel and for Sanctions, seeking "an Order dismissing Plaintiff's complaint for failing to respond fully and completely to the Interrogatories and Requests for Production propounded by the Defendant." Plaintiffs' counsel concedes she received a copy of this Motion, yet she filed no response, sought no extension, nor otherwise made any intimation to the Court that it should not grant the relief requested. And so, with discovery pending for a year-and-a-half, in spite of an order for Plaintiffs to respond, this Court granted Defendant's motion and dismissed the matter pursuant to MRCP 37.[1] Plaintiffs have now moved to set that order aside under Rule 60(b)(6).[2]

The factual circumstances and arguments presented to this Court do not meet the "extraordinary and compelling circumstances" standard.[3] First, Plaintiffs—in their motion and in

---

[1] "If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others . . . an order . . . dismissing the action or proceeding or any part thereof[.]" MRCP 37(b)(2)(c).

[2] "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . any other reason justifying relief from the judgment." MRCP 60(b)(6).

[3] "Rule 60(b)(6) is reserved for extraordinary and compelling circumstances." *Mitchell v. Moore*, 237 So. 3d 681, 689 (Miss. 2017).

ALCORN COUNTY
FILED
DEC 22 2020
CRYSTAL STARLING, CIRCUIT CLERK
D.C.

38/320

open court—argue that they were not provided notice that the Court was considering dismissing the case. This argument rings hollow. Plaintiffs' counsel conceded she received a copy of Defendant's Renewed Motion to Compel and for Sanctions. As quoted above, it very clearly moved the Court to dismiss Plaintiffs' complaint for failure to respond to discovery after being ordered to do so. Plaintiffs acknowledge timely receiving said motion. They did not respond. They did not contact the Court requesting additional time. In short, Plaintiffs and their counsel ignored the motion. They did so at their own peril. The Local Rules for the First Circuit provide that responsive pleadings shall be filed "within (10) days after service" of the underlying motion.[4] Moreover, the Local Rules provide that "[a]ll motions shall be decided by the Court without a hearing or oral argument unless otherwise ordered by the Court on its own motion, or, in its discretion, upon written motion made by either counsel."[5] No party requested a hearing. Thus, Plaintiffs were entitled only to notice of the motion, which they received. The motion was filed on May 20, 2020. The order dismissing the matter was signed on August 31, 2020—103 days after the motion was filed. Plaintiffs provided no response during that 103-day span.

Instead, Plaintiffs' counsel argues that she received "misleading information" from counsel opposite that caused her to ignore the then-active motion. However, when pressed at the hearing, she was unable to provide the Court with any specific instances of misleading information and/or communications. To the contrary, defense counsel provided email communication that evokes a clear intent to seek a dismissal of this action.[6] Plaintiffs' lack-of-notice argument is without merit.

"Rule 37 clearly gives the trial court discretion to impose sanctions for discovery

---

[4] Loc. R. for 1st Cir. Court D. of Miss. 4.
[5] *Id.*
[6] *See* May 2, 2020, Email wherein defense counsel references the need to "file a Motion with the Court" the expiration of the deadline established by the Court in the Consent Order on Defendant's Motion to Compel. Said motion was filed on May 20, 2020.

ALCORN COUNTY
FILED
DEC 22 2020
CRYSTAL STARLING, CIRCUIT CLERK
BY Kim Smith D.C.

370
39

violations." *Tucker v. Delta Reg'l Med'l Ctr.*, 189 So. 3d 690, 693 (Miss. Ct. App. 2016). The following factors guide a trial judge's determination whether dismissal is proper:

> (1) whether the discovery violation resulted from willfulness or an inability to comply; (2) whether the deterrent value of [Mississippi] Rule [of Civil Procedure] 37 could . . . have been achieved through lesser sanctions; (3) whether the other party's trial preparation [was] prejudiced; (4) whether the failure to comply [was] attributable to the party itself, or [the party's] attorney; and (5) whether the failure to comply was a consequence of simple confusion or a misunderstanding of the trial court's order.

*Id.* Plaintiffs argue the Court failed to consider these factors.

Plaintiffs assert—for the first time in their Rule 60 Motion—that the ongoing discovery violation was not willful, but was caused rather by their attorney (1) changing firms, (2) having technical issues setting up a home office during COVID, and (3) experiencing mental health and other wellness issues. They argue that the Court did not consider lesser sanctions, that there was no prejudice to trial preparation because there was no trial date set, and that the failure to comply was attributable solely to their attorney.

Contrary to Plaintiffs' assertions, the Court is not required to make express findings as to any factor, nor must it consider all factors. *See White v. White*, 509 So. 2d 205, 208 (Miss. 1987) ("In the proper case willfulness or bad faith may be so clearly demonstrated that neither a particular finding (nor consideration of other factors we outline below) will be necessary to uphold the imposition of ultimate sanctions."). At the time this Court dismissed this matter, the discovery had been outstanding for a year and a half. There is literally nothing on the docket, other than entries of appearance by defense counsel, outside of this discovery matter. Plaintiffs ignored the discovery rules—resulting in an order compelling discovery. They ignored the deadline set by this Court and to which they agreed—resulting in Defendant filing a *second* motion to compel and seeking dismissal. They ignored that motion—resulting in their case being dismissed. Such conduct is

ALCORN COUNTY
FILED
DEC 22 2020
CRYSTAL STARLING, CIRCUIT CLERK
BY Kara Smith DC.

370
40

willful and contumacious on its face. Lesser sanctions were likewise clearly considered by this Court in that it had previously utilized the lesser sanction of compelling discovery—to no avail.

As to Plaintiffs' stated reasons for not responding to discovery, the Court finds *Palmer v. Grand Casinos of Miss., Inc.* instructive:

> [T]he Palmers' attorney, Neal Labovitz . . . experienced chronic bilateral kidney problems which required him to take large doses of Demerol and Darvocet. These drugs caused him to experience short-term memory loss. Labovitz also entered a weight loss program, which compounded his short-term memory loss problems. Medical literature revealed this weight loss program caused short-term memory loss and heart complications. In addition, Labovitz has suffered from chronic back pain which made his routine office schedule difficult. As a result of his medical problems, Labovitz failed to answer discovery [or otherwise participate in the case].

744 So. 2d 745, 745 (Miss. 1999). The circuit court dismissed the case for failure to respond to discovery and denied the Palmers' subsequent Rule 60 motion to set the dismissal aside. The Supreme Court affirmed. Here, Plaintiffs' counsel argues she "started to suffer from wellness issues that interfered with her ability to accomplish daily tasks" "[s]ometime in March or April of 2020" which resulted in her "struggling with lethargy, increased insomnia, and difficulty in completing personal and professional tasks [and] struggl[ing] with loneliness." However, Plaintiffs conceded that by June 24, 2020, counsel was attending bar association events. Yet, she still did not respond to discovery before the Court granted dismissal two months later—and after representing to defense counsel that responses were "99% finished" in March 2020.

"Rule 60(b) is not an escape hatch for litigants who had procedural opportunities afforded under other rules and who without cause failed to pursue those procedural remedies." *Id.* at 746. "While it is unfair to deny [the Mizes their] day in court because of the actions of [their] attorney, [this Court] must also consider the question in fairness to the defendant by making [it] continue to pay for plaintiffs['] counsel's mistakes through [its] own attorney's fees and . . . anxiety." *Id.*

ALCORN COUNTY
FILED
DEC 22 2020
CRYSTAL STARLING, CIRCUIT CL
BY

Plaintiffs ignored the Mississippi Rules of Civil Procedure; they ignored repeated deadlines set by agreement with defense counsel; and they ignored deadlines pursuant to an order from this Court. Their ongoing failure to provide discovery responses is harmful and unnecessarily unfair to Defendant, whose defense has been ham-strung for almost two years. Consistent with *Palmer*, Plaintiffs' excuses for failing to respond to discovery do not rise to the level of "exceptional circumstances" to warrant setting aside the judgment of dismissal pursuant to Rule 60(b).

"[T]he Rules were adopted for a reason: to provide a comprehensive and orderly framework for litigation, understandable by practitioners, judges, and litigants." *Federated Mut. Ins. Co. v. McNeal*, 943 So. 2d 658, 665 (Miss. 2006) (Diaz, J., dissenting). "While the end result in today's case may appear to be harsh, litigants must understand that there is an obligation to timely comply with the orders of our trial courts. . . . [T]he parties must take seriously their duty to comply with court orders. At some point the train must leave." *Bowie v. Montfort Jones Mem'l Hosp.*, 861 So. 2d 1037, 1043 (Miss. 2003). That point was reached in today's case on August 31, 2020.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiffs' Motion for Relief from Order of Dismissal is **DENIED.**

**ORDERED AND ADJUDGED** on this 16th day of December, 2020.

Michael P. Mills, Jr.

**MICHAEL P. MILLS, JR.**
**CIRCUIT JUDGE**

ADMINISTRATOR
DEC 16 2020

PROCESSED
FILED
DEC 22 2020
CRYSTAL MARTIN, CIRCUIT CLERK
BY

370
42

# FIRST CIRCUIT COURT DISTRICT OF MISSISSIPPI

POST OFFICE DRAWER 1100
TUPELO, MISSISSIPPI 38802-1100
TELEPHONE: (662) 432-2360
FACSIMILE: (662) 680-6078
www.firstcircuitcourt.ms.gov

**JUDGES**

PAUL S. FUNDERBURK

JOHN R. WHITE

KELLY L. MIMS

MICHAEL P. MILLS, JR.

Staff Attorney
Justin C. Moody
Email: jmoody@co.lee.ms.us
Phone: (662) 432-2362

Law Clerk
Bryce A. Montgomery
Email: bmontgomery@co.lee.ms.us
Phone: (662) 432-2361

Court Administrator
Angela Stewart
Email: astewart@leecoms.com
Phone: (662) 432-2366

Deputy Court Administrator
Jill S. Reinhard
Email: jreinhard@co.lee.ms.us
Phone: (662) 432-2364

December 16, 2020

Crystal Starling
Alcorn County Circuit Clerk
P.O. Box 430
Corinth, MS 38834

RE: Mize v. Shiloh Market
CV19-093(MM)A

Dear Ms. Starling:

Please find enclosed an original Order in the above referenced matter. Please file said Order. Also, please provide notice of this Order in accordance with the Rules.

*****The Mississippi Supreme Court recently issued a letter requesting an update on this matter. Please forward them a file-stamped copy of said Order. I believe you received a copy of their letter, but I am enclosing one as well. *****

Sincerely,

Justin C. Moody
First Circuit Court District Staff Attorney

Enclosure

ALCORN COUNTY
FILED
DEC 22 2020
CRYSTAL STARLING, CIRCUIT CLERK
BY ______

370
43

# Supreme Court of Mississippi
## Court of Appeals of the State of Mississippi
*Office of the Clerk*

D. Jeremy Whitmire
Post Office Box 249
Jackson, Mississippi 39205-0249
Telephone: (601) 359-3694
Facsimile: (601) 359-2407

*(Street Address)*
450 High Street
Jackson, Mississippi 39201-1082

e-mail:sctclerk@courts.ms.gov

12/09/2020

Hon. Crystal Starling
P.O. Box 430
Corinth, MS 388350430

**Re:** **Nancy Mize v. Shiloh Market, Inc.**
**No. 2020-TS-01119**
**Alcorn County Circuit Case# CV2019-093**

Our documentation of the above styled case needs to be updated. Please provide us with the present exact status of the "plaintiffs' motion for relief from order of dismissal."

Thank you for your assistance in this matter.

DSWhitmire
CLERK

cps

ALCORN COUNTY
FILED
DEC 22 2020
CRYSTAL STARLING, CIRCUIT CLERK
BY Kortni Smith D.C.

370
44

**Supreme Court of Mississippi**
**Court of Appeals of the State of Mississippi**
*Office of the Clerk*

D. Jeremy Whitmire
Post Office Box 249
Jackson, Mississippi 39205-0249
Telephone: (601) 359-3694
Facsimile: (601) 359-2407

*(Street Address)*
450 High Street
Jackson, Mississippi 39201-1082

e-mail:sctclerk@courts.ms.gov

12/09/2020

Hon. Crystal Starling
P.O. Box 430
Corinth, MS 388350430

**Re:** **Nancy Mize v. Shiloh Market, Inc.**
**No. 2020-TS-01119**
**Alcorn County Circuit Case# CV2019-093**

Our documentation of the above styled case needs to be updated. Please provide us with the present exact status of the "plaintiffs' motion for relief from order of dismissal."

Thank you for your assistance in this matter.

DJWhitmire

CLERK

cps

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

FILED
OCT 20 2020
OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

**NANCY MIZE and CHARLES MIZE,** **PLAINTIFFS**

**vs.** **CIVIL CASE NO. CV19-093RA**

**SHILOH MARKET, INC.** **DEFENDANT**

2020-TS-1119

**CERTIFICATE OF COMPLIANCE WITH RULE 11(b)(1)**

I, Jennifer L. Miller, attorney for appellants Nancy Mize and Charles Mize, certify that I have complied with M.R.A.P. 11(b) and that the estimated costs of preparing the designated record on appeal is $166.00 and I have on or before this day deposited that sum with the clerk of this Court.

Respectfully submitted,

THE GOLD LAW FIRM

Jennifer L. Miller (MS Bar #100550)
Attorney for Plaintiffs/Appellant
25 Dr. M. L. King, Jr. Ave.
Memphis, Tennessee 38103
901-244-5004
jmiller@dgoldlaw.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, postage prepaid, on this the 13th day of October, 2020.

Edd L. Peyton
Jared S. Renfroe
Spicer Rudstrom, PLLC
119 South Main, Suite 700
Memphis, Tennessee 38103

D. Jeremy Whitmire
Mississippi Supreme Court Clerk
Post Office Box 249
Jackson, Mississippi 39205-0249

Jennifer L. Miller, Esq.

THE GOLD
LAW FIRM

David A. Gold – Attorney
Claire O. Gold – Attorney
Jennifer L. Miller – Attorney*
Garry M. Burgoyne – Of Counsel*
Hannah G. Lerner – Paralegal
Madeline M. Goenner – Paralegal
Amanda D. Alsbrook – Paralegal
*Licensed in MS

FILED

OCT 20 2020

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

October 13, 2020

D. Jeremy Whitmire
Post Office Box 249
Jackson, Mississippi 39205-0249

Re: Mize v. Shiloh Market, Inc.
Case # 2020-TS-01119

Dear Mr. Whitmire:

Please find enclosed your service copy of our Certificate of Compliance with Rule 11(b)(1), which was forwarded this day to the Circuit Court Clerk of Alcorn County for filing with that court.

Do not hesitate to contact me with any questions or concerns.

Sincerely,

The Gold Law Firm

Jennifer L. Miller
(901) 244-5004 (direct)
(901) 405-0375 (fax)
jmiller@dgoldlaw.com

Cc: Edd L. Peyton
Jared S. Renfroe

**Landrum, Courtney E.**

**From:** efiling@courts.ms.gov on behalf of Attorney E-Filing Notice <efiling@courts.ms.gov>
**Sent:** Friday, October 09, 2020 12:58 PM
**To:** (Clerks Office)
**Subject:** Activity in Case 2020-TS-01119 Nancy Mize v. Shiloh Market, Inc. Appearance Form

**D. Jeremy Whitmire, Clerk**
**Mississippi Supreme Court and Court of Appeals**
**NOTICE OF ELECTRONIC CASE FILING**

**On June 6, 2013, the Supreme Court amended Rule 25 of the Mississippi Rules of Appellate Procedure and adopted the Appellate E-Filing Administrative Procedures. These procedures govern appellate e-filing in the Supreme Court of Mississippi and the Court of Appeals of the State of Mississippi. Beginning July 1, 2013, attorneys may file documents electronically in either appellate court. Appellate e-filing shall be mandatory in both Courts beginning January 1, 2014.**

**The document described below has been docketed in the current Supreme Court docketing system and does not need to be filed conventionally. Until further notice, the Supreme Court Clerk will maintain the docketing system presently in use in their office and maintain all case files and court records.**

**You may visit https://courts.ms.gov/mec/mec.php for further updates related to the project. For technical support, please contact the MEC help desk at 601-576-4650 or send an e-mail to helpdesk@mec.ms.gov.**

**Mississippi Electronic Courts**

**Notice of Electronic Filing**

**Your document has been submitted to the Mississippi Supreme Court Clerks Office.**
**Once the submitted document has been processed (5-10 minutes), it may be viewed on the case docket link(s) below.**

The following transaction was entered by Jared S. Renfroe on 10/09/2020 at 12:57 PM CDT.
**Case Name:** Nancy Mize v. Shiloh Market, Inc.
**Case Number:** 2020-TS-01119
**Filer(s):** Shiloh Market, Inc.
**Document Filed:** Appearance Form - Jared S. Renfroe

**2020-TS-01119 Notice has been electronically mailed to:**

Jennifer L. Miller jmiller@dgoldlaw.com, jmbermel@gmail.com
Edricke L. Peyton epeyton@spicerfirm.com, msanders@spicerfirm.com
Jared S. Renfroe Jrenfroe@spicerfirm.com, msanders@spicerfirm.com

**2020-TS-01119 Parties to the Case:**

Nancy Mize(Appellant)
Charles Mize(Appellant)
Shiloh Market, Inc.(Appellee)

**The following document(s) are associated with this transaction:**

**Document description:** Main Document
**Original filename:** Local - Appearance Form - JSR.pdf
**Electronic document Stamp:**
[STAMP [Date=2020-10-09][FileNumber=43476-0][196645c1d1122f3159818871de02efa2e2415b8de0dc6480f79f1bbd02a74a1662334d27dc9343cd7f53017cae31fd

**Landrum, Courtney E.**

**From:** efiling@courts.ms.gov on behalf of Attorney E-Filing Notice <efiling@courts.ms.gov>
**Sent:** Friday, October 09, 2020 12:52 PM
**To:** (Clerks Office)
**Subject:** Activity in Case 2020-TS-01119 Nancy Mize v. Shiloh Market, Inc. Appearance Form

**D. Jeremy Whitmire, Clerk**
**Mississippi Supreme Court and Court of Appeals**
**NOTICE OF ELECTRONIC CASE FILING**

**On June 6, 2013, the Supreme Court amended Rule 25 of the Mississippi Rules of Appellate Procedure and adopted the Appellate E-Filing Administrative Procedures. These procedures govern appellate e-filing in the Supreme Court of Mississippi and the Court of Appeals of the State of Mississippi. Beginning July 1, 2013, attorneys may file documents electronically in either appellate court. Appellate e-filing shall be mandatory in both Courts beginning January 1, 2014.**

**The document described below has been docketed in the current Supreme Court docketing system and does not need to be filed conventionally. Until further notice, the Supreme Court Clerk will maintain the docketing system presently in use in their office and maintain all case files and court records.**

**You may visit https://courts.ms.gov/mec/mec.php for further updates related to the project. For technical support, please contact the MEC help desk at 601-576-4650 or send an e-mail to helpdesk@mec.ms.gov.**

**Mississippi Electronic Courts**

**Notice of Electronic Filing**

**Your document has been submitted to the Mississippi Supreme Court Clerks Office.**
**Once the submitted document has been processed (5-10 minutes), it may be viewed on the case docket link(s) below.**

The following transaction was entered by Edricke L. Peyton on 10/09/2020 at 12:51 PM CDT.
**Case Name:** Nancy Mize v. Shiloh Market, Inc.
**Case Number:** 2020-TS-01119
**Filer(s):** Shiloh Market, Inc.
**Document Filed:** Appearance Form - Edricke L Peyton

**2020-TS-01119 Notice has been electronically mailed to:**

| | |
|---|---|
| Jennifer L. Miller | jmiller@dgoldlaw.com, jmbermel@gmail.com |
| Edricke L. Peyton | epeyton@spicerfirm.com, msanders@spicerfirm.com |
| Jared S. Renfroe | Jrenfroe@spicerfirm.com, msanders@spicerfirm.com |

**2020-TS-01119 Parties to the Case:**

Nancy Mize(Appellant)
Charles Mize(Appellant)
Shiloh Market, Inc.(Appellee)

**The following document(s) are associated with this transaction:**

**Document description:** Main Document
**Original filename:** Local - Appearance Form - ELP.pdf
**Electronic document Stamp:**
[STAMP [Date=2020-10-09][FileNumber=43474-0][1ed6ab7917ed3f949ae9a03f85d8b246cc617d8399283a08a2b7ea4a7951e4fd78c50a322c63ea36b038b9c76618dt

**Landrum, Courtney E.**

**From:** efiling@courts.ms.gov on behalf of Attorney E-Filing Notice <efiling@courts.ms.gov>
**Sent:** Thursday, October 08, 2020 4:39 PM
**To:** (Clerks Office)
**Subject:** Activity in Case 2020-TS-01119 Nancy Mize v. Shiloh Market, Inc. Appearance Form

**D. Jeremy Whitmire, Clerk**
**Mississippi Supreme Court and Court of Appeals**
**NOTICE OF ELECTRONIC CASE FILING**

**On June 6, 2013, the Supreme Court amended Rule 25 of the Mississippi Rules of Appellate Procedure and adopted the Appellate E-Filing Administrative Procedures. These procedures govern appellate e-filing in the Supreme Court of Mississippi and the Court of Appeals of the State of Mississippi. Beginning July 1, 2013, attorneys may file documents electronically in either appellate court. Appellate e-filing shall be mandatory in both Courts beginning January 1, 2014.**

**The document described below has been docketed in the current Supreme Court docketing system and does not need to be filed conventionally. Until further notice, the Supreme Court Clerk will maintain the docketing system presently in use in their office and maintain all case files and court records.**

**You may visit https://courts.ms.gov/mec/mec.php for further updates related to the project. For technical support, please contact the MEC help desk at 601-576-4650 or send an e-mail to helpdesk@mec.ms.gov.**

**Mississippi Electronic Courts**

**Notice of Electronic Filing**

**Your document has been submitted to the Mississippi Supreme Court Clerks Office.**
**Once the submitted document has been processed (5-10 minutes), it may be viewed on the case docket link(s) below.**

The following transaction was entered by Jennifer L. Miller on 10/08/2020 at 04:38 PM CDT.

| | |
|---|---|
| **Case Name:** | Nancy Mize v. Shiloh Market, Inc. |
| **Case Number:** | 2020-TS-01119 |
| **Filer(s):** | Nancy Mize<br>Charles Mize |
| **Document Filed:** | Appearance Form - Jennifer L. Miller |

**2020-TS-01119 Notice has been electronically mailed to:**

| | |
|---|---|
| Jennifer L. Miller | jmiller@dgoldlaw.com, jmbermel@gmail.com |
| Edricke L. Peyton | epeyton@spicerfirm.com, msanders@spicerfirm.com |
| Jared S. Renfroe | Jrenfroe@spicerfirm.com, msanders@spicerfirm.com |

**2020-TS-01119 Parties to the Case:**

Nancy Mize(Appellant)
Charles Mize(Appellant)
Shiloh Market, Inc.(Appellee)

**The following document(s) are associated with this transaction:**

**Document description:** Main Document
**Original filename:** Local - JLM Appearance Form.pdf
**Electronic document Stamp:**
[STAMP [Date=2020-10-08][FileNumber=43450-0][4238fab0e87c482a8105c268d509521b0b4807d1187c99c33c3503266aa15cfa9a4e3db5f4eed91b4e6d4e15556e6e

**Supreme Court of Mississippi**
**Court of Appeals of the State of Mississippi**
*Office of the Clerk*

D. Jeremy Whitmire
Post Office Box 249
Jackson, Mississippi 39205-0249
Telephone: (601) 359-3694
Facsimile: (601) 359-2407

*(Street Address)*
450 High Street
Jackson, Mississippi 39201-1082

e-mail:sctclerk@courts.ms.gov

10/08/2020

Crystal Starling
P.O. Box 430
Corinth, MS 388350430

Re: Nancy Mize v. Shiloh Market, Inc.
No. 2020-TS-1119
Alcorn County Circuit Case# CV2019-093

We have received the notice of appeal in the above styled case without a filing fee and have invoiced your office. Please forward the filing fee to this office within (7) days of the date of this notice.

If In Forma Pauperis has been granted in this case, please provide a copy of the order. Should a motion for In Forma Pauperis be pending, please promptly provide a copy of the order when decided.

Thank you.

DSWhitmire

**CLERK**

cc: all counsel

2020-TS-1119

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

FILED

OCT 08 2020

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

| | | |
|---|---|---|
| NANCY MIZE and CHARLES MIZE, | | PLAINTIFFS |
| vs. | | CIVIL CASE NO. CV19-093RA |
| SHILOH MARKET, INC. | | DEFENDANT |

**PLAINTIFFS' MOTION FOR RELIEF FROM ORDER OF DISMISSAL**

Pursuant to Rule 60(b)(6), the Plaintiffs, Nancy Mize and Charles Mize hereby move for relief from this Court's Order on Defendant's Renewed Motion to Compel and for Sanctions dismissing this matter. As will be shown below, this order should be set aside because the Defendant did not present sufficient information to this Court in its motion to enable this Court to consider whether dismissal as a sanction for discovery violations was appropriate in this matter. Further, Plaintiffs were not provided notice that sanctions were being considered by this Court prior to this matter being dismissed. Therefore, the Plaintiffs were not provided an opportunity to be heard prior to dismissal, which further precluded this Court's from considering all of the relevant factors necessary to determine whether dismissal was the appropriate sanction. Plaintiffs respectfully submit that this Court did not have sufficient information available to it to consider whether dismissal was the most appropriate discovery sanction to impose.

Therefore, Plaintiffs' respectfully pray that this Court set aside its order dismissing this case entered on September 3, 2020, reinstate the cause on the court docket, and grant Plaintiffs leave to serve discovery responses within 10 days of the entry of the order reinstating this matter. In the alternative, Plaintiffs request the order of dismissal be set aside and the Plaintiffs be provided an opportunity to present evidence at a hearing so this Court may consider all relevant factors to determine whether dismissal is an appropriate discovery sanctions against Plaintiffs in this matter.

ALCORN COUNTY
FILED
OCT 02 2020
CRYSTAL STARLING, CIRCUIT CLERK
BY [signature] D.C.

**PERTINENT PROCEDUREL HISTORY**

This case concerns injuries sustained by Nancy Mize because of a fall. The Plaintiffs allege that Mrs. Mize was walking through Shiloh Market when she tripped over a broom that was left protruding from behind a refrigerated case by a store employee. She fell and suffered severe injuries to her neck, back, right knee and right shoulder, some of which are permanent. Mrs. Mize sought treatment from approximately 30 different medical providers from December 2016 through November of 2018. She has incurred medical bills totaling over $400,000.00.

Plaintiff filed suit in this matter on February 11, 2019. Plaintiff's Interrogatories and Requests for Production of Documents were served with the Complaint. The Defendant filed an Answer to the Complaint on March 4, 2019 and served its discovery upon the Plaintiff on March 5, 2019. Defendant filed its Answers to Plaintiffs' discovery on March 19, 2019. The Defendant filed a motion to compel Plaintiff's discovery responses on June 6, 2019. The parties conferred on multiple occasions regarding the Plaintiff's outstanding discovery. There was an agreement reached between the parties that Plaintiff's responses would be served by January 2, 2020.

Unfortunately, the January 2, 2020 deadline passed, and responses were not served. However, this deadline was not missed out of any disregard to Plaintiffs' discovery obligations, rather, undersigned counsel was terminated suddenly and unexpectedly from her employment with her former firm on December 2, 2020. Undersigned counsel left her office within ten minutes of being told that she had been let go. The Plaintiffs remained a client of Morgan & Morgan after December 2, 2020. On January 26, 2020, Plaintiffs retained undersigned counsel and her new law firm, The Gold Law Firm.

Subsequently, the Parties' counsel conferred and agreed upon a new deadline of March 16, 2020 for service of Plaintiff's responses to Defendant's discovery and a Consent Order

memorializing this agreement was entered on February 18, 2020. Undersigned counsel and Plaintiff worked diligently to meet this agreed deadline. As of March 16, 2020, the draft responses were substantially complete; however, undersigned counsel misjudged how long it would take to prepare all of materials for production without the help of support staff. On March 17, 2020, undersigned counsel emailed counsel for Defendant and apologized for the delay and told Defense counsel that she anticipated that the discovery would be served the following day, March 18th, 2020. However, after sending the email, undersigned counsel found some errors related to the claimed medical expenses and that some work was still needed to sort the related medical expenses from the unrelated medical expenses.

On the afternoon of March 19, 2020, Memphis City Mayor Jim Strickland declared a civil state of emergency due to COVID-19 and issued his first of many orders that shut down much of the city of Memphis. Undersigned counsel spent several days moving her office files and hardware from work to home. The first few weeks working from home caused significant frustration due to ongoing connectivity issues and hardware problems. Numerous hardware problems caused significant inefficiencies and delays. It was a struggle through much of the month of March to accomplish much of anything due to technical difficulties.

Sometime in March or April of 2020, undersigned counsel started to suffer from wellness issues that interfered with her ability to accomplish daily tasks. Counsel for defendant reached out to counsel for Plaintiff to confer about the outstanding discovery responses on April 2, 2020 and April 13, 2020, undersigned counsel made no response. By this time, undersigned counsel was struggling with lethargy, increased insomnia, and difficulty in completing personal and professional tasks. Undersigned counsel struggled daily with loneliness. Working alone at home with no support staff and very little interaction with anyone took a toll on undersigned counsel.

Initially, undersigned counsel did not understand the impact from these changes.

On Monday, April 27, 2020, counsel opposite indicated that if responses were not received by Wednesday, April 29, 2020 he would file a motion with this Court. Counsel opposite was trying to work with Plaintiffs and was being lenient due to all of this issues everyone was dealing with due to COVID-19. However, Plaintiff's discovery responses were not served. Defense counsel emailed undersigned counsel to confer about the significantly past-due discovery responses on May 2, 2020. The motion that followed was filed on May 20, 2020 – Defendant's Renewed Motion to Compel and for Sanctions. Defense counsel reached out to Plaintiffs' counsel to reassure her that the Defendant was not trying to get the case dismissed and undersigned counsel tried to explain what still needed to be done to serve the responses. Still the responses were not served.

After the May 2, 2020 email, counsel for the parties had two subsequent conversations regarding the past due discovery responses. The first was a telephone call in late May or early June and the last consultation had was an in-person conversation that took place on June 24, 2020 when counsel for the parties inadvertently crossed paths at a bar association event.

On August 27, 2020, a proposed order granting Defendant's motion for sanctions filed on May 20, 2020 and seeking dismissal of Plaintiffs' case was forwarded to this Court for its consideration without prior notice to Plaintiffs or their counsel. Although the Order contains a signature line for Plaintiffs' counsel, the proposed order was not presented to Plaintiffs' counsel at any time before it was presented to the Court for entry. On August 31, 2020, this Court signed the Order and it was entered on September 3, 2020, dismissing this matter.

The Order was received by Plaintiffs' counsel on September 8, 2020. Plaintiffs received no notice that the Defendants were presenting the issue of sanctions to this Court prior to entry of

the order dismissing this matter.

## LEGAL STANDARD

Mississippi Rules of Civil Procedure Rule 60(b)(6) state that "upon such terms as are just, the court may relieve a party or his legal representative from a final . . . order . . . for . . . any . . . reason justifying relief . . ." This court has discretion to determine whether to impose sanctions for discovery abuses and has great latitude in determining what sanctions are appropriate. *City of Jackson v. Rhaly*, 95 So.3d 657, 660 (¶ 7) (Miss. App. 2011). "Nonetheless, 'the trial court should dismiss a cause of action for failure to comply with discovery only under the most extreme circumstances.'" *Id.* (*citing Pierce v. Heritage Props., Inc.*, 688 So.2d 1385, 1388 (Miss.1997).

"Rule 37 of the Mississippi Rules of Civil Procedure is designed to vest with the trial court great latitude in deciding when and what sanctions will be imposed for a discovery violation." *Id.* at 660 (¶ 8) (*citing Marshall v. Burger King*, 2 So.3d 702, 706 (¶ 8) (Miss.Ct.App.2008)). Yet, the Mississippi Supreme Court has cautioned that the ultimate sanction of dismissal is to be used only as a last resort. *See id.* at 661 (¶ 9) (*citing Robert v. Colson*, 729 So.2d 1243, 1247–48 (¶ 28) (Miss.1999)).

The Mississippi Supreme Court has enumerated four factors this Court must evaluate when considering whether dismissal is an appropriate discovery sanction. *Tucker v. Delta Reg'l Med. Ctr.*, 189 So.3d 690, 693 (¶ 7) (Miss. App. 2016) (*citing Chambers v. Brown*, 66 So.3d 1269, 1272 (¶ 12) (Miss.Ct.App.2011); *see also Pierce v. Heritage Props., Inc.*, 688 So.2d 1385, 1389 (Miss.1997)).

These factors include:

> (1) whether the discovery violation resulted from willfulness or an inability to comply; (2) whether the deterrent value of [Mississippi] Rule [of Civil Procedure] 37 could ... have been achieved through lesser sanctions; (3) whether the other party's trial preparation [was] prejudiced; (4) whether the failure to

> comply [was] attributable to the party itself, or [the party's] attorney; and (5) whether the failure to comply was a consequence of simple confusion or a misunderstanding of the trial court's order.

*Tucker* 189 So.3d at 693 (¶ 8) (*citing Young v. Merritt*, 40 So.3d 587, 589–90 (¶ 10) (Miss.Ct.App.2009)). "Dismissal for discovery violations is a 'draconian' remedy or a 'remedy of last resort,' only to be applied in extreme circumstances." *White v. White*, 509 So.2d 205, 209 (Miss. 1987). Extreme circumstances do not exist here.

## ARGUMENT

Plaintiffs respectfully submit that this Court's order dismissing Plaintiffs' case should be set aside for three reasons. First, sufficient evidence was not presented to this Court to permit it to determine whether dismissal was an appropriate sanction for discovery violations under Mississippi law. Second, the Defendant gave no notice to Plaintiff that sanctions were being considered by this Court or that no further extensions would be permitted. And finally, extreme circumstances warranting dismissal did not exist in this case.

For the foregoing reasons and those set out more fully below, Plaintiffs request that this Court set aside its September 3, 2020 order dismissing this case, reinstate the matter on the court's docket and permit Plaintiffs 10 days to respond to Defendant's discovery, or scheduling a hearing to permit Plaintiffs' to present evidence to this Court to enable it to determine whether the imposition of the ultimate sanction od dismissal was appropriate here.

### A. Sufficient evidence was not presented to permit this Court to determine whether Dismissal was an Appropriate Sanction.

Plaintiffs respectfully submit that dismissal was not appropriate in the case at bar where appropriate evidence was not presented to this Court to enable it to consider whether Plaintiffs' discovery violations were willful, whether lesser sanctions would have been sufficient to achieve the deterrent value of Rule 37, whether the Defendant's preparation for trial was substantially

prejudiced, and whether the neglect was that of Plaintiffs' counsel or the clients themselves. These factors are outlined by the Mississippi Supreme Court as considerations to "assist in evaluating whether dismissal is an appropriate sanction for a discovery violation." *City of Jackson v. Rhaly*, 95 So.3d 657, 660 (¶ 9) (Miss. App. 2011) These factors, although not "absolute requirements" *Marshall v. Burger King*, 2 So.3d 702, 706 (¶ 8) (Miss.Ct.App.2008), are considerations that should be weighed in evaluating whether dismissal is an appropriate sanction. *Id.* at 706 (¶ 9).

The Mississippi Supreme Court has held that "in a proper case willfulness or bad faith may be so clearly demonstrated that neither a particular finding (nor consideration of the other factors . . . ) will be necessary to uphold the imposition of ultimate sanctions." *White*, 509 So.2d at 208 (Miss.1987). However the *White* Court cautioned that those cases are rare and suggested that "findings on the legal and factual determinations necessary to support imposition of the most severe sanctions aid [the appellate courts] in determining whether discretion has been appropriately exercised." *Id.* at 208 n.1.

Here, the four factors were not considered by this Court prior to the imposition of dismissal as a sanction. The factors are not addressed in the order dismissing the case prepared by the Defendant for this Court's consideration. No hearing was had before entry of the order dismissing the case. Further, no notice was provided to Plaintiffs that the court was considering dismissing the case before the order dismissing the case was entered. Although the Defendant prepared a signature line for Plaintiffs' counsel at the bottom of the order, the order was sent to the court without any prior notice to or consultation with Plaintiffs' counsel. Therefore, Plaintiffs presented no information or argument to this Court for its consideration related to the appropriateness of dismissal as a sanction for discovery violations.

This court only considered the dates constituting the delay before imposing the sanction of

dismissal for Plaintiffs' failure to serve discovery responses. "Dismissal is authorized only when the failure to comply with the court's order results from willfulness or bad faith, and not from the inability to comply." *Id.* at 208. No information was presented to this Court regarding the circumstances of the delay. No information was presented to this court regarding the multiple communications between the Parties' counsel regarding the outstanding discovery and the multiple extensions consented to by Defendant. No information was considered by this Court to determine whether Plaitniffs' failure to serve discovery responses resulted from an inability to comply rather than from willfulness.

In addition, The Mississippi Supreme Court has stated that "willfulness or bad faith alone might not substantiate the imposition of ultimate sanctions." *Id.* "Willfulness or bad faith is a minimum requirement, but there are several other factors to consider." *Id.* It is clear that these other factors utilized to determine whether a trial court's decision is within its discretion were not considered by this Court because the factors were not presented to the court and the information necessary to consider the factors was not presented to this Court. Therefore, Plaintiffs respectfully request that this court reconsider its order entered on September 3, 2020, dismissing Plaintiffs' case, set aside the order and reinstate this matter on the Court's docket and permit Plaintiffs to present information relevant to the factors at a hearing on the matter, if necessary. Or otherwise permit Plaintiffs leave to respond to Defendant's discovery out of time.

**B. Notice of the Consideration of Sanctions not Provided**

In *Holly v. Harrah's Tunica Corp.*, the Mississippi Court of Appeals held that "our rules clearly required that the defendants give the plaintiffs notice of the motion [to dismiss for failure to comply with a court order] and at least five days to respond." *See* 962 So.2d 136, 140 (¶ 21) (Miss.Ct.App.2007). In *Holly*, the trial court ordered Plaintiffs to notify the court of the identity of Plaintiffs' new counsel and after the deadline passed, the defendant filed a motion with the court

seeking to dismiss the case. *See id.* at 140 (¶¶ 20-21). The motion was served upon the plaintiff one day before the order dismissing the case was entered. *Id.* *140 (¶ 21).* There was no hearing set on the motion and the plaintiff was not permitted adequate time to respond to the motion after it was filed. *Id.* The *Holly* Court held that "procedural requirements were not followed and proper notice was not permitted by the court's action." *Id.* Relying upon Rule 6(d) of the Mississippi Rules of Civil Procedure the *Holly* held that "our rules clearly required that the defendants give the plaintiffs proper notice of the motion and at least five days to respond. The court explained that the timing of the entry of the order, entered one day after the motion to dismiss was served upon the plaintiffs "failed to allow the plaintiffs' proper notice or an opportunity to be heard." *Id.*

This matter is analogous to the *Holly* case. In the case at bar, Plaintiffs were not aware that this Court was considering Defendants' motion for sanctions until after the order dismissing the case was entered by this Court. Although the circumstances are not directly analogous to the *Holly* case, because Defendant's motion had been filed in May, the circumstances are very similar because the Plaintiffs were not aware the this Court was considering the grounds presented in the motion until after the case was dismissed. Although the motion had been pending for several months, in May when Defendant's Renewed Motion to Compel and for Sanctions was filed, counsel Renfroe for the Defendants called counsel for Plaintiff and told her not to be concerned that the Defendant was not trying to get the case dismissed. After counsel for the Defendant specifically stated that they were not seeking to have the matter dismissed over the delayed discovery responses, the parties continued to confer regarding the past due discovery. Sanctions were never mentioned. Specific deadlines were not agreed upon. Counsel for Defendant did not express a sense of urgency to counsel for the Plaintiff regarding the past due discovery. The Defendant gave no notice to Plaintiffs that additional time would not be granted to enable Plaintiffs

to respond. Other than the filing of the motion in May, no notice was provided to the Plaintiffs that the issues of sanctions would be brought before this Court at any time. Plaintiffs received no communication from counsel for the Defendant at any time regarding any change in circumstances between the parties regarding the outstanding discovery responses. Not only did the Defendant fail to notify Plaintiffs that the Defendant was proceeding with its motion to dismiss the case, it further failed to make any communication to Plaintiffs that it would no longer acquiesce in Plaintiffs delays in responding to the discovery.

At no time during the pendency of this action did counsel for defendant communicate to counsel for the plaintiff that they intended to seek sanctions for plaintiffs' discovery delays. Rather, when the Renewed Motion to Compel and for Sanctions was filed, counsel for defendant specifically indicated that Defendants were not seeking to have the case dismissed. Further, when the proposed order was submitted to this Court for entry, the Defendants did not present the proposed order to Plaintiff's counsel before it was presented to this Court. Plaintiffs received no notice that the proposed order was being presented to this Court before it was entered. Further, no communication or warning was presented to undersigned counsel suggesting that the Defendant had changed its position regarding the outstanding responses. At the time that the proposed order dismissing this matter was sent to the court and served upon counsel for the Plaintiff, the Plaintiffs were unaware that the Defendant no longer permitted Plaintiffs additional time to respond.

The Order of Dismissal was entered before Plaintiffs were aware a sanctions motion was being considered by this Court. Further, there was no hearing on Defendant's motion. Therefore, Plaintiffs were not given an opportunity to be heard, as they were not aware that this Court was considering the imposition of sanctions before the case was dismissed. Plaintiffs respectfully suggest that the Defendant should have given Plaintiffs adequate notice that it was seeking the

imposition of sanctions, including dismissal of the action, prior to entry of the order dismissing this case. (*See Holly v. Harrah's Tunica Corp.*, 962 So.2d 136, 140 (¶ 21) (Miss.Ct. App. 2007). As no notice was provided, the order of dismissal should be set aside, the matter reinstated on the docket, and the Plaintiffs be permitted five days to respond to Defendant's discovery requests.

**C. Extreme circumstances are not present to substantiate dismissal.**

A "trial court should dismiss a cause of action for failure to comply with discovery only under the most extreme circumstances. " *Pierce v. Heritage Props., Inc.*, 688 So.2d 1385, 1388 (Miss.1997). Even if this Court determines Plaintiffs' delay was willful or in bad faith, there are three other factors that should be considered by this court. First, "Dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions." *White v. White*, 509 So.2d 205, 209 (Miss.1987) (*citing Marshall v. Segona*, 621 F.2d 763, 768 (5th Cir.1980)). Here, there is no record indicating that this Court considered lesser sanctions before the case was dismissed. "Lessor sanctions include fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, . . . and explicit warnings." *See Cox v. Cox*, 976 So. 2d 871, 876 (¶ 24). A multitude of different sanctions could have been considered in this matter prior to dismissal. No determination was made by this court regarding the appropriateness of lesser sanctions.

"Another consideration is whether the other party's preparation for trial was substantially prejudiced." The Defendant's trial preparation is not prejudiced where a matter is not set for trial. *Tucker v. Delta Reg'l Med. Ctr.*, 189 So.3d 690, 694 (¶ 12) (Miss. App. 2016).

In *White v. White*, the court of appeals set out the four factors[1] considered by it in determining whether a trial court has abused its discretion when imposing the ultimate sanction of

[1] "First, dismissal is authorized only when the failure to comply with the court's order results from willfulness or bad faith, and not from the inability to comply. Next, dismissal is proper only in situations where the deterrent value of

dismissal and noted that the trial court had made no findings regarding the four factors. 509 So.2d 205, 209 (Miss.1987). The *White* Court held that the lack of prejudice to the other party and the availability of lesser sanctions warranted reversal of the trial court's use of dismissal as a sanction for a discovery violation. The *White* court stated, "obviously, findings by the sanctioning court on these considerations would also be beneficial to this Court on review." In the case at bar, the Defendants presented no information on any of these four factors to be considered by this Court outside of the date that the discovery was served. Like in *White*, here there is no prejudice to Defendant and lesser sanctions would be available that would have sufficiently deterred the discovery violation presented. The Motion and proposed order as they were presented to this Court, without explanation or context, suggest by omission that Plaintiffs had failed to cooperate in the discovery process from the beginning of March 2019 through the end of August 2020. This constitutes a delay of almost one and a half years. However, had the full circumstances been presented to this Court in Defendants motion, or had Plaintiff had notice that this Court was considering sanctions and had an opportunity to present evidence at a hearing to consider whether dismissal was an appropriate sanction for Plaintiffs discovery violations, this Court would have heard evidence to show that the Plaintiffs were cooperating with the Defendant and that the Defendant had at best agreed and at least acquiesced to permit Plaintiffs additional time to respond to the outstanding discovery until after June 24, 2020. Therefore, upon closer examination, the Plaintiffs' delay that occurred outside of the Defendant's extensions is only a couple of months, at most. Plaintiffs submit that an unexplained two-month delay is not an extreme circumstance that

---

Rule 37 cannot be substantially achieved by the use of less drastic sanctions. Another consideration is whether the other party's preparation for trial was substantially prejudiced. Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders." *White v. White*, 509 So.2d 205, 208 (Miss. 1987) (*citing Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514 (5th Cir. 1985) (internal citations omitted).

warrants dismissal. Lesser sanctions should have been considered where the evidence, had it been presented to this Court, would have shown a potential failure to cooperate in discovery for two months, rather than a year and a half. Lesser sanctions were appropriate and Defendants suffered no substantial prejudice. Therefore, this Court should follow the reasoning of *White* and set aside the order dismissing this case.

The additional factors further support setting aside the order of dismissal. "[D]ismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders." *White* 509 So.2d at 208 (Miss. 1987). The Plaintiffs' failure to serve discovery responses in a more timely fashion was not due to the clients themselves. The initial delay was caused by undersigned counsel's termination from her former law firm. Subsequent delays were caused by COVID-19 and undersigned counsel's struggles to adapt as she transitioned from working in a large firm with teams of support staff to essentially working as a solo practitioner. And finally, undersigned counsel's inability to complete the last little bit of work needed to be done to finalize Plaintiffs discovery responses in April and May, and through August of 2020 was caused by undersigned counsel's poor well-being. Further, undersigned counsel misunderstood that Defendant's position with regard the outstanding discovery responses had changed. Defendants had not communicated that no further extensions would be agreed to at any point and undersigned counsel held a sincere belief that the Defendant was still patiently waiting on the responses to be served up until the order dismissing the case was received. Although a Consent Order had been presented to this court compelling Plaintiffs to respond to Defendants discovery, the Parties' counsel had consulted regarding the outstanding responses and Plaintiffs were operating under the belief that the Defendants had agreed to extensions for time to comply

with this order as late as the end of June, 2020. Where neglect is plainly attributable to counsel rather than blameless clients dismissal may be inappropriate. *White* 509 So.2d at 208 (Miss. 1987). Where Plaintiffs' "simple negligence is grounded in confusion or sincere misunderstanding of the court' orders" dismissal may be inappropriate. *Id.* Plaintiffs' respectfully submit that both circumstances are present in the case at bar.

"[D]ismissal for discovery violations is a 'draconian' remedy or a 'remedy of last resort,' only to be applied in extreme circumstances." *Id.* at 209. Plaintiffs respectfully submit that extreme circumstances are not present here. Therefore, Plaintiffs respectfully request that this Court set aside its order of dismissal, reinstate the case on the docket and permit Plaintiffs five days to serve discovery responses in this matter after receipt of entry of this court's order setting aside the dismissal. In the alternative, Plaintiffs respectfully request this Court set aside its order dismissing its case to permit Plaintiffs to present evidence in support of their contention that the sanction of dismissal was not an appropriate sanction in this matter.

Respectfully submitted,

GOLD LAW FIRM

Jennifer L. Miller (MS Bar #100550)
Attorney for Plaintiffs
25 Dr. M. L. King, Jr. Ave.
Memphis, Tennessee 38103
Phone: (901) 244-5004
Fax: (901) 405-0375
jmiller@dgoldlaw.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, postage prepaid, on this the 1st day of October, 2020.

Edd L. Peyton
Jared S. Renfroe
Spicer Rudstrom, PLLC
119 South Main, Suite 700
Memphis, Tennessee 38103

Jennifer L. Miller, Esq.

**CRYSTAL STARLING**
CLERK OF THE CIRCUIT COURT

POST OFFICE BOX 430
ALCORN COUNTY
CORINTH, MISSISSIPPI 38835
PHONE: 662-286-7740

2020-TS-1119

---

Supreme Court
450 High Street
Post Office Box 249
Jackson, MS
39205-0249

Date: 10/6/2020

RE:

Nancy Mize and Charles Mize

VS. Cause Number CV2019-093RA

Shiloh Market, Inc.

Court Clerk,

Please find enclosed the above styled and numbered appeal.

1. $200.00 Check No.1234
2. Supreme Court Letter
3. Certified Copy of Docket Page
4. Certified Copy of Order
5. Notice of Appeal
6. Civil Appeal Cover Sheet

Thank you for your attention to this matter. If you have any questions, please do not hesitate to call me.

Yours Truly,

[signature]

Deputy Clerk

CIRCUIT COURT ALCORN COUNTY, MISS.

**CRYSTAL STARLING**
CLERK OF THE CIRCUIT COURT

POST OFFICE BOX 430
ALCORN COUNTY
CORINTH, MISSISSIPPI 38835
PHONE: 662-286-7740

2020-TS-1119

Nancy Mize and Charles Mize

VS CV2019-093RA

Shiloh Market, Inc.

FILED OCT 0

COURT REPORTER: N/A

TRIAL COURT JUDGE: Honorable Michael P. Mills, Jr.

PAUPER'S OATH: ☐ YES ☒ NO

A cost bill will be enclosed in the record when filed.

Kalee Smith, D.C.
Deputy Clerk

CIRCUIT COURT ALCORN COUNTY, MISS.

2020-TS-1419

# COVER SHEET

## Civil Case Filing Form

*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court Form AOC/01
Administrative Office of Courts (Rev 2016)

Court Identification Docket #: County # | Judicial District | Court ID (CH, CI, CO)
Month | Date | Year
This area to be completed by clerk

Case Docket Number | Local Docket ID
Case Number if filed prior to 1/1/94

STATE OF MS, ALCORN COUNTY
CERTIFIED A TRUE COPY
OCT 06 2020
CRYSTAL STARLING, CIRCUIT CLERK
B ______ D.C.

In the CIRCUIT Court of ALCORN County — Judicial District

**Origin of Suit (Place an "X" in one box only)**

- [X] Initial Filing
- [ ] Remanded
- [ ] Reinstated
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual: Mize (Last Name) | Nancy (First Name) | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV

____ Check ( x ) if Individual Plainitiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ____

____ Check ( x ) if Individual Planitiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency ____

FILED
OCT 06 20__

Business ____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

____ Check ( x ) if Business Planitiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A ____

Address of Plaintiff: 19 CR 238, Corinth, Mississippi 38834

Attorney (Name & Address): Jennifer L. Miller, One Commerce Square, Suite 2600, Memphis, TN 38103 — MS Bar No. 100550

____ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney

Signature of Individual Filing: ____

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual: Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV

____ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ____

____ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency ____

Business: Shiloh Market, Inc., Mississippi corporation
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

____ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A ____

Attorney (Name & Address) - If Known ____ MS Bar No. ____

___ **Check ( x ) if child support is contemplated as an issue in this suit.***
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

**Domestic Relations**
- [ ] Child Custody/Visitation
- [ ] Child Support
- [ ] Contempt
- [ ] Divorce:Fault
- [ ] Divorce: Irreconcilable Diff.
- [ ] Domestic Abuse
- [ ] Emancipation
- [ ] Modification
- [ ] Paternity
- [ ] Property Division
- [ ] Separate Maintenance
- [ ] Term. of Parental Rights-Chancery
- [ ] UIFSA (eff 7/1/97; formerly URESA)
- [ ] Other ____

**Appeals**
- [ ] Administrative Agency
- [ ] County Court
- [ ] Hardship Petition (Driver License)
- [ ] Justice Court
- [ ] MS Dept Employment Security
- [ ] Municipal Court
- [ ] Other ____

**Business/Commercial**
- [ ] Accounting (Business)
- [ ] Business Dissolution
- [ ] Debt Collection
- [ ] Employment
- [ ] Foreign Judgment
- [ ] Garnishment
- [ ] Replevin
- [ ] Other ____

**Probate**
- [ ] Accounting (Probate)
- [ ] Birth Certificate Correction
- [ ] Mental Health Commitment
- [ ] Conservatorship
- [ ] Guardianship
- [ ] Heirship
- [ ] Intestate Estate
- [ ] Minor's Settlement
- [ ] Muniment of Title
- [ ] Name Change
- [ ] Testate Estate
- [ ] Will Contest
- [ ] Alcohol/Drug Commitment (Involuntary)

- [ ] Alcohol/Drug Commitment (Voluntary)
- [ ] Other

**Children/Minors - Non-Domestic**
- [ ] Adoption - Contested
- [ ] Adoption - Uncontested
- [ ] Consent to Abortion
- [ ] Minor Removal of Minority
- [ ] Other ____

**Civil Rights**
- [ ] Elections
- [ ] Expungement
- [ ] Habeas Corpus
- [ ] Post Conviction Relief/Prisoner
- [ ] Other ____

**Contract**
- [ ] Breach of Contract
- [ ] Installment Contract
- [ ] Insurance
- [ ] Specific Performance
- [ ] Other ____

**Statutes/Rules**
- [ ] Bond Validation
- [ ] Civil Forfeiture
- [ ] Declaratory Judgment
- [ ] Injunction or Restraining Order
- [ ] Other ____

**Real Property**
- [ ] Adverse Possession
- [ ] Ejectment
- [ ] Eminent Domain
- [ ] Eviction
- [ ] Judicial Foreclosure
- [ ] Lien Assertion
- [ ] Partition
- [ ] Tax Sale: Confirm/Cancel
- [ ] Title Boundary or Easement
- [ ] Other ____

**Torts**
- [ ] Bad Faith
- [ ] Fraud
- [ ] Intentional Tort
- [X] Loss of Consortium
- [ ] Malpractice - Legal
- [ ] Malpractice - Medical
- [ ] Mass Tort
- [ ] Negligence - General
- [ ] Negligence - Motor Vehicle
- [X] Premises Liability
- [ ] Product Liability
- [ ] Subrogation
- [ ] Wrongful Death
- [ ] Other ____

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

________ JUDICIAL DISTRICT, CITY OF ________

STATE OF MS, ALCORN COUNTY
CERTIFIED A TRUE COPY
OCT 06 2020
CRYSTAL STARLING, CIRCUIT CLERK
BY ________ D.C.

Docket No. ________ - ________ ________
File Yr Chronological No. Clerk's Local ID

Docket No. If Filed Prior to 1/1/94 ________

**PLAINTIFFS IN REFERENCED CAUSE - Page 1 of ___ Plaintiffs Pages**
**IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Plaintiff #2:**

**Individual:** Mize (Last Name) Charles (First Name) (________ Maiden Name, if Applicable) ____ Middle Init. ____ Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of ________________________________

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A ________________________________

**Business** ________________________________
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

D/B/A ________________________________

ATTORNEY FOR THIS PLAINTIFF: 100550 Bar # or Name: Jennifer L. Miller, Esq. *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Plaintiff #3:**

**Individual:** ________ Last Name ________ First Name (________ Maiden Name, if Applicable) ____ Middle Init. ____ Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of ________________________________

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A ________________________________

**Business** ________________________________
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

D/B/A ________________________________

ATTORNEY FOR THIS PLAINTIFF: ________ Bar # or Name: ________ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Plaintiff #4:**

**Individual:** ________ Last Name ________ First Name (________ Maiden Name, if Applicable) ____ Middle Init. ____ Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of ________________________________

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A ________________________________

**Business** ________________________________
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

D/B/A ________________________________

ATTORNEY FOR THIS PLAINTIFF: ________ Bar # or Name: ________ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

No. CV2019-093 2020-TS-1119 CFN 18582

NANCY MIZE AND CHARLES MIZE
VS.
SHILOH MARKET INC
COMPLAINT

Counsel for Plaintiff
JENNIFER L MILLER
Counsel for Defendant

JUDGE MICHAEL PAUL MILLS JR

| DATE | | |
|---|---|---|
| 2/11/19 | Complaint | |
| 2/11/19 | SUMMONS--RTA | |
| 2/11/19 | NOTICE OF SERVICE OF PLAINTIFF'S DISCOVERY TO DEFENDANT SHILOH MARKET INC--FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS | |
| 2/27/19 | NOTICE OF APPEARANCE | |
| 3/06/19 | Answer TO COMPLAINT | |
| 3/07/19 | NOTICE OF SERVICE OF DISCOVERY | |
| 3/21/19 | NOTICE OF SERVICE OF DISCOVERY--RESPONSES TO PLANTIFF'S FIRST SET OF INTERROGATORIES AMD REQUESTS FOR PRODUCTION OF DOCUMENTS | |
| 6/06/19 | MOTION TO COMPEL | |
| 10/11/19 | ENTRY OF APPEARANCE--JARED S RENFROE ATTNY ATTNY FOR SHILOH MARKET INC. | |
| 2/21/20 | CONSENT ORDER ON DEFENDANTS MOTION TO COMPEL | 355 222 |
| 2/21/20 | MAILED COPY OF ORDER TO PLAINTIFF'S ATTY, JENNIFER MILLER | |
| 2/21/20 | MAILED COPY OF ORDER TO DEFENDANT'S ATTY, JARED RENFROE | |
| 4/08/20 | NOTICE OF APPEARANCE --ATTNY EDD L PEYTON IS COUNSEL FOR SHILOH MARKET INC | |
| 5/20/20 | RENEWED MOTION TO COMPEL AND FOR SANCTIONS | |
| 9/03/20 | Order ON DEFENDANT'S RENEWED MOTION TO COMPEL AND FOR SANCTIONS | 366 126 |
| 9/03/20 | MAILED COPY OF ORDER TO DEFENDANT'S ATTY, EDD PEYTON | |
| 9/03/20 | MAILED COPY OF ORDER TO PLAINTIFF'S ATTY, JENNIFER MILLER | |
| 10/02/20 | PLAINTIFFS MOTION FOR LIFE FROM ORDER OF DISMISSAL | |
| 10/05/20 | NOTICE OF APPEAL --$200.00 CHK #1234 TO SUPREME COURT --MAILED 10/6/2020 | |

FILED
OCT 0? 2020
OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

STATE OF MS, ALCORN COUNTY
CERTIFIED A TRUE COPY
OCT 05 2020
CRYSTAL STARLING CIRCUIT CLERK
BY [signature] D.C.

2020-TS-1119

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

NANCY MIZE and CHARLES MIZE, PLAINTIFFS

FILED

vs. Docket No. CV19-093RA

OCT 0 9 2020

OFFICE OF THE CLERK SUPREME COURT COURT OF APPEALS

SHILOH MARKET, INC. DEFENDANT

---

ORDER ON DEFENDANT'S RENEWED MOTION TO COMPEL AND FOR SANCTIONS

---

This cause came upon the Defendant's Renewed Motion to Compel and For Sanctions filed on May 20, 2020 requesting that this Court to enter an Order dismissing Plaintiff's complaint for failing to respond fully and completely to the Interrogatories and Requests for Production propounded by the Defendant pursuant to Rule 37 of the Mississippi Rules of Civil Procedure. Defendant propounded Interrogatories and Requests for Production to Plaintiffs on or about March 5, 2019 after which the Parties consented to an Order entered by the Court on February 18, 2020, granting Defendant's Motion to Compel and requiring Plaintiffs to respond to discovery by March 16, 2020. As of August 25, 2020, the Plaintiffs have not provided responses to the Defendant or responded to Defendant's motion.

IT IS THEREFORE ORDERED that Plaintiffs' case is hereby dismissed and any remaining costs are to be assessed against the Plaintiffs.

It is so ORDERED this 31 day of August, 2020.

STATE OF MS, ALCORN COUNTY
CERTIFIED A TRUE COPY
OCT 06 2020
CRYSTAL STARLING, CIRCUIT CLERK
BY [signature] D.C.

[signature]
Hon. Michael P. Mills, Jr.
Circuit Court Judge

ALCORN COUNTY
FILED
SEP 1 2020
CRYSTAL STARLING, CIRCUIT CLERK
BY [signature]

ADMINISTRATOR
AUG 31 2020
PROCESSED NOT FILED

366
126

APPROVED AS TO FORM:

Edd L. Peyton (MSB# 102103)
Jared S. Renfroe (MSB# 105749)
Spicer Rudstrom, PLLC
119 South Main Street, Suite 700
Memphis, Tennessee 38103
(901) 522-2313
epeyton@spicerfirm.com
jrenfroe@spicerfirm.com

Jennifer L. Miller (MSB# 100550)
The Gold Law Firm
25 Dr. Martin Luther King, Jr. Avenue
Memphis, Tennessee 38103
(901) 244-5004
jmiller@dgoldlaw.com

366/107

2020-TS-1119

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

NANCY MIZE and CHARLES MIZE, PLAINTIFFS

FILED

OCT 08 2[illegible]

OFFICE OF THE CLERK SUPREME COURT COURT OF APPEALS

vs. CIVIL CASE NO. CV19-093RA

SHILOH MARKET, INC. DEFENDANT

NOTICE OF APPEAL

By this notice, Nancy Mize and Charles Mize appeal to the Supreme Court of Mississippi against Shiloh Market, Inc. from the final judgment entered in this case on September 3, 2020, and the granting of the Renewed Motion to Compel and for Sanctions, by order entered on September 3, 2020.

Respectfully submitted,

GOLD LAW FIRM

Jennifer L. Miller (MS Bar #100550)
Attorney for Plaintiffs
25 Dr. M. L. King, Jr. Ave.
Memphis, Tennessee 38103
Phone: (901) 244-5004
Fax: (901) 405-0375
jmiller@dgoidlaw.com

STATE OF MS, ALCORN COUNTY
CERTIFIED A TRUE COPY
OCT 06 2020
CRYSTAL STARLING, CIRCUIT CLERK
BY Kalee Smith D.C.

ALCORN COUNTY
FILED
OCT 05 2020
CRYSTAL STARLING, CIRCUIT CLERK
BY Kalee Smith D.C.

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, postage prepaid, on this the 2nd day of October, 2020.

Edd L. Peyton
Jared S. Renfroe
Spicer Rudstrom, PLLC
119 South Main, Suite 700
Memphis, Tennessee 38103

Jennifer L. Miller, Esq.

STATE OF MS, ALCORN COUNTY
CERTIFIED A TRUE COPY
OCT 06 2020
CRYSTAL STARLING CIRCUIT CLERK
BY _______ D.C.

**IN THE SUPREME COURT OF MISSISSIPPI**

PAGES NUMBERED 1-40

VOLUME 2 of 2

EXHIBIT________

ELECTRONIC DISK________

Case #2020-CA-01119

COURT APPEALED FROM : Circuit Court

COUNTY : Alcorn

TRIAL JUDGE : Michael Paul Mills Jr.

Nancy Mize and Charles Mize v. Shiloh Market, Inc.

D. Jeremy Whitmire, Clerk

TRIAL COURT # : CV2019-093

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

NANCY MIZE AND CHARLES MIZE PLAINTIFFS

VS. CAUSE NO. CV19-093

SHILOH MARKET, INC. DEFENDANT

---

TRANSCRIPT OF THE PROCEEDINGS HAD AND DONE IN THE HEARING IN THE ABOVE-STYLED AND NUMBERED CAUSE, BEFORE THE HONORABLE MICHAEL P. MILLS, JR., CIRCUIT JUDGE, FIRST JUDICIAL DISTRICT OF MISSISSIPPI, IN THE LEE COUNTY COURTHOUSE ON THE 11TH DAY OF DECEMBER, 2020.

---

APPEARANCES:

Present and Representing the Plaintiff:

***HONORABLE JENNIFER L. MILLER***
The Gold Law Firm
25 Dr. M. L. King, Jr., Ave.
Memphis, Tennessee 38103

Present and Representing the Defendant:

***HONORABLE EDD L. PEYTON***
Spicer Rudstrom, PLLC
119 South Main Street
Memphis, Tennessee 38103

***TABLE OF CONTENTS***


Style and Appearances 1

Table of Contents 2

Motion Argument

By the Plaintiff 4

By the Defendant 18

By the Plaintiff 25

Certificate of Court Reporter 40

**THE COURT:** The Court is going to call up Alcorn County Circuit Court Cause CV19-093, Nancy Mize and Charles Mize versus Shiloh Market, Inc.

Let the record reflect that before the Court we have plaintiff's attorney, Jennifer L. Miller, present. We also have defendant's attorney, Mr. Edd Peyton, present before the Court. It also appears that we have Nancy Mize and Charles Mize here present in the courtroom.

I see everyone has their mask on. I'm going to try to wear my mask when I'm not speaking. If anybody has an issue with that, please let me know. Try to keep your mask on throughout the proceeding unless you are speaking to the Court or if you're up at the podium. I want both attorneys to know I have no issue with you taking off your mask to address the Court or make your argument. Just when we're sitting idle, we'll try to put on our mask.

Does anybody have any particular issue with that or anything they would like to address or add to it? Anything, Ms. Miller?

**MS. MILLER:** No, Your Honor.

**THE COURT:** Mr. Peyton?

**MR. PEYTON:** No, Your Honor.

**THE COURT:** Are both parties ready to proceed?

**MS. MILLER:** Yes, Your Honor.

**MR. PEYTON:** Yes, Your Honor.

**THE COURT:** All right. Well, with it being the motion filed by Ms. Miller, Ms. Miller, I'll let you approach the podium first.

I will put on the record that this is a hearing on the petitioner's motion for relief from the order of the dismissal that the Court filed and entered October -- excuse me. It's not October. The Court ordered on August the 31st and was filed on September the 3rd of this year pursuant to Rule 60(b)6 of the Mississippi Rules of Civil Procedure.

Ms. Miller, on behalf of the plaintiff has requested that we have a hearing here today. The Court, for the record, issued the dismissal based upon Rule 37 of the Mississippi Rules of Civil Procedure.

With that being said, Ms. Miller, you can proceed when ready.

**MS. MILLER:** Good morning. Thank you, Your Honor.

We do seek, respectfully, request from -- relief from Your Honor's order dismissing this case primarily for two reasons. First, for a lack of notice to the plaintiffs that the -- really any relief or sanctions were being presented to the Court at that time, and second --

**THE COURT:** Ms. Miller, I want to interject at that point. That's something I noticed when I was reading your initial motion. And I just want to clarify before we talk about this all morning, but the motion that the defense filed, the renewed motion to compel and for sanctions that was filed on May the 20th clearly states the defendant respectfully requests that this Court grant this motion to dismiss plaintiff's complaint and order payment of reasonable expenses and attorney's fees for the unjustified failure to timely respond. So I don't want to go forward with you continually alleging y'all weren't getting notice.

**MS. MILLER:** Your Honor, I concede that the motion was filed on May 20th and that the motion clearly seeks that sanctions, including dismissal, be imposed on May the 20th. My -- and if Your Honor would rather me just move on, I will, but our -- my notice argument is grounded on the theory that after May the 20th when that motion was filed, we continued to confer and consult and communicate about the outstanding discovery. And it was -- we were just -- it was never brought to my attention at any point that either from the smallest notion that you just -- there -- we can agree to no more extension or you can take no more time or -- and at the larger point, the motion -- the

order itself when it was presented to the Court shows a signature line for myself. I believe that by -- just by practice suggests that it was presented to me for me to consider, consult, object, sign. It was not before it was mailed to the Court.

Now, I was copied as it was mailed to the Court, but there was no communication, no consultation that the defendants intended to move forward with that May 20 motion in September. That's where the position comes from.

**THE COURT:** And that's fine. I just wanted to clarify for the record on the onset that when you read your motion for relief that was filed that we're hearing today --

**MS. MILLER:** Yes, Your Honor.

**THE COURT:** -- it kind of misstates, *Further, no notice was provided to plaintiffs that the Court was considering dismissing the case before the order dismissing the case was entered.*

Well, there was a pending motion where they requested such, and you opened up this morning with that same statement. I just wanted to clarify that, and I'll let you get back to your argument. I just wanted to clarify that this Court is of the opinion that you were given more than fair notice that the Court was considering

dismissing the case based upon the defense's motion filed.

**MS. MILLER:** Your Honor, one of the arguments that the defendants raised is exactly that. They cite the *Holly vs. Harrah's Tunica Corp.* case, where in that case actually dismissal was overturned in part because there had not been five days to respond. But the rule that that case cites in *Holly vs. Harrah's*, the rule actually requires five days notice of the hearing to be heard and many of the cases -- I'll move on. Many of the cases -- to me the notice -- it's kind of circular.

It should be considered when the Court looks to the four factors that you -- are to be considered in determining whether the sanction is appropriate in the first place. There are four factors that the Supreme Court has indicated the Court should look to in determining whether a proposed or, you know, contemplated sanction is appropriate.

Those four factors are whether the Court first considers whether the discovery violation was willful or in bad faith; the second being whether the Court considered if appropriate lesser sanctions could achieve the same impact of deterring the inappropriate conduct; and, third, whether there is a presence or absence of prejudice to the defendant; and then fourth,

considering whether the discovery violation was that of counsel or the plaintiffs themselves. And on several cases where the Court ultimately upheld the ultimate sanction of dismissal, there were instances where hearings were set and the plaintiffs didn't appear.

As a matter of fact, in the Palmer case that's cited by the defendants, in that matter the conduct, the discovery violation at issue was the plaintiff's failure not only to answer discovery, but also to appear for depositions and also to fail to appear at the hearing on the motion to dismiss. And I think of note in the Palmer case the Court specifically acknowledged that the plaintiff's counsel had been given notice multiple times of all of those -- of all of those proceedings. And in that case where the plaintiff's counsel was attempting to rely on an illness and a set of different personal circumstances that had, you know, caused that plaintiff's attorney to fail to comply with discovery, that Court specifically noted that the plaintiff's counsel's failures to engage in the process despite having specific notice of each of those three, you know, obviously not -- notice of not answering discovery. They failed to appear at a hearing on the motion and failed to appear at a deposition. That is not the situation that we have in this case.

There's another case where notice was also considered important in that Holly case. But so it's -- obviously, I concede that we received that motion. What -- what I was attempting to bring to the Court's attention was that we were not aware -- although we had been conferring, and I also think the order -- not only was the order that was presented to the Court somewhat misleading because it did include that signature line for myself; it also didn't include any of the information about all of the efforts and consultation where we had been engaged.

To me, the order that was presented to this Court on its face, if that was really all of the story, if that was really all there was, I don't think I would have much grounds to argue that this sanction of dismissal in this particular case wasn't -- you know, was -- was -- was too severe. However, those, you know, three sentences that are included in that order and that information that was provided, you know, to Your Honor in that order, that's not the full story.

**THE COURT:** Okay. Well, at this time please provide the Court, when you're saying you feel like you were misled, can you please provide specific instances of communication that caused you to believe that the Court would not be considering the motion that was filed before

the Court?

**MS. MILLER:** Your Honor, there -- we -- let me get to that information. We -- I had been in direct communication with the defense attorneys, and there are e-mails that are attached actually to the defendant's response showing that we had consulted in March, 17 and 18, at that point right before the COVID orders were put into effect, and I was very close to finishing the discovery.

**THE COURT:** Specifically what was misleading about that communication?

**MS. MILLER:** Oh, Your Honor, it was -- it was misleading because the defendants were agreeing to additional time. We --

**THE COURT:** What date was this?

**MS. MILLER:** March -- first in March 17, 18 we had a series of communications, and then again on June the 24th.

**THE COURT:** Okay.

**MS. MILLER:** June the 24th --

**THE COURT:** I want to say that the March communication was prior to the renewed motion to compel and for sanctions.

**MS. MILLER:** Yes, Your Honor.

**THE COURT:** So I don't see how that's relevant at all. So moving on, you're saying that something happened after the May motion, the second motion to compel was filed?

**MS. MILLER:** Yes, Your Honor. We are --
**THE COURT:** Specifically, please.
**MS. MILLER:** On June the 24th was the last communication that we had.
**THE COURT:** Did you have communication between June 24th and the filing of the second motion to compel?
**MS. MILLER:** Say that -- ask me again. I'm sorry.
**THE COURT:** Did you have communication after they filed the second motion to compel and before June the 24th?
**MS. MILLER:** Yes, Your Honor. There was -- May. Oh, May the 20th is before -- I'm sorry. There was an e-mail on May the 20th. That was before it was filed. So the specific communication was on June the 24th of 2020.
**THE COURT:** The misleading communication?
**MS. MILLER:** Yes, Your Honor.
**THE COURT:** Okay. And what did that consist of?
**MS. MILLER:** Mr. Peyton and I participated together in a -- in a bar activity. And we spoke for some time, and I gave him specifics about what was cumbersome or why I hadn't finished. Ultimately, Ms. Mize's medical care was very cumbersome, that she had some simultaneous unrelated care that was ongoing throughout her -- her treatment, and I was

explaining to him on June the 24th, you know, where I was and why I hadn't completed it. I also explained to him at that time that, you know, because of COVID and having to rearrange my whole office that it had really set me back to where I kind of had it all -- my arms around all of it in March, but that having to pick up everything and move my office, I had almost a whole month of issues related to connectivity. That on June the 24th we consulted specifically, and at that point there was no formal date agreed upon, but there was no urgency communicated to me that, well, we just have to get this done or we'll have to move forward and seek the case to be dismissed.

**THE COURT:** This was the second motion to compel. The second one they requested that it be dismissed. The fact that that order was -- or that motion was outstanding is to me sounds like there's urgency involved. And I'm trying to find the June 24th e-mail communication. Is that a June 24th meeting where y'all crossed paths at a bar meeting and not an e-mail communication, or is there an e-mail communication on June 24th?

**MS. MILLER:** No. Correct, Your Honor. That was face-to-face in person.

**THE COURT:** All right. So no e-mail communication that was misleading?

**MS. MILLER:** No, Your Honor. No. Your Honor, I mentioned -- I mentioned the series of communications, which did occur before, you know -- it was before May 20th to not to suggest that -- this is not a case where we just failed to comply for a year and a half of -- in -- in attempting to complete discovery. This is not a situation where they were attempting to reach out to me and I just didn't respond.

I don't mean to suggest that through this series and pattern of communications that we had really from January after I was let go from my former position, which kind of put us delayed the first time that caused us to miss that first deadline that we had agreed to. We had a series of communications that had just caused me to believe that if at any point their client had gotten to the position that they were not going to permit us any additional time, that there would have at least been an e-mail or a communication to me saying such.

**THE COURT:** Okay. Well, let me interject, and I hate to be -- please don't feel like I'm arguing with you. I'm looking for an excuse or a reason or some explanation of misleading information, but I don't like being misled myself. And it appears clear to me that, yes, they were very patient in their communication with you for the first year and a half or so.

But, Ms. Miller, I'm looking at this e-mail from, let's see, from Jared Renfroe that was sent to you on May the 2nd that I think conflicts directly with what you're telling me right now, which is why I'm interjecting. *Jennifer, I'm apologizing in advance, but I have no other choice than to file a motion with the Court. Your client is well beyond every extension I have given and well beyond the deadline in the agreed order for you to provide discovery. It was my understanding that you were 99 percent finished over six weeks ago.*

I believe Mr. Peyton was also privy to this e-mail. He was CC'd on it. So when you're telling me that you had no notice or that they were leading you on to believe that they weren't going to seek a dismissal, I think you're not being fair to the Court when I read this e-mail. How am I to interpret that differently?

**MS. MILLER:** Your Honor, I'm -- I'm not trying to present to the Court that they were leading me on. I really -- that's not the position I'm taking. I'm merely attempting to inform the Court that I did not appreciate at any point that their patience had run out. They had been extremely patient, and they had been communicating to me that they needed the responses, and I had been communicating to them that I was doing my best to try to get them

completed. I'm not suggesting that they engaged in some sort of, you know, willful or intentional or even innocent intent -- misleading of me. I am merely attempting to communicate to the Court that I at no point received any kind of communication from defendants that caused me to believe their patience had run out.

Even after that e-mail was exchanged that Your Honor just correctly read into the record, we had that communication face-to-face on June the 24th, and I did not appreciate at that point in time that they had any plans to present that motion to be heard.

But let me move on, Your Honor. It's my understanding even if Your Honor determines that our failure to respond to this discovery was willful, which I respectfully submit to you all of this that we're talking about I am -- I'm attempting to show Your Honor that it wasn't a willful failure on my part. I was at that point doing the best I could. I was trying to communicate with defense counsel about what was going on.

Granted, I -- I -- in retrospect, I now recognize I did not -- I did not give them enough information. I did not share with them what was going on with me. I've learned from this case really that if I reach out to defense

attorneys on my cases and share with them what I've gone through, they are receptive and they understand and they work with me, and I recognize in this matter I didn't do that. But I didn't realize at the time where I was and what was causing my inability to get anything done.

So, Your Honor, I respectfully submit just really from my own perspective that I don't have e-mails to show that my failure was not willful. However, even if Your Honor determines that it was, that's not the end of the inquiry.

The order -- the Court has indicated that to support the most egregious sanction of dismissal -- and this would operate as a dismissal with prejudice, because the statute of limitations has run and Ms. Mize would have no opportunity to refile. Those other three factors have to be considered, and those factors do not weigh in favor of dismissal with sanctions.

In White -- in *White vs. White*, at 509 So.2d 205, the Mississippi Supreme Court in 1987 said where a trial is not scheduled that the defendant's trial preparations cannot be prejudiced by the failure to respond to discovery and, therefore, prejudice does not weigh in the favor of upholding this sanction.

The next factor to be considered as to

whether lesser sanctions may have been more appropriate, Your Honor, I submit it appears just from the face of the order that there was no consideration to determine whether lesser sanctions may have operated to remedy this situation.

Lesser sanctions can include things like direct sanction of the attorney or a more limited order related to the failure of the discovery responses. And it appears that lesser sanctions were not considered, so that weighs against supporting the imposition of this most severe sanction.

And then finally, the Court provides that this Court should consider whether the discovery violation was that of the counsel or the plaintiffs.

There's no information in this -- in this matter that -- that shows that my clients have done anything. And Ms. Mize is here today. She has been participating in her case. She did cooperate with me and worked with me. We sent drafts back and forth where she worked with me to comb through all of the medical appointments that she had, and we came to the decisions together on many of her appointments and trying to determine whether the care should have been claimed as related or not.

This failure was my failure. And my

clients' case should not be dismissed and forever barred because I had mental health issues that caused me to be unable to complete discovery over the period of April, May, June, July, and August, where through August, I didn't even realize we had run out of time. But, Your Honor, all of those factors should be considered.

Even if this Court determines that our failure to finalize those discovery responses and serve them from some point in May through August, even if this Court determines that that's willful, the other three factors weigh against upholding dismissal as the ultimate and best sanction in this matter.

**THE COURT:** Is that it, Ms. Miller?

**MS. MILLER:** If Your Honor has no other questions.

**THE COURT:** Well, not at this time. Thank you, though. You can take a seat.

Mr. Peyton, you can approach and proceed whenever you're ready.

**MR. PEYTON:** Good morning. Your Honor, Edd Peyton for Shiloh Market, Incorporated. I really take no pleasure in being here on this sort of motion, but the fact of the matter is that plaintiff's counsel is seeking to reverse your ruling dismissing this case as a Rule 60(b)(6), which is a form of extraordinary

relief. And upon the facts in the record, it's our position that it would be inappropriate to reverse that order. And the reasons why are because plaintiff in her motion set forth three bases to overturn it.

First, she said that the Court acted on insufficient information. And clearly the pleadings as they exist document there's been a lack of activity on this case since its inception.

The defendants were required to issue a motion to compel, and even after the motion to compel, there was a lot of back and forth before we finally get an agreed order compelling discovery. And then once that was entered, plaintiff still did not complete the discovery, which required us to go back and issue the order -- I mean, not the order but the motion that we're here about today and which the Court granted.

As the Court noted, Mr. Renfroe, before he turned the case over to me, was very I guess apologetic in the fact that he expressed that there was some urgency and needing the discovery responses and that this was our last course of action to get discovery, because as you know, the case cannot proceed if the parties do not know the facts, and that is our only way of gathering the facts to issue the discovery.

We can't do depositions, because we don't want to go into a deposition not knowing anything. And that motion explained that we had consulted with plaintiff's counsel, and in that consultation she understood that we were going to file the motion, and she understood that there was an expectation that the discovery would be soon forthcoming, but time went by and there was no discovery responses.

She's correct that she and I did come across each other at a -- I think it was a march dealing something with either the courts or police brutality or something like that. But it was a casual, informal consultation and I brought it up, you know, hey, you know, where is the discovery, because as a defense counsel, I have a client who wants to see the case move forward. I did not convey that we were not going to move forward with the motion or anything like that. My intent then was to say, hey, this is urgent, I need it.

**THE COURT:** Mr. Peyton, when would that have been? Do you have any idea? Would that have been in March or June?

**MR. PEYTON:** Well, she said June. I think -- I think she might have been right when she said June. I don't have the date in front of me, but that sounds about right.

**THE COURT:** Okay.

**MR. PEYTON:** But I didn't say that we weren't going to proceed on the motion. And as Your Honor knows, per the local rules, once a motion is filed, Your Honor has the ability to rule on that motion at any time after the time for the other party to respond has elapsed. And in this particular case, a long period had elapsed. And when I submitted the proposed order on it, I CC'd plaintiff's counsel with the motion and, surprisingly, Your Honor signed and returned it very quickly. I did not expect an order to return that quickly.

What I somewhat expected was that she would see this correspondence to the Court and say, You know what? Yeah, maybe I should call the court and say can I get an extension or do some sort of response or even provide the discovery. And that did not happen.

The fact of the matter is, the motion that we filed did ask for sanctions. The sanctions that we asked for was dismissal, and she did nothing to respond to that motion, to get an extension, or to ask for any sort of oral argument. All I did was provide a proposed order to alert the Court that this was still pending.

Now, I understand that counsel had health issues which may have contributed to her inability to respond to discovery, but what I

guess pains me most about the case is that even from the time that I first took over the case, she represented to us that she was 99 percent done with the discovery, and I think the prudent thing would have been for her to at least given us what she had at that time. She gave us nothing. And so even when the Court filed the order or entered the order dismissing the case, she still gave us nothing. Even today, we have nothing.

And so it's been almost two years now. I think it's like one year and ten months since the case was filed. And we're in the same position that we were in, knowing nothing really about the plaintiffs and their purported injuries. And as she stated in her motion, she alleges that her client suffered $400,000 worth of medicals after tripping over a broom. That is something that definitely requires a lot of investigation to understand what is going on, but we haven't had that opportunity.

She spoke to four factors that she says the Court should consider when deciding whether or not to overturn or to reverse its order that it entered.

Was it willful or in bad faith of her failing to respond to discovery? If it was 99 percent complete and she didn't provide it to us, I would have to say that was willful,

because there's nothing that would have prevented her from giving us that 99 percent and saying I'll give you that 1 percent or, if necessary, I will amend the discovery to clarify things that I find are different than what I thought. She did not do that.

As for lesser sanctions, the Court enters orders for a purpose. If there's an agreed order, there should be some expectation that the parties abide by that order. If parties can't be held to account by a court's order, then we have little or no recourse to move this case forward, and so what other sanction is there?

The next sanction is to, in my mind, dismiss the case. And maybe it harms that particular plaintiff, but it sends a message to that counsel that this is something serious, that moving forward I should not make that mistake again.

Was there prejudice to the defendant? Yes, there's prejudice to the defendant. Defendant had to expend money to file each of these motions to compel, to file responses to the motion that we're here on here today, to fund travel for attorneys to come hear this, and then the very nature of knowing that there is a lawsuit hanging over their head that's been hanging over their head for almost two years with defense counsel not being able to give any

indication of whether there's merit or how long this procedure is going to last. So, yes, there is prejudice to the defendant.

Lastly, she spoke to whether it is the action of counsel or plaintiffs themselves. Initially I would have said that I'm not privy to the communications between plaintiff and her counsel, so I couldn't speak to whether or not the plaintiffs actually participated in the case. But having sat here and listened to the argument, I understand now that the plaintiffs did engage their counsel in gathering these medical records and trying to prepare these responses. And it's my belief that plaintiffs' counsel would have notified her clients of a pending motion for sanctions which had the potential sanction of dismissal. It's my belief that as a plaintiff if I was informed of a pending motion for sanctions that would have the potential for the penalty of dismissal that I would be on my attorney's case to say *when are we going to file these responses* so that a court would not rule in favor of a defendant on that order. So it's my belief that the plaintiffs themselves were complicit in this failure to respond to discovery.

Your Honor, I understand that it is a harsh sanction, but you have before you all of the facts that were actually necessary to rule on

the order. If there are any facts that were missing, it is not the fault of defense counsel. It is the plaintiff's own fault in failing to respond to the first motion to compel. And I'll give them the benefit on the doubt there, because there was an agreed order after that. But she should have responded to that second motion to compel because the local rules of this Court state that the Court in its authority can rule on a motion without having to have a hearing. And that is the normal course of practice unless the Court requests or directs a hearing and the parties themselves request a hearing, which neither of us did.

So for those reasons, Your Honor, I respectfully request that you rule against the plaintiffs in this matter.

**THE COURT:** Thank you, Mr. Peyton. Ms. Miller, you'll be given an opportunity to respond whenever you're ready.

**MS. MILLER:** Thank you, Your Honor. I just briefly want to go through some highlights. I do want to bring to the Court's attention that as the good attorney that he is, Mr. Peyton was very careful in his words that he specifically said to Your Honor, *I didn't say that we weren't going to proceed on the motion.* And that's in reference to our June 24th conversation. *I didn't say that we weren't going to proceed on*

*the motion.* I think that you can read between the lines and see that he's acknowledging that he didn't say that he was. I don't suggest to Your Honor that he had any obligation to do so. I merely suggest that it was fair for me to take from that June 24 conversation that impression that I did that there was not any new immediate urgency that had changed as from the course of conduct that we had taken in talking and consulting about where the discovery responses stood at that time.

Mr. Peyton was also I think eminently correct, he mentioned a couple of different times, that it would have been prudent for me to have just served what I had. And I can't stand here with more humility and suggest that that is so obvious to me now.

I -- I -- I have absolutely no idea why I didn't serve on them the work that we had up to that point other than to say I have nine pages of spreadsheet working through individual items of visits to try to determine what was related and what was unrelated, and I've, maybe wrongly, but felt strongly that we couldn't claim things that were unrelated. And I just got way too I guess concerned in my own mind about being absolutely correct that we didn't claim some visits here and there or care that ultimately was not related, and I just got stuck on that.

But I agree with him. If I had served what we had, we wouldn't be in this position. But I just -- I can't change -- I can't change what happened.

I want to mention -- I think Mr. Peyton also indicated that when he sent in the proposed order and CC'd me, it was his -- he anticipated that what would happen was I would get it and I would think, oh, my gosh, which I would have --

**THE COURT:** I'm going to say this line of argument is irrelevant. And I want to point out that, Ms. Miller, whenever opposing counsel files a motion to dismiss your case, in any case, irrespective of any future communications you have with that opposing counsel, you need to understand the Court takes that motion seriously. And even without the presented order that defense counsel presented to the Court, the Court could have very easily prepared its own order at such time.

It's been my practice to provide in such cases as this as opposed to the Court drafting its own order and granting the motion is to give all parties time to respond. And I want you to know that the order was signed at the end of August. The motion was filed in May. The reason the Court didn't prepare its own order in June or July is because we were giving you the benefit of the doubt to respond in some form or

fashion to this very important issue, which is a motion to dismiss.

So I would rather not go down to the line of questioning or explanation or inferring what defense counsel meant to do, because the Court knows what it meant to do. And I would just like to clarify that. I heard him clearly and I understand your argument at this stage and why you're making it, but I'd rather not go down that route, and I wanted to explain to you the Court's rationale as to why it did what it did and when it did.

**MS. MILLER:** Thank you, Your Honor. I do want to circle back to that initial agreed order that we did agree to and I failed to comply with. I do want to remind the Court of the timing of that order. When we agreed to it, we didn't understand that COVID was going to change our practice and change every day of work that was able to be accomplished. That timeline was all around the city of Memphis shutdowns and me having to move my office. And I do ask the Court to consider that in understanding that because of our failure to timely comply with that initial agreed order.

**THE COURT:** Would it be safe to say that that -- the coronavirus issue would have been in March or so of 2020, was a full year after you had been provided notice of the first -- notice

of service of discovery?

**MS. MILLER:** Yes, sir.

**THE COURT:** The corona picture came -- or came into the picture a year after being provided notice of service; is that correct?

**MS. MILLER:** Absolutely. Yes, Your Honor. But the coronavirus timing and the timing of me being let go from my job on December 2 in 2019, it's just a series of events that -- Your Honor, it was a series of events outside my control that ultimately got me to a place where I was just unable to respond.

Your Honor, the Court also heard about prejudice. Counsel opposite indicated that he's not aware of any -- any -- any sanctions that may have been appropriate between -- you know, or lesser than ultimately dismissal. He went on to explain that the prejudice that suffered included things like expenditures of monies for motions and for travel for the attorneys and their time that they had to do in drafting these motions, presenting these motions.

Your Honor, I respectfully suggest that's exactly the type of lesser sanction that can be contemplated by this Court is that, Your Honor, as you probably have done before, sanctions can be imposed upon plaintiffs or plaintiffs' counsel for this time that was unnecessarily expended by the defendants. That's the exact

type of lesser sanction that could be contemplated in this case outside of full dismissal.

And then finally, the last topic that I want to address that Mr. Peyton somehow took from my comments grounds to suggest that my clients were complicit in this failure. I didn't -- I didn't before, but I can -- I will attest to this Court, I didn't specifically inform my client about a pending sanctions motion. I didn't inform my client about the pending sanctions motion because I was under the impression that we were still consulting and that they knew we were working on it and getting the discovery to them.

Ms. Mize is here, and if I -- I actually specifically told her she wouldn't need to address the Court, but if there's any doubt in Your Honor's mind about what my clients knew or what their conduct should have been, I would urge Your Honor to ask them. They did not understand, as much as I didn't understand, I guess.

Again, it's my failure, but I misunderstood, I guess I should say, I misunderstood the nature of where the status of this case lied at that time. And I did not give her any indication that would cause her to understand where the -- I guess the risk that

this matter was about to be dismissed at that time.

So I do urge this Court to understand that my clients weren't complicit in this failure. It was my conduct and my -- my failure. I just kind of stopped getting anything done for several months. And that's -- that's why these responses weren't -- weren't served.

**THE COURT:** Can I ask why or what your thought process was when this motion to dismiss, for lack of a better word, was filed in May? Why didn't you file anything with the Court in June, July or the month of August saying we dispute or we request a hearing? Why was that not done? What's the explanation for why that was not done?

**MS. MILLER:** Your Honor, I specifically recollect, and I hadn't mentioned this earlier because I don't have proof of it, and the defendants specifically disputed the conversation in their response. But I specifically recollect a conversation that I had with Mr. Renfroe at the time -- around the time that it was filed that he and I spoke on the telephone and he reassured me, like, look, I got to file this motion, but I'm -- I just -- don't get nervous. I'm not trying to get your case dismissed.

Their response said that they reviewed the

time records and didn't bill their client for a phone call during that time frame.

I was a defense attorney before I became a plaintiff's attorney. I completely understand that that is one of the most legitimate ways for him to confirm or, you know, see that -- take the position that that phone call didn't take place. Although, he didn't say he didn't tell me that. He didn't say that he didn't ever express any idea along those lines to me. He did say that in their time records there was no phone call.

So first, Your Honor, I would say that I was under the impression based on my recollection of a telephone call where Mr. Renfroe told me not to be too worried. But I realize that's probably not even worth mentioning because it's not enough -- I shouldn't have relied upon that. But I do submit, Your Honor, from the time that I first started working from my home, I just kind of quit going upstairs to my office. I frequently wasn't getting out of bed. I was really not doing much of anything. There was a couple of communications that defense counsel did e-mail me and I just didn't respond. I think that happened once.

**THE COURT:** Well, I'm going to interject and again point out that if there's an

outstanding motion to dismiss that does not require a hearing and that you have not requested a hearing on, irrespective of what opposing counsel says, at any point in time the judge can sign the order dismissing this case, which is exactly what was going on here. And I just can't figure out why you didn't respond in any way, shape, or form to that particular motion after being given -- it isn't like the judge signed the order two weeks after the fact. This was three months after the motion was filed without hearing anything whatsoever.

I was also going to ask if you had an opportunity to review the Supreme Court decision in 1999. I'm calling it the *Palmer vs. Grand Casinos of Mississippi* case.

**MS. MILLER:** Yes, Your Honor.

**THE COURT:** Have you crossed paths with that?

**MS. MILLER:** Yes, Your Honor.

**THE COURT:** You may have referenced it already. I apologize.

**MS. MILLER:** Yes, Your Honor.

**THE COURT:** How does it distinguish itself from the case at hand? When I look at the facts, it discusses the issues that the attorney had, health issues, and then it also discusses the failure to respond to discovery. And I'm just trying to determine how does this case

differ from the case at hand? And if you've got anything you can provide me on that, I would gladly listen.

**MS. MILLER:** Yes, Your Honor. I think that the *Palmer vs. Grand Casinos Mississippi* case actually bolsters my argument. The statement of facts that was presented in Palmer, the attorney not only failed to answer discovery; he also failed to respond to the notice of a deposition. And in the Palmer case that the motion to dismiss was set for hearing and notice of that hearing was sent to the plaintiff's counsel, and the plaintiff's counsel failed to appear at a hearing on the motion to dismiss. So, Your Honor -- and the Court when it was going through its analysis down on Page 747 of that, at the very top of that page, the Court was going over another matter where in the Cunningham case the courts said that there was -- there -- I'm sorry. I'm turned upside down. Ultimately, the Palmer court said that Palmer's situation was not analogous to *Johnson vs. Weston Lumber* because proper notice was provided by the defendant numerous times.

The Palmer court cites or goes through in its analysis of the Rule 60(b) the -- the case of *Johnson vs. Weston*. In *Johnson vs. Weston*, the Supreme Court in 1990 held there were circumstances that were exceptional. In that

case after an attorney had been allowed to withdraw, the plaintiff was given no notice of a trial date. In the *Johnson vs. Weston* case, plaintiff's attorney withdrew, and then shortly after the plaintiff's attorney withdrew, a motion to dismiss was filed and there was -- I think there was no hearing in that case. Either there was no hearing or there was no notice of the hearing. I'm not a hundred percent sure about that specific fact. But the Supreme Court in Johnson said there were exceptional circumstances and over -- over -- set aside the trial court's dismissal of the Johnson case.

In distinguishing the Johnson case, the Palmer court said, look, this is different because in this situation the plaintiff's counsel was provided notice numerous times. They were provided notice of the -- there was a hearing set and they were provided notice of the hearing and they failed to appear at the hearing.

That is not what happened in this case. In this case, a proposed order was sent to the Court and CC'd to me, which I did not receive. And, again, really due to crazy stuff with our mail that's been happening because of COVID, I got this Court's order dismissing the case before I received the letter from the defense attorney sending it to me.

**THE COURT:** Ms. Miller, you didn't respond to the motion either. There wasn't a hearing to be had nor requested, which I kind of disagree with your line of reasoning that because we didn't have a hearing, therefore, it's distinguishable. They didn't have a hearing -- the attorney obviously didn't respond by showing up to the hearing.

Well, in our case, we had a motion filed and opposing counsel, yourself, did not respond. So I see that as being one and the same.

**MS. MILLER:** Your Honor, I also think it's distinguishable, because the conduct that's being considered to support the sanction is different here where we're talking about a matter of several months of failure to respond to discovery.

In the Palmer case, the Court was considering the sanctions for not only failure to respond to discovery but a failure to appear at a notice of deposition and the failure to appear at hearing, which in and of itself, too. So, Your Honor, I think the conduct was more egregious. And the -- not only -- but I do, Your Honor, think that the Court looked to the notice issue and determined that it was important that the plaintiff's attorney had received proper notice for numerous times and continued to fail to respond.

**THE COURT:** All right. Thank you, Ms. Miller.

I don't see there being a legal argument reason for Mr. Peyton to respond again. I'm always open to letting attorneys get as much in as they can. Is there anything factual that you would like to clarify, Mr. Peyton, for the record, that you're aware of at this time?

**MR. PEYTON:** Nothing else, Your Honor.

**THE COURT:** All right. Thank you. I'm going to read into the record just a little bit of the Palmer decision. It states, in part, that *as a result of his medical problems Labovitz failed to answer to discovery, respond to Grand Casino's Notice of Deposition or appear at the hearing on Grand Casino's Motion to Dismiss.*

Part of the analysis goes on to say that *Rule 60(b) is not an escape hatch for litigants who had procedural opportunities afforded under other rules and who, without cause, failed to pursue those procedural remedies.*

It further states that *while it's unfair to deny Tiffany Cunningham, the plaintiff, her day in court because of the actions of her attorney, we must also consider the question and fairness to the defendant by making him continue to pay for plaintiff's counsel's mistakes through his own attorney's fees and his own anxiety.*

We all know that rules are made for a purpose and we've got the Mississippi Rules of Civil Procedure that are there to assist both the plaintiff and the defendant. This was the very first step of the litigation which is after the complaint has been filed, defense turns around and has discovery requests, which was almost two years ago. They never were answered.

The record shows that they were 99 percent complete. The record has shown that defense counsel, Shiloh Market, has strongly pursued moving forward with this case and moving forward with acquiring those answers.

I remember what it's like to practice law. It wasn't too long ago. And it is extremely frustrating when opposing counsel or opposing party openly disregards the rules of civil procedure, and then it's even more frustrating when the judge won't enforce the laws of civil procedure. And I understand that state courts are often more lenient than the federal courts, but with all that said, I wanted to put that on the record. And I'm still going to take some time to review a couple of these cases and make sure that I'm following precedent as prescribed by the courts here in Mississippi with regards to Rule 60(b) and Rule 37.

With that being said, the Court is going to take this matter under advisement, and I hope by

early next week, certainly by next week, to have issued an order on this matter so that y'all will know what direction you want to step from here.

Is there anything else that needs to be said before we go off the record? Anything from the defense?

**MR. PEYTON:** No, Your Honor.

**THE COURT:** Anything from the plaintiff?

**MS. MILLER:** No, Your Honor.

**THE COURT:** All right. Thank y'all for your time this morning. And with that being said, that's going to conclude this matter until Court issues its ruling hopefully early -- hopefully mid to late next week.

(END OF PROCEEDING.)

COURT REPORTER'S CERTIFICATE

STATE OF MISSISSIPPI

COUNTY OF ALCORN

I, Kimberly D. Bounds, Official Court Reporter for the First Judicial District of Mississippi, do hereby certify that to the best of my skill and ability I have reported the proceedings had and done in the trial of ***NANCY MIZE AND CHARLES MIZE VERSUS SHILOH MARKET, INC.***, being Cause No. CV19-093 on the docket of the Circuit Court of the First Judicial District of Alcorn County, Mississippi, and that the above and foregoing pages contain a true, full and correct transcript of said proceedings.

This is to further certify that I have this date filed the original and one copy of said transcript, along with an electronic disk of said transcript in ASCII language, for inclusion in the record on appeal, with the Clerk of the Circuit Court of Alcorn, Mississippi, and have notified the attorneys of record, the Circuit Clerk, and the Supreme Court Clerk of my actions herein.

I do further certify that my certificate annexed hereto applies only to the original and certified transcript. The undersigned assumes no responsibility for the accuracy of any reproduced copies not made under my control or direction.

This the 10th day of February, 2021.

Kimberly D. Bounds, CRR, RPR, CCR #1159
Official Court Reporter
First Judicial District of Mississippi
849 County Oaks Circle
Tupelo, Mississippi 38801
Telephone: (662)790-5791

COURT REPORTER'S FEE:

$96.00

**IN THE SUPREME COURT OF MISSISSIPPI**

PAGES NUMBERED 1-93

VOLUME 1 of 2

EXHIBIT________

ELECTRONIC DISK________

Case #2020-CA-01119

COURT APPEALED FROM : Circuit Court

COUNTY : Alcorn

TRIAL JUDGE : Michael Paul Mills Jr.

Nancy Mize and Charles Mize v. Shiloh Market, Inc.

D. Jeremy Whitmire, Clerk

TRIAL COURT # : CV2019-093

IN THE CIRCUIT COURT OF ALCORN COUNTY

CAPTION

Nancy Mize and Charles Mize

VS CAUSE NO. CV2019-093RA

Shiloh Market, Inc.

| | |
|---|---|
| Representing appellant: | Honorable Jennifer L. Miller<br>25 Dr. M. L. King, Jr. Avenue<br>Memphis, TN 38103 |
| Representing Appellee: | Honorable Edd L. Peyton<br>119 South Main Street, Suite 700<br>Memphis, TN 38103 |
| Presiding Judge: | Honorable Michael P. Mills, Jr.<br>Post Office Box 1100<br>Tupelo, MS 38802 |
| Circuit Clerk: | Honorable Crystal Starling<br>Post Office Box 430<br>Corinth, MS 38835 |

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

TABLE OF CONTENTS


| | PAGE |
|---|---|
| CAPTION PAGE | 01 |
| TABLE OF CONTENTS | 02 |
| CERTIFIED COPY OF DOCKET PAGE | 04 |
| COMPLAINT | 06 |
| NOTICE OF SERVICE OF PLAINTIFF'S DISCOVERY TO DEFENDANT SHILOH MARKET INC. | 12 |
| NOTICE OF APPEARANCE | 13 |
| ANSWER TO COMPLAINT | 15 |
| NOTICE OF SERVICE OF DISCOVERY | 21 |
| NOTICE OF SERVICE OF DISCOVERY | 23 |
| MOTION TO COMPEL | 25 |
| ENTRY OF APPEARANCE AND NOTICE OF SUBSTITUTION OF COUNSEL | 27 |
| CONSENT ORDER ON DEFENDANT'S MOTION TO COMPEL | 29 |
| NOTICE OF APPEARANCE | 31 |
| RENEWED MOTION TO COMPEL AND FOR SANCTIONS | 33 |
| ORDER ON DEFENDANT'S RENEWED MOTION TO COMPEL AND FOR SANCTIONS | 35 |
| PLAINTIFF'S MOTION FOR RELIEF FROM ORDER OF DISMISSAL | 37 |
| NOTICE OF APPEAL | 52 |
| DESIGNATION OF RECORD | 54 |
| STATEMENT OF ISSUES | 56 |
| CERTIFICATE OF COMPLIANCE WITH RULE 11(b)(1) | 58 |
| DEFENDANT'S REPONSE TO PLAINTIFF'S MOTION FOR RELIEF FROM ORDER OF DISMISSAL | 60 |
| APPELLEE'S DESIGNATION OF ADDITIONAL PARTS OF THE RECORD | 73 |
| AGREED NOTICE OF HEARING | 75 |
| ORDER | 76 |
| PLAINTIFF'S SUPPLEMENTAL DESIGNATION OF THE RECORD | 81 |
| DEFENDANT'S DESIGNATION OF ADDITIONAL PARTS OF THE RECORD | 83 |

SECOND CERTIFICATE OF COMPLIANCE WITH RULE 11(B)(1) 85

STIPULATION AS TO THE CONTENTS OF THE RECORD ON APPEAL 87

COURT REPORTER COST 89

CLERK'S COST BILL 91

ATTORNEY SIGN OFF PAGE 92

CLERK'S AFFIDAVIT 93

General Docket, Civil Cases, Circuit Court Alcorn County Circuit Cler

No. CV2019-093 CFN 18582

NANCY MIZE AND CHARLES MIZE
VS.
SHILOH MARKET INC
COMPLAINT

Counsel for Plaintiff
JENNIFER L MILLER
Counsel for Defendant

JUDGE MICHAEL PAUL MILLS JR

| DATE | | |
|---|---|---|
| 2/11/19 | Complaint | |
| 2/11/19 | SUMMONS--RTA | |
| 2/11/19 | NOTICE OF SERVICE OF PLAINTIFF'S DISCOVERY TO DEFENDANT SHILOH MARKET INC--FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS | |
| 2/27/19 | NOTICE OF APPEARANCE | |
| 3/06/19 | Answer TO COMPLAINT | |
| 3/07/19 | NOTICE OF SERVICE OF DISCOVERY | |
| 3/21/19 | NOTICE OF SERVICE OF DISCOVERY--RESPONSES TO PLANTIFF'S FIRST SET OF INTERROGATORIES AMD REQUESTS FOR PRODUCTION OF DOCUMENTS | |
| 6/06/19 | MOTION TO COMPEL | |
| 10/11/19 | ENTRY OF APPEARANCE--JARED S RENFROE ATTNY ATTNY FOR SHILOH MARKET INC. | |
| 2/21/20 | CONSENT ORDER ON DEFENDANTS MOTION TO COMPEL | 355 222 |
| 2/21/20 | MAILED COPY OF ORDER TO PLAINTIFF'S ATTY, JENNIFER MILLER | |
| 2/21/20 | MAILED COPY OF ORDER TO DEFENDANT'S ATTY, JARED RENFROE | |
| 4/08/20 | NOTICE OF APPEARANCE --ATTNY EDD L PEYTON IS COUNSEL FOR SHILOH MARKET INC | |
| 5/20/20 | RENEWED MOTION TO COMPEL AND FOR SANCTIONS | |
| 9/03/20 | Order ON DEFENDANT'S RENEWED MOTION TO COMPEL AND FOR SANCTIONS | 366 126 |
| 9/03/20 | MAILED COPY OF ORDER TO DEFENDANT'S ATTY, EDD PEYTON | |
| 9/03/20 | MAILED COPY OF ORDER TO PLAINTIFF'S ATTY, JENNIFER MILLER | |
| 10/02/20 | PLAINTIFFS MOTION FOR RELEIF FROM ORDER OF DISMISSAL | |
| 10/05/20 | NOTICE OF APPEAL --$200.00 CHK #1234 TO SUPREME COURT --MAILED 10/6/2020 | |
| 10/12/20 | COST ESTIMATE | |
| 10/13/20 | LETTER FROM SUPREME COURT--CHECK#1234 SENT BY ATTNY FOR $200.00 WAS MADE OUT TO SUPREME COURT--SENDING TO ATTNY JENNIFER MILLER | |
| 10/13/20 | DESIGNATION OF THE RECORD | |
| 10/13/20 | STATEMENT OF ISSUES | |
| 10/15/20 | CERTIFICATE OF COMPLIANCE | |
| 10/15/20 | DEFENDANTS RESPONSE TO PLAINTIFFS MOTION FOR RELIEF FROM ORDER OF DISMISSAL | |
| 10/15/20 | APPELLEES DESIGNATION OF ADDITIONAL PARTS OF THE RECORD | |
| 11/30/20 | AGREED NOTICE OF HEARING | 366 438 |
| 11/30/20 | MAILED COPY OF ORDER TO PLAINTIFF'S ATTY, JENNIFER MILLER | |
| 11/30/20 | MAILED COPY OF ORDER TO DEFENDANT'S ATTY, EDD PEYTON | |

** CONTINUED ON NEXT PAGE **

STATE OF MS, ALCORN COUNTY
CERTIFIED A TRUE COPY
FEB 24 2021
CRYSTAL STARLING, CIRCUIT CLERK
BY Kalee Smith D.C.

4

No. CV2019-093 CFN 18582

NANCY MIZE AND CHARLES MIZE
VS.

SHILOH MARKET INC
COMPLAINT

Counsel for Plaintiff
JENNIFER L MILLER
Counsel for Defendant

JUDGE MICHAEL PAUL MILLS JR

| DATE | | |
|---|---|---|
| | ** CONTINUED FROM PREVIOUS PAGE ** | |
| 12/14/20 | LETTER FROM SUPREME COURT--NEEDING STATUS ON CASE--MAILED SUPREME COURT COPY OF THE AGREED NOTICE OF HEARING | |
| 12/22/20 | Order--PLAINTIFF'S MOTION FOR RELIEF FROM ORDER OF DISMISSAL IS DENIED | 370 38 |
| 12/22/20 | MAILED COPY OF ORDER TO PLAINTIFF'S ATTY, JENNIFER MILLER | |
| 12/22/20 | MAILED COPY OF ORDER TO DEFENDANT'S ATTY, EDD PEYTON | |
| 12/22/20 | ORDER MAILED TO SUPREME COURT OF MS | |
| 12/29/20 | LETTER TO APPELLANT FOR $62.50 DUE FOR APPEAL COST | |
| 1/04/21 | PLAINTIFFS SUPPLEMENTAL DESIGNATION OF THE RECORD | |
| 1/04/21 | LETTER FROM SUPREME COURT--RECORD SHOULD BE READY FOR ATTORNEY REVIEW BY 1/27/2021 | |
| 1/08/21 | DEFENDANT'S DESIGNATION OF ADDITIONAL PARTS OF THE RECORD | |
| 1/12/21 | PLAINTIFFS AMENDED DESIGNATION OF THE RECORD | |
| 1/13/21 | SECOND CERTIFICATE OF COMPLIANCE WITH RULE 11(B)(1) | |
| 1/20/21 | STIPULATION AS TO THE CONTENT OF THE RECORD ON APPEAL | |
| 2/11/21 | COURT REPORTER COST | |

STATE OF MS, ALCORN COUNTY
CERTIFIED A TRUE COPY
FEB 24 2021
CRYSTAL STARLING, CIRCUIT CLERK
BY [signature] D.C.

5

**IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI**

**NANCY MIZE and CHARLES MIZE** — **PLAINTIFFS**

**vs.** — **NO.** CV2019-093RA
**JURY DEMANDED**

**SHILOH MARKET, INC.** — **DEFENDANT**

# COMPLAINT FOR DAMAGES

COMES NOW Plaintiffs, Nancy Mize and Charles Mize, and sues the Defendant, Shiloh Market, for compensatory damages, and in support thereof would show the Court as follows:

## PARTIES

1. Plaintiff, Nancy Mize, is an adult resident citizen of Alcorn County, Mississippi, who resides at 19 CR 238, Corinth, Mississippi 38834.

2. Plaintiff, Charles Mize, is the spouse of Plaintiff Nancy Mize, and is an adult resident and citizen of Alcorn County, Mississippi.

3. Defendant, Shiloh Market, Inc., is a Mississippi corporation, whose principal address is 2036 E. Shiloh Road, Corinth, Alcorn County, Tennessee 38834.

4. The Defendant's registered agent, William Farris Wilkerson, may be served with process at 2036 East Shiloh Road, Corinth, Mississippi 38834.

## JURISDICTION AND VENUE

5. All events which form the basis of this Complaint for Damages are based in tort and occurred in Corinth, Alcorn County, Mississippi.

6. This Court has jurisdiction of this matter pursuant to Sections 11-46-13 and 9-7-81 of the Mississippi Code of 1972, Annotated, and the amount in controversy exceeds Two Hundred ($200.00) Dollars, exclusive of interest and costs.

FILED
FEB 11 2019
JOE CALDWELL, CIRCUIT CLERK
BY Heather Boyer DC



6

7. Venue is proper in Alcorn County, Mississippi, pursuant to Sections 11-11-3 and 11-46-13(2) of the Mississippi Code of 1972, Annotated.

8. Defendant Shiloh Market, Inc. was properly served with process.

FACTS

9. At all times relevant to this Complaint, the Defendant owned and operated a grocery store known as Shiloh Market, which is located at 2036 East Shiloh Road in Corinth, Alcorn County Mississippi.

10. On or about December 29, 2016, Plaintiff, Nancy Mize, and her husband, Charles Mize, were shopping in Shiloh Market and were business invitees of the Defendant.

11. Plaintiff, Nancy Mize, was in the dairy section when she tripped and fell over a broomstick handle that was left by Defendant's employee protruding into a walkway and partially hidden behind a store fixture believed to a cooler.

12. As a result of tripping and landing on the ground, Plaintiff, Nancy Mize, sustained severe injuries to her neck, back and body in general.

13. Defendant, its agents, and/or employees, knew or should have known that leaving a broom sticking out from behind a cooler in an aisle of Defendant's store created an unreasonably dangerous condition.

14. Plaintiff, Nancy Mize, would further show unto the Court that she was exercising due care and caution for her own safety but that she did not see the dangerous condition in enough time to avoid tripping over it because it was partially hidden behind a store display.

15. Plaintiff, Nancy Mize, would further state that the broomstick she tripped over was hidden by a store display concealing the hazard in such a manner that it constituted a trap.



7

16. Upon information and belief, there were no employees or signs warning guests or invitees, such as Nancy Mize, of the tripping hazard created by the broom left in the dairy section of Defendant's store.

17. Upon information and belief, the broom left leaning against the wall by Defendant's employee was under the exclusive control of the Defendant;

18. Upon information and belief, that the agents or employees of the Defendant should have known of the dangerous condition described herein because it was created by them.

19. Upon information and belief, the agents or employees of Defendant failed to remedy said dangerous condition that they knew, or by reasonable inspection should have known, existed in the dairy section of Defendant's store where Plaintiff tripped and fell.

20. Upon information and belief, the agents or employees of the Defendant knew that the broomstick left in the dairy section of Defendant's store created a dangerous condition because it was left there.

CAUSES OF ACTION
NEGLIGENCE

21. Plaintiffs repeat the allegations contained in paragraphs 1-20 as though set forth verbatim.

22. Defendant owed Plaintiff, Nancy Mize, a reasonable degree of care to maintain its store in such a manner as to not create a dangerous condition that would endanger persons, and specifically Plaintiff, Nancy Mize, walking through the store; Defendant failed in that duty as specifically stated herein and said failure of that duty constituted negligence that was the proximate cause of the incident complained of here and the injuries suffered by Plaintiff, Nancy Mize, as a direct result of said incident.

23. Defendant, and its agents and employees, failed to inspect the dairy section of



6

Defendant's store and correct said dangerous condition where members of the public would ordinarily be expected to walk.

24. Defendant, and its agents and employees, failed to warn members of the public, and specifically Plaintiff, Nancy Mize, of dangerous conditions existing in Defendant's store.

25. Defendant, and its agents, servants, and employees failed to exercise that degree of care owed to members of the public in negligently creating a trip hazard in a walkway of Defendant's store, which created a dangerous condition with total disregard for the safety of members of the public.

26. Defendant, and its agents and employees, were negligent in failing to train its employees to properly clean the store, including but not limited to failing to train agents and employees on proper storage of cleaning devices to ensure the safety of its invitees.

27. As a proximate result of the negligence of Defendant, Plaintiff, Nancy Mize, has suffered damages, including but not limited to:

a. Past and future personal injuries and damages;
b. Past and future physical pain and suffering;
c. Past and future medical expenses
d. Lost wages;
e. Loss of earning capacity
f. Loss of the pleasures of life as her injuries are severe, disabling and possibly permanent, all of which directly and proximately resulted from the herein described negligence of the Defendant.

DAMAGES

28. Plaintiffs repeat the allegations contained in paragraphs 1-27 and subparagraphs a-f, as

though set forth verbatim.

29. As a direct and proximate result of the negligence of the Defendant, Nancy Mize, sustained injuries both temporary and permanent in nature.

30. As a direct and proximate result of the negligence of Defendant, Nancy Mize was subjected to severe pain and suffering and emotional trauma.

31. As a proximate result of the negligence of Defendant, Nancy Mize lost earnings and earning capacity.

LOSS OF CONSORTIUM AND SERVICES

32. As a direct and proximate result of one or more of the above acts of negligence, violation of state statutes and ordinances, Plaintiff Charles Mize has suffered the following as a direct and proximate result of the negligence of Defendant:

a) Loss of Consortium,

b) Loss of Services,

c) Loss of Companionship; and

d) Such other, further and general relief to which he may be entitled under the law and evidence presented.

RELIEF SOUGHT

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully prays:

1. That Plaintiffs be awarded the present cash value of any medical care and treatment that Plaintiff Nancy Mize has undergone or will have to incur in the future.

2. That Plaintiffs be awarded special damages for medical, hospital and doctors expenses incurred, according to proof;

3. That Plaintiffs be awarded compensatory damages in the maximum amount allowed pursuant to the Mississippi Tort Claims Act;

4. That Plaintiff Tom Mize be awarded compensatory damages for his loss of consortium claim;

5. That Plaintiffs be awarded post-judgment interest to the extent allowed by law;

6. That a jury be empaneled to try the issues when joined; and

7. Such further relief as the Court may deem just and equitable.

Respectfully submitted,

**MORGAN & MORGAN - MEMPHIS**

Jennifer L. Miller (MS Bar No.: 100550)
Attorney for Plaintiffs
40 S. Main Street, Suite 2600
Memphis, Tennessee 38103
T: (901) 217-7000
F: (901) 524-1783
JenniferM@forthepeople.com

**IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI**

**NANCY MIZE and**
**CHARLES MIZE** **PLAINTIFFS**

**vs.** **NO.** CV19-093RA
**JURY DEMANDED**

**SHILOH MARKET, INC.** **DEFENDANT**

**NOTICE OF SERVICE OF PLAINTIFF'S DISCOVERY TO DEFENDANT SHILOH MARKET, INC.**

**COMES NOW** Plaintiff, Nancy Mize, by and through counsel, and hereby gives Notice of Service of Plaintiff's First Set of Interrogatories and Requests for Production of Documents Propounded upon Defendant Shiloh Market, Inc.

Respectfully submitted,

**MORGAN & MORGAN MEMPHIS, LLC**

Jennifer L. Miller (MS Bar #100500)
Attorney for Plaintiff
40 S. Main Street, Suite 2600
Memphis, Tennessee 38103
Phone: (901) 333-1900
Fax: (901) 524-1783
JLMiller@forthepeople.com

*Served with Complaint*

Jennifer L. Miller

FILED
FEB 11 2019
JOE CALDWELL, CIRCUIT CLERK
BY Heather Boyer DC

12

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

NANCY MIZE and
CHARLES MIZE, PLAINTIFFS

vs. Docket No. CV19-093RA

SHILOH MARKET, INC. DEFENDANT

---

NOTICE OF APPEARANCE

---

The Defendant, Shiloh Market, Inc., hereby announces to the Court the representation of it by Christopher M. Myatt, and the law firm of Spicer Rudstrom, PLLC, and requests that the name of Christopher M. Myatt, and the law firm of Spicer Rudstrom, PLLC, be entered as counsel of record by the Court Clerk.

Respectfully submitted:

Christopher M. Myatt (MSB 103812)
Spicer Rudstrom, PLLC
Attorney for Defendant
119 South Main, Suite 700
Memphis, Tennessee 38103
(901) 522-2311
(901) 526-0213 fax
cmyatt@spicerfirm.com

FILED
FEB 27 2019
JOE CALDWELL, CIRCUIT CLERK
BY Leslie M. Cantrell DC

13

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, postage prepaid, on this the 25 day of February, 2019.

Jennifer L. Miller
Morgan & Morgan
40 S. Main Street, Suite 2600
Memphis TN 38103

Christopher M. Myatt

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

NANCY MIZE and
CHARLES MIZE, PLAINTIFFS

vs. Docket No. CV19-093RA

SHILOH MARKET, INC. DEFENDANT

---

ANSWER TO COMPLAINT

---

The Defendant, Shiloh Market, Inc., by and through counsel, hereby answers the Plaintiff's Complaint as follows:

1. Upon information and belief, the Defendant admits the allegations of Paragraph 1.
2. Upon information and belief, the Defendant admits the allegations of Paragraph 2.
3. The Defendant admits the allegations of Paragraph 3.
4. The Defendant admits the allegations of Paragraph 4.
5. The Defendant admits that the subject event occurred in Corinth, Alcorn County, Mississippi. The Defendant denies the remaining allegations of Paragraph 5 and demands strict proof thereof.
6. The Defendant admits that this Court has jurisdiction. The Defendant denies the remaining allegations of Paragraph 6 and demands strict proof thereof.
7. The Defendant admits that venue is proper in this Court.
8. The Defendant admits the allegations of Paragraph 8.
9. The Defendant admits the allegations of Paragraph 9.

FILED
MAR - 6 2019
JOE CALDWELL, CIRCUIT CLERK
BY Leslie M. Cantrell DC

10. The Defendant admits that Plaintiffs were in Defendant's store on December 29, 2016. The Defendant denies the remaining allegations of Paragraph 10 and demands strict proof thereof.

11. The Defendant admits that Plaintiff Nancy Mize fell in the dairy section of Defendant's store. The Defendant denies the remaining allegations of Paragraph 11 and demands strict proof thereof.

12. The Defendant denies the allegations of Paragraph 12 and demands strict proof thereof.

13. The Defendant denies the allegations of Paragraph 13 and demands strict proof thereof.

14. The Defendant denies the allegations of Paragraph 14 and demands strict proof thereof.

15. The Defendant denies the allegations of Paragraph 15 and demands strict proof thereof.

16. The Defendant admits that there were no signs in its store warning of a broomstick handle. The Defendant denies the remaining allegations of Paragraph 16 and demands strict proof thereof.

17. The Defendant denies the allegations of Paragraph 17 and demands strict proof thereof.

18. The Defendant denies the allegations of Paragraph 18 and demands strict proof thereof.

19. The Defendant denies the allegations of Paragraph 19 and demands strict proof thereof.

20. The Defendant denies the allegations of Paragraph 20 and demands strict proof thereof.

21. Paragraph 21 requires no response from the Defendant.

22. The Defendant denies the allegations of Paragraph 22 and demands strict proof thereof.

23. The Defendant denies the allegations of Paragraph 23 and demands strict proof thereof.

24. The Defendant denies the allegations of Paragraph 24 and demands strict proof thereof.

25. The Defendant denies the allegations of Paragraph 25 and demands strict proof thereof.

26. The Defendant denies the allegations of Paragraph 26 and demands strict proof thereof.

27. The Defendant denies the allegations of Paragraph 27, including subparagraphs (a) through (f), and demands strict proof thereof.

28. Paragraph 28 requires no response from the Defendant.

29. The Defendant denies the allegations of Paragraph 29 and demands strict proof thereof.

30. The Defendant denies the allegations of Paragraph 30 and demands strict proof thereof.

31. The Defendant denies the allegations of Paragraph 31 and demands strict proof thereof.

32. The Defendant denies the allegations of Paragraph 32, including subparagraphs (a) through (d), and demands strict proof thereof.

33. The Defendant denies that the Plaintiffs are entitled to the relief sought or any relief whatsoever from the Defendant.

34. The Defendant hereby denies any and all allegations not previously admitted, denied, or explained.

35. The Defendant reserves the right to amend this Answer pending further discovery and investigation.

36. The Defendant affirmatively avers that Plaintiff has failed to state a cause of action upon which relief can be granted and hereby moves for dismissal with prejudice.

37. The Defendant states that its actions or omissions, if any, were not the cause in fact or proximate cause of any losses or damages allegedly sustained by Plaintiff.

38. The Defendant states that to the extent that Plaintiff failed to mitigate damages, any claim for damages is barred or diminished.

39. The Defendant states that they have breached no duty of care, if any, owed to Plaintiff.

40. The Defendant states that the losses and damages complained of herein, if any, resulted from the acts of omissions of the Plaintiff herself, who failed to exercise due care and failed to appreciate her surroundings, among other acts and



IR

omissions. The Defendant hereby alleges the comparative fault of Plaintiff for negligent acts and omissions constituting the proximate cause of her claimed injuries and damages, if any.

41. This Defendant avers that intervening or superseding events operate to break any causal link between anything done or not done by this Defendant and any damages sustained by Plaintiffs.

42. The Defendant states that Plaintiff has not sustained any damages due to the actions or omissions of the Defendant.

43. The Defendant respectfully demands a jury.

WHEREFORE, the Defendant respectfully requests the Court to dismiss, with prejudice, the Complaint filed against it in this case, awarding the Defendant all costs and attorney fees incurred.

Respectfully submitted:

Christopher M. Myatt (MSB 103812)
Spicer Rudstrom, PLLC
119 South Main, Suite 700
Memphis, Tennessee 38103
(901) 522-2311
(901) 526-0213 fax
cmyatt@spicerfirm.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, postage prepaid, on this the 4th day of March, 2019.

Jennifer L. Miller
Morgan & Morgan
40 S. Main Street, Suite 2600
Memphis TN 38103

Christopher M. Myatt

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

NANCY MIZE and
CHARLES MIZE, PLAINTIFFS

vs. Docket No. CV19-093RA

SHILOH MARKET, INC. DEFENDANT

---

## NOTICE OF SERVICE OF DISCOVERY

---

TO: All Counsel of Record

Notice is hereby given that Defendants, by and through counsel, have this date served the following by United States mail, postage prepaid, upon all counsel of record in the above entitled action:

1. First Set of Interrogatories to Plaintiffs; and
2. First Set of Requests for Production of Documents to Plaintiffs.

The undersigned retains the originals of the above papers as custodian thereof pursuant to the local rules.

Dated this the 5th day of March, 2019.

Respectfully submitted:

[signature]

Christopher M. Myatt (MSB 103812)
Spicer Rudstrom, PLLC
Attorney for Defendant
119 South Main, Suite 700
Memphis, Tennessee 38103
(901) 522-2311
(901) 526-0213 fax
cmyatt@spicerfirm.com

FILED
MAR - 7 2019
JOE CALDWELL, CIRCUIT CLERK
BY [signature] DC

21

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, postage prepaid, on this the 5th day of March, 2019.

Jennifer L. Miller
Morgan & Morgan
40 S. Main Street, Suite 2600
Memphis TN 38103

Christopher M. Myatt

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

NANCY MIZE and
CHARLES MIZE, PLAINTIFFS

vs. Docket No. CV19-093RA

SHILOH MARKET, INC. DEFENDANT

---

## NOTICE OF SERVICE OF DISCOVERY

---

TO: All Counsel of Record

Notice is hereby given that Defendants, by and through counsel, have this date served the following by United States mail, postage prepaid, upon all counsel of record in the above entitled action:

1. Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents.

The undersigned retains the originals of the above papers as custodian thereof pursuant to the local rules.

Dated this the 19th day of March, 2019.

Respectfully submitted:

Christopher M. Myatt (MSB 103812)
Spicer Rudstrom, PLLC
Attorney for Defendant
119 South Main, Suite 700
Memphis, Tennessee 38103
(901) 522-2311
(901) 526-0213 fax
cmyatt@spicerfirm.com

FILED
MAR 21 2019
JOE CALDWELL, CIRCUIT CLERK
BY Leslie M. Caldwell DC

23

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, postage prepaid, on this the 19 day of March, 2019.

Jennifer L. Miller
Morgan & Morgan
40 S. Main Street, Suite 2600
Memphis TN 38103

Christopher M. Myatt

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

**NANCY MIZE** and
**CHARLES MIZE,** PLAINTIFFS

vs. Docket No. CV19-093RA

**SHILOH MARKET, INC.** DEFENDANT

---

**MOTION TO COMPEL**

---

The Defendant, Shiloh Market, Inc., by and through counsel and pursuant to Rule 37 of the Mississippi Rules of Civil Procedure, hereby moves this Court to enter an Order compelling Plaintiffs to respond fully and completely to the Interrogatories and Requests for Production propounded by the Defendant. For cause, the Defendant states that they propounded Interrogatories and Requests for Production to Plaintiffs on or about March 5, 2019. Plaintiffs have not responded to these discovery requests.

WHEREFORE, the Defendant respectfully requests that this Court grant this motion and enter an Order compelling Plaintiffs to respond to Defendant's Interrogatories and Requests for Production within 15 days.

Respectfully submitted:

Christopher M. Myatt (MSB 103812)
Spicer Rudstrom, PLLC
119 South Main, Suite 700
Memphis, Tennessee 38103
(901) 522-2311
cmyatt@spicerfirm.com

FILED
JUN 06 2019
JOE CALDWELL, CIRCUIT CLERK
BY Leslie M. Cantrell DC

CERTIFICATE OF CONSULTATION

The undersigned hereby certifies that he consulted with Plaintiff's counsel regarding the overdue discovery responses referenced in this motion on April 17, 2019, in which undersigned counsel agreed to a 30-day extension, making the new deadline May 17, 2019. When responses were not forthcoming, undersigned counsel communicated with Plaintiff's counsel, who acknowledged that the responses were overdue and would have them completed soon. As of June 3, 2019, Plaintiffs have not responded to discovery.

Christopher M. Myatt

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, postage prepaid, on this the 4th day of June, 2019.

Jennifer L. Miller
Morgan & Morgan
40 S. Main Street, Suite 2600
Memphis TN 38103

Christopher M. Myatt

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

**NANCY MIZE** and
**CHARLES MIZE,** PLAINTIFFS

vs. Docket No. CV19-093RA

**SHILOH MARKET, INC.** DEFENDANT

**ENTRY OF APPEARANCE AND NOTICE OF SUBSTITUTION OF COUNSEL**

Comes now the Defendant, Shiloh Market, Inc., and hereby announced to the Court its representation by Attorney Jared S. Renfroe and the Law Firm of Spicer Rudstrom, PLLC. Defendant requests that said attorney be substituted for Attorney Christopher M. Myatt as counsel of record for the Defendant by the Clerk of the Court.

Respectfully submitted,

**SPICER RUDSTROM, PLLC**
Attorneys for Defendant

BY: ______________________
JARED S. RENFROE, #105749
119 S. Main Street, Suite 700
Memphis, TN 38103
(901) 522-2317 – Phone
(901) 526-0213 – Fax
Jrenfroe@spicerfirm.com

FILED
OCT 11 2019
JOE CALDWELL, CIRCUIT CLERK
BY ______________ D.C.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, postage prepaid, on this the 8th day of October, 2019.

Jennifer L. Miller
Morgan & Morgan
40 S. Main Street, Suite 2600
Memphis TN 38103

Jared S. Renfroe

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

**NANCY MIZE** and
**CHARLES MIZE,** PLAINTIFFS

vs. Docket No. CV19-093RA

**SHILOH MARKET, INC.** DEFENDANT

---

**CONSENT ORDER ON DEFENDANT'S MOTION TO COMPEL**

---

This cause came upon the Defendant's Motion to Compel filed on June 6, 2019. The Parties hereby announce to the Court that they have reached an agreement whereby Plaintiffs shall respond to Defendant's Interrogatories and Requests for Production to Plaintiffs by March 16, 2020.

IT IS THEREFORE ORDERED that Plaintiffs shall respond to Defendant's Interrogatories and Requests for Production by March 16, 2020.

It is so ORDERED this 18th day of February 2020.

Paul Funderburk
Judge

ADMINISTRATOR
FEB 18 2020
PROCESSED
NOT FILED

STATE OF MS, ALCORN COUNTY
CERTIFIED A TRUE COPY
DEC 29 2020
CRYSTAL STARLING, CIRCUIT CLERK
BY Crystal Starling D.C.

ALCORN COUNTY
FILED
FEB 21 2020
CRYSTAL STARLING, CIRCUIT CLERK
BY Kim Smith D.C.

355
222

29

APPROVED FOR ENTRY:

Jared S. Renfroe (MSB# 105749)
SPICER RUDSTROM, PLLC
119 South Main Street, Suite 700
Memphis, Tennessee 38103
(901) 522-2317
jrenfroe@spicerfirm.com

Jennifer L. Miller (MSB#100550)
THE GOLD LAW FIRM
25 Dr. Martin Luther King, Jr. Avenue
Memphis, Tennessee 38103
(901) 244-5004
jmiller@dgoldlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, postage prepaid, on this the 31st day of January, 2020.

Jennifer L. Miller
The Gold Law Firm
25 Dr. Martin Luther King, Jr. Avenue
Memphis, Tennessee 38103

Jared S. Renfroe

ALCORN COUNTY
FILED
FEB 21 2020
CRYSTAL STARLING, CIRCUIT CLERK
BY Katie Smith D.C.

355
223



30

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

NANCY MIZE and
CHARLES MIZE, PLAINTIFFS

vs. Docket No. CV19-093RA

SHILOH MARKET, INC. DEFENDANT

---

**NOTICE OF APPEARANCE**

---

The Defendant, Shiloh Market, Inc., hereby announces to the Court the representation of it by Edd L. Peyton of the law firm of Spicer Rudstrom, PLLC, and requests that the name of Edd L. Peyton be entered as counsel of record by the Court Clerk.

Respectfully submitted:

[signature]

Edd L. Peyton (MSB 102103)
Spicer Rudstrom, PLLC
Attorney for Defendant
119 South Main, Suite 700
Memphis, Tennessee 38103
(901) 522-2311
(901) 526-0213 fax
epeyton@spicerfirm.com

ALCORN COUNTY
FILED
APR 08 2020
CRYSTAL STARLING, CIRCUIT CLERK
BY [signature] D.C.

31

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, postage prepaid, on this the 3rd day of April, 2020.

Jennifer L. Miller
Morgan & Morgan
40 S. Main Street, Suite 2600
Memphis TN 38103

Edd L. Peyton

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

NANCY MIZE and
CHARLES MIZE, PLAINTIFFS

vs. Docket No. CV19-093RA

SHILOH MARKET, INC. DEFENDANT

---

**RENEWED MOTION TO COMPEL AND FOR SANCTIONS**

---

The Defendant, Shiloh Market, Inc., by and through counsel and pursuant to Rule 37 of the Mississippi Rules of Civil Procedure, hereby moves this Court to enter an Order dismissing Plaintiff's complaint for failing to respond fully and completely to the Interrogatories and Requests for Production propounded by the Defendant. For cause, the Defendant states that they propounded Interrogatories and Requests for Production to Plaintiffs on or about March 5, 2019. The Parties announced a Consent Order On Defendant's Motion to Compel requiring Plaintiffs to respond to discovery by March 16, 2020. The Order was entered by the Court on February 18, 2020. As of May 18, 2020, the Plaintiffs have not provided responses to the Defendant.

Under Rule 37 of the Mississippi Rules of Civil Procedure, when a party fails to cooperate in discovery a court may order payment of reasonable expenses and attorneys' fees, ordering designated facts to be taken as established, refusing to allow the disobedient party to support or oppose designated claims or defenses, striking out pleadings, holding a party in contempt of court, and dismissing the suit. *Ashmore v. Mississippi Auth. on Educ. Television*, 148 So. 3d 977, 983 (Miss. 2014). All are permissible, and all are within the trial court's discretion. *Ashmore*, 148 So.3d at 983.

ALCORN COUNTY
FILED
MAY 20 2020
CRYSTAL STARLING, CIRCUIT CLERK
BY [signature] D.C.

33

WHEREFORE, the Defendant respectfully requests that this Court grant this motion to dismiss Plaintiffs complaint, and order the payment of reasonable expenses and attorneys' fees for unjustified failure to timely respond.

Respectfully submitted:

Edd L. Peyton (MSB 102103)
Spicer Rudstrom, PLLC
119 South Main, Suite 700
Memphis, Tennessee 38103
(901) 522-2311
epeyton@spicerfirm.com

**CERTIFICATE OF CONSULTATION**

The undersigned hereby certifies that he consulted with Plaintiff's counsel regarding the overdue discovery responses referenced in this motion on May 18, 2020. Plaintiffs' counsel acknowledged that she did not comply with the Agreed Order and asserting that she would endeavor to complete the responses by May 29, 2020, but also acknowledging that this motion would be filed.

Edd L. Peyton

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, postage prepaid, on this the 18th day of May, 2020.

Jennifer L. Miller
The Gold Law Form
25 Martin Luther King, Jr. Avenue
Memphis, Tennessee 38103

Edd. L. Peyton

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

NANCY MIZE and
CHARLES MIZE, PLAINTIFFS

vs. Docket No. CV19-093RA

SHILOH MARKET, INC. DEFENDANT

---

ORDER ON DEFENDANT'S RENEWED MOTION TO COMPEL
AND FOR SANCTIONS

---

This cause came upon the Defendant's Renewed Motion to Compel and For Sanctions filed on May 20, 2020 requesting that this Court to enter an Order dismissing Plaintiff's complaint for failing to respond fully and completely to the Interrogatories and Requests for Production propounded by the Defendant pursuant to Rule 37 of the Mississippi Rules of Civil Procedure. Defendant propounded Interrogatories and Requests for Production to Plaintiffs on or about March 5, 2019 after which the Parties consented to an Order entered by the Court on February 18, 2020, granting Defendant's Motion to Compel and requiring Plaintiffs to respond to discovery by March 16, 2020. As of August 25, 2020, the Plaintiffs have not provided responses to the Defendant or responded to Defendant's motion.

IT IS THEREFORE ORDERED that Plaintiffs' case is hereby dismissed and any remaining costs are to be assessed against the Plaintiffs.

It is so ORDERED this 31 day of August, 2020.

Michael P. Mills, Jr.
Hon. Michael P. Mills, Jr.
Circuit Court Judge

ALCORN COUNTY
FILED
SEP - 3 2020
CRYSTAL STARLING, CIRCUIT CLERK
BY Leslie M Cantrell DC

STATE OF MS, ALCORN COUNTY
CERTIFIED A TRUE COPY
DEC 29 2020
CRYSTAL STARLING, CIRCUIT CLERK
BY Crystal Starling D.C.

ADMINISTRATOR
AUG 31 2020
PROCESSED
NOT FILED

366
26
35

APPROVED AS TO FORM:

Edd L. Peyton (MSB# 102103)
Jared S. Renfroe (MSB# 105749)
Spicer Rudstrom, PLLC
119 South Main Street, Suite 700
Memphis, Tennessee 38103
(901) 522-2313
epeyton@spicerfirm.com
jrenfroe@spicerfirm.com

Jennifer L. Miller (MSB# 100550)
The Gold Law Firm
25 Dr. Martin Luther King, Jr. Avenue
Memphis, Tennessee 38103
(901) 244-5004
jmiller@dgoldlaw.com

**IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI**

**NANCY MIZE and CHARLES MIZE, PLAINTIFFS**

**vs. CIVIL CASE NO. CV19-093RA**

**SHILOH MARKET, INC. DEFENDANT**

**PLAINTIFFS' MOTION FOR RELIEF FROM ORDER OF DISMISSAL**

Pursuant to Rule 60(b)(6), the Plaintiffs, Nancy Mize and Charles Mize hereby move for relief from this Court's Order on Defendant's Renewed Motion to Compel and for Sanctions dismissing this matter. As will be shown below, this order should be set aside because the Defendant did not present sufficient information to this Court in its motion to enable this Court to consider whether dismissal as a sanction for discovery violations was appropriate in this matter. Further, Plaintiffs were not provided notice that sanctions were being considered by this Court prior to this matter being dismissed. Therefore, the Plaintiffs were not provided an opportunity to be heard prior to dismissal, which further precluded this Court's from considering all of the relevant factors necessary to determine whether dismissal was the appropriate sanction. Plaintiffs respectfully submit that this Court did not have sufficient information available to it to consider whether dismissal was the most appropriate discovery sanction to impose.

Therefore, Plaintiffs' respectfully pray that this Court set aside its order dismissing this case entered on September 3, 2020, reinstate the cause on the court docket, and grant Plaintiffs leave to serve discovery responses within 10 days of the entry of the order reinstating this matter. In the alternative, Plaintiffs request the order of dismissal be set aside and the Plaintiffs be provided an opportunity to present evidence at a hearing so this Court may consider all relevant factors to determine whether dismissal is an appropriate discovery sanctions against Plaintiffs in this matter.

ALCORN COUNTY
FILED
OCT 02 2020
CRYSTAL STARLING, CIRCUIT CLERK
BY Karen Smith D.C.



31

## PERTINENT PROCEDUREL HISTORY

This case concerns injuries sustained by Nancy Mize because of a fall. The Plaintiffs allege that Mrs. Mize was walking through Shiloh Market when she tripped over a broom that was left protruding from behind a refrigerated case by a store employee. She fell and suffered severe injuries to her neck, back, right knee and right shoulder, some of which are permanent. Mrs. Mize sought treatment from approximately 30 different medical providers from December 2016 through November of 2018. She has incurred medical bills totaling over $400,000.00.

Plaintiff filed suit in this matter on February 11, 2019. Plaintiff's Interrogatories and Requests for Production of Documents were served with the Complaint. The Defendant filed an Answer to the Complaint on March 4, 2019 and served its discovery upon the Plaintiff on March 5, 2019. Defendant filed its Answers to Plaintiffs' discovery on March 19, 2019. The Defendant filed a motion to compel Plaintiff's discovery responses on June 6, 2019. The parties conferred on multiple occasions regarding the Plaintiff's outstanding discovery. There was an agreement reached between the parties that Plaintiff's responses would be served by January 2, 2020.

Unfortunately, the January 2, 2020 deadline passed, and responses were not served. However, this deadline was not missed out of any disregard to Plaintiffs' discovery obligations, rather, undersigned counsel was terminated suddenly and unexpectedly from her employment with her former firm on December 2, 2020. Undersigned counsel left her office within ten minutes of being told that she had been let go. The Plaintiffs remained a client of Morgan & Morgan after December 2, 2020. On January 26, 2020, Plaintiffs retained undersigned counsel and her new law firm, The Gold Law Firm.

Subsequently, the Parties' counsel conferred and agreed upon a new deadline of March 16, 2020 for service of Plaintiff's responses to Defendant's discovery and a Consent Order

memorializing this agreement was entered on February 18, 2020. Undersigned counsel and Plaintiff worked diligently to meet this agreed deadline. As of March 16, 2020, the draft responses were substantially complete; however, undersigned counsel misjudged how long it would take to prepare all of materials for production without the help of support staff. On March 17, 2020, undersigned counsel emailed counsel for Defendant and apologized for the delay and told Defense counsel that she anticipated that the discovery would be served the following day, March 18th, 2020. However, after sending the email, undersigned counsel found some errors related to the claimed medical expenses and that some work was still needed to sort the related medical expenses from the unrelated medical expenses.

On the afternoon of March 19, 2020, Memphis City Mayor Jim Strickland declared a civil state of emergency due to COVID-19 and issued his first of many orders that shut down much of the city of Memphis. Undersigned counsel spent several days moving her office files and hardware from work to home. The first few weeks working from home caused significant frustration due to ongoing connectivity issues and hardware problems. Numerous hardware problems caused significant inefficiencies and delays. It was a struggle through much of the month of March to accomplish much of anything due to technical difficulties.

Sometime in March or April of 2020, undersigned counsel started to suffer from wellness issues that interfered with her ability to accomplish daily tasks. Counsel for defendant reached out to counsel for Plaintiff to confer about the outstanding discovery responses on April 2, 2020 and April 13, 2020, undersigned counsel made no response. By this time, undersigned counsel was struggling with lethargy, increased insomnia, and difficulty in completing personal and professional tasks. Undersigned counsel struggled daily with loneliness. Working alone at home with no support staff and very little interaction with anyone took a toll on undersigned counsel.

Initially, undersigned counsel did not understand the impact from these changes.

On Monday, April 27, 2020, counsel opposite indicated that if responses were not received by Wednesday, April 29, 2020 he would file a motion with this Court. Counsel opposite was trying to work with Plaintiffs and was being lenient due to all of this issues everyone was dealing with due to COVID-19. However, Plaintiff's discovery responses were not served. Defense counsel emailed undersigned counsel to confer about the significantly past-due discovery responses on May 2, 2020. The motion that followed was filed on May 20, 2020 – Defendant's Renewed Motion to Compel and for Sanctions. Defense counsel reached out to Plaintiffs' counsel to reassure her that the Defendant was not trying to get the case dismissed and undersigned counsel tried to explain what still needed to be done to serve the responses. Still the responses were not served.

After the May 2, 2020 email, counsel for the parties had two subsequent conversations regarding the past due discovery responses. The first was a telephone call in late May or early June and the last consultation had was an in-person conversation that took place on June 24, 2020 when counsel for the parties inadvertently crossed paths at a bar association event.

On August 27, 2020, a proposed order granting Defendant's motion for sanctions filed on May 20, 2020 and seeking dismissal of Plaintiffs' case was forwarded to this Court for its consideration without prior notice to Plaintiffs or their counsel. Although the Order contains a signature line for Plaintiffs' counsel, the proposed order was not presented to Plaintiffs' counsel at any time before it was presented to the Court for entry. On August 31, 2020, this Court signed the Order and it was entered on September 3, 2020, dismissing this matter.

The Order was received by Plaintiffs' counsel on September 8, 2020. Plaintiffs received no notice that the Defendants were presenting the issue of sanctions to this Court prior to entry of

the order dismissing this matter.

**LEGAL STANDARD**

Mississippi Rules of Civil Procedure Rule 60(b)(6) state that "upon such terms as are just, the court may relieve a party or his legal representative from a final . . . order . . . for . . . any . . . reason justifying relief . . ." This court has discretion to determine whether to impose sanctions for discovery abuses and has great latitude in determining what sanctions are appropriate. *City of Jackson v. Rhaly*, 95 So.3d 657, 660 (¶ 7) (Miss. App. 2011). "Nonetheless, 'the trial court should dismiss a cause of action for failure to comply with discovery only under the most extreme circumstances.'" *Id.* (*citing Pierce v. Heritage Props., Inc.*, 688 So.2d 1385, 1388 (Miss.1997).

"Rule 37 of the Mississippi Rules of Civil Procedure is designed to vest with the trial court great latitude in deciding when and what sanctions will be imposed for a discovery violation." *Id.* at 660 (¶ 8) (*citing Marshall v. Burger King,* 2 So.3d 702, 706 (¶ 8) (Miss.Ct.App.2008)). Yet, the Mississippi Supreme Court has cautioned that the ultimate sanction of dismissal is to be used only as a last resort. *See id.* at 661 (¶ 9) (*citing Robert v. Colson*, 729 So.2d 1243, 1247–48 (¶ 28) (Miss.1999)).

The Mississippi Supreme Court has enumerated four factors this Court must evaluate when considering whether dismissal is an appropriate discovery sanction. *Tucker v. Delta Reg'l Med. Ctr.*, 189 So.3d 690, 693 (¶ 7) (Miss. App. 2016) (*citing Chambers v. Brown*, 66 So.3d 1269, 1272 (¶ 12) (Miss.Ct.App.2011); *see also Pierce v. Heritage Props., Inc.*, 688 So.2d 1385, 1389 (Miss.1997)).

These factors include:

> (1) whether the discovery violation resulted from willfulness or an inability to comply; (2) whether the deterrent value of [Mississippi] Rule [of Civil Procedure] 37 could ... have been achieved through lesser sanctions; (3) whether the other party's trial preparation [was] prejudiced; (4) whether the failure to

> comply [was] attributable to the party itself, or [the party's] attorney; and (5) whether the failure to comply was a consequence of simple confusion or a misunderstanding of the trial court's order.

*Tucker* 189 So.3d at 693 (¶ 8) (*citing Young v. Merritt*, 40 So.3d 587, 589–90 (¶ 10) (Miss.Ct.App.2009)). "Dismissal for discovery violations is a 'draconian' remedy or a 'remedy of last resort,' only to be applied in extreme circumstances." *White v. White*, 509 So.2d 205, 209 (Miss. 1987). Extreme circumstances do not exist here.

## ARGUMENT

Plaintiffs respectfully submit that this Court's order dismissing Plaintiffs' case should be set aside for three reasons. First, sufficient evidence was not presented to this Court to permit it to determine whether dismissal was an appropriate sanction for discovery violations under Mississippi law. Second, the Defendant gave no notice to Plaintiff that sanctions were being considered by this Court or that no further extensions would be permitted. And finally, extreme circumstances warranting dismissal did not exist in this case.

For the foregoing reasons and those set out more fully below, Plaintiffs request that this Court set aside its September 3, 2020 order dismissing this case, reinstate the matter on the court's docket and permit Plaintiffs 10 days to respond to Defendant's discovery, or scheduling a hearing to permit Plaintiffs' to present evidence to this Court to enable it to determine whether the imposition of the ultimate sanction od dismissal was appropriate here.

### A. Sufficient evidence was not presented to permit this Court to determine whether Dismissal was an Appropriate Sanction.

Plaintiffs respectfully submit that dismissal was not appropriate in the case at bar where appropriate evidence was not presented to this Court to enable it to consider whether Plaintiffs' discovery violations were willful, whether lesser sanctions would have been sufficient to achieve the deterrent value of Rule 37, whether the Defendant's preparation for trial was substantially

prejudiced, and whether the neglect was that of Plaintiffs' counsel or the clients themselves. These factors are outlined by the Mississippi Supreme Court as considerations to "assist in evaluating whether dismissal is an appropriate sanction for a discovery violation." *City of Jackson v. Rhaly*, 95 So.3d 657, 660 (¶ 9) (Miss. App. 2011) These factors, although not "absolute requirements" *Marshall v. Burger King*, 2 So.3d 702, 706 (¶ 8) (Miss.Ct.App.2008), are considerations that should be weighed in evaluating whether dismissal is an appropriate sanction. *Id.* at 706 (¶ 9).

The Mississippi Supreme Court has held that "in a proper case willfulness or bad faith may be so clearly demonstrated that neither a particular finding (nor consideration of the other factors . . . ) will be necessary to uphold the imposition of ultimate sanctions." *White*, 509 So.2d at 208 (Miss.1987). However the *White* Court cautioned that those cases are rare and suggested that "findings on the legal and factual determinations necessary to support imposition of the most severe sanctions aid [the appellate courts] in determining whether discretion has been appropriately exercised." *Id.* at 208 n.1.

Here, the four factors were not considered by this Court prior to the imposition of dismissal as a sanction. The factors are not addressed in the order dismissing the case prepared by the Defendant for this Court's consideration. No hearing was had before entry of the order dismissing the case. Further, no notice was provided to Plaintiffs that the court was considering dismissing the case before the order dismissing the case was entered. Although the Defendant prepared a signature line for Plaintiffs' counsel at the bottom of the order, the order was sent to the court without any prior notice to or consultation with Plaintiffs' counsel. Therefore, Plaintiffs presented no information or argument to this Court for its consideration related to the appropriateness of dismissal as a sanction for discovery violations.

This court only considered the dates constituting the delay before imposing the sanction of

dismissal for Plaintiffs' failure to serve discovery responses. "Dismissal is authorized only when the failure to comply with the court's order results from willfulness or bad faith, and not from the inability to comply." *Id.* at 208. No information was presented to this Court regarding the circumstances of the delay. No information was presented to this court regarding the multiple communications between the Parties' counsel regarding the outstanding discovery and the multiple extensions consented to by Defendant. No information was considered by this Court to determine whether Plaitniffs' failure to serve discovery responses resulted from an inability to comply rather than from willfulness.

In addition, The Mississippi Supreme Court has stated that "willfulness or bad faith alone might not substantiate the imposition of ultimate sanctions." *Id.* "Willfulness or bad faith is a minimum requirement, but there are several other factors to consider." *Id.* It is clear that these other factors utilized to determine whether a trial court's decision is within its discretion were not considered by this Court because the factors were not presented to the court and the information necessary to consider the factors was not presented to this Court. Therefore, Plaintiffs respectfully request that this court reconsider its order entered on September 3, 2020, dismissing Plaintiffs' case, set aside the order and reinstate this matter on the Court's docket and permit Plaintiffs to present information relevant to the factors at a hearing on the matter, if necessary. Or otherwise permit Plaintiffs leave to respond to Defendant's discovery out of time.

**B. Notice of the Consideration of Sanctions not Provided**

In *Holly v. Harrah's Tunica Corp.*, the Mississippi Court of Appeals held that "our rules clearly required that the defendants give the plaintiffs notice of the motion [to dismiss for failure to comply with a court order] and at least five days to respond." *See* 962 So.2d 136, 140 (¶ 21) (Miss.Ct.App.2007). In *Holly*, the trial court ordered Plaintiffs to notify the court of the identity of Plaintiffs' new counsel and after the deadline passed, the defendant filed a motion with the court

seeking to dismiss the case. *See id.* at 140 (¶¶ 20-21). The motion was served upon the plaintiff one day before the order dismissing the case was entered. *Id. 140 (¶ 21).* There was no hearing set on the motion and the plaintiff was not permitted adequate time to respond to the motion after it was filed. *Id.* The *Holly* Court held that "procedural requirements were not followed and proper notice was not permitted by the court's action." *Id.* Relying upon Rule 6(d) of the Mississippi Rules of Civil Procedure the *Holly* held that "our rules clearly required that the defendants give the plaintiffs proper notice of the motion and at least five days to respond. The court explained that the timing of the entry of the order, entered one day after the motion to dismiss was served upon the plaintiffs "failed to allow the plaintiffs' proper notice or an opportunity to be heard." *Id.*

This matter is analogous to the *Holly* case. In the case at bar, Plaintiffs were not aware that this Court was considering Defendants' motion for sanctions until after the order dismissing the case was entered by this Court. Although the circumstances are not directly analogous to the *Holly* case, because Defendant's motion had been filed in May, the circumstances are very similar because the Plaintiffs were not aware the this Court was considering the grounds presented in the motion until after the case was dismissed. Although the motion had been pending for several months, in May when Defendant's Renewed Motion to Compel and for Sanctions was filed, counsel Renfroe for the Defendants called counsel for Plaintiff and told her not to be concerned that the Defendant was not trying to get the case dismissed. After counsel for the Defendant specifically stated that they were not seeking to have the matter dismissed over the delayed discovery responses, the parties continued to confer regarding the past due discovery. Sanctions were never mentioned. Specific deadlines were not agreed upon. Counsel for Defendant did not express a sense of urgency to counsel for the Plaintiff regarding the past due discovery. The Defendant gave no notice to Plaintiffs that additional time would not be granted to enable Plaintiffs

to respond. Other than the filing of the motion in May, no notice was provided to the Plaintiffs that the issues of sanctions would be brought before this Court at any time. Plaintiffs received no communication from counsel for the Defendant at any time regarding any change in circumstances between the parties regarding the outstanding discovery responses. Not only did the Defendant fail to notify Plaintiffs that the Defendant was proceeding with its motion to dismiss the case, it further failed to make any communication to Plaintiffs that it would no longer acquiesce in Plaintiffs delays in responding to the discovery.

At no time during the pendency of this action did counsel for defendant communicate to counsel for the plaintiff that they intended to seek sanctions for plaintiffs' discovery delays. Rather, when the Renewed Motion to Compel and for Sanctions was filed, counsel for defendant specifically indicated that Defendants were not seeking to have the case dismissed. Further, when the proposed order was submitted to this Court for entry, the Defendants did not present the proposed order to Plaintiff's counsel before it was presented to this Court. Plaintiffs received no notice that the proposed order was being presented to this Court before it was entered. Further, no communication or warning was presented to undersigned counsel suggesting that the Defendant had changed its position regarding the outstanding responses. At the time that the proposed order dismissing this matter was sent to the court and served upon counsel for the Plaintiff, the Plaintiffs were unaware that the Defendant no longer permitted Plaintiffs additional time to respond.

The Order of Dismissal was entered before Plaintiffs were aware a sanctions motion was being considered by this Court. Further, there was no hearing on Defendant's motion. Therefore, Plaintiffs were not given an opportunity to be heard, as they were not aware that this Court was considering the imposition of sanctions before the case was dismissed. Plaintiffs respectfully suggest that the Defendant should have given Plaintiffs adequate notice that it was seeking the

imposition of sanctions, including dismissal of the action, prior to entry of the order dismissing this case. (*See Holly v. Harrah's Tunica Corp.*, 962 So.2d 136, 140 (¶ 21) (Miss.Ct. App. 2007). As no notice was provided, the order of dismissal should be set aside, the matter reinstated on the docket, and the Plaintiffs be permitted five days to respond to Defendant's discovery requests.

**C. Extreme circumstances are not present to substantiate dismissal.**

A "trial court should dismiss a cause of action for failure to comply with discovery only under the most extreme circumstances. " *Pierce v. Heritage Props., Inc.*, 688 So.2d 1385, 1388 (Miss.1997). Even if this Court determines Plaintiffs' delay was willful or in bad faith, there are three other factors that should be considered by this court. First, "Dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions." *White v. White*, 509 So.2d 205, 209 (Miss.1987) (*citing Marshall v. Segona*, 621 F.2d 763, 768 (5th Cir.1980)). Here, there is no record indicating that this Court considered lesser sanctions before the case was dismissed. "Lessor sanctions include fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, . . . and explicit warnings." *See Cox v. Cox*, 976 So. 2d 871, 876 (¶ 24). A multitude of different sanctions could have been considered in this matter prior to dismissal. No determination was made by this court regarding the appropriateness of lesser sanctions.

"Another consideration is whether the other party's preparation for trial was substantially prejudiced." The Defendant's trial preparation is not prejudiced where a matter is not set for trial. *Tucker v. Delta Reg'l Med. Ctr.*, 189 So.3d 690, 694 (¶ 12) (Miss. App. 2016).

In *White v. White*, the court of appeals set out the four factors[1] considered by it in determining whether a trial court has abused its discretion when imposing the ultimate sanction of

[1] "First, dismissal is authorized only when the failure to comply with the court's order results from willfulness or bad faith, and not from the inability to comply. Next, dismissal is proper only in situations where the deterrent value of

dismissal and noted that the trial court had made no findings regarding the four factors. 509 So.2d 205, 209 (Miss.1987). The *White* Court held that the lack of prejudice to the other party and the availability of lesser sanctions warranted reversal of the trial court's use of dismissal as a sanction for a discovery violation. The *White* court stated, "obviously, findings by the sanctioning court on these considerations would also be beneficial to this Court on review." In the case at bar, the Defendants presented no information on any of these four factors to be considered by this Court outside of the date that the discovery was served. Like in *White*, here there is no prejudice to Defendant and lesser sanctions would be available that would have sufficiently deterred the discovery violation presented. The Motion and proposed order as they were presented to this Court, without explanation or context, suggest by omission that Plaintiffs had failed to cooperate in the discovery process from the beginning of March 2019 through the end of August 2020. This constitutes a delay of almost one and a half years. However, had the full circumstances been presented to this Court in Defendants motion, or had Plaintiff had notice that this Court was considering sanctions and had an opportunity to present evidence at a hearing to consider whether dismissal was an appropriate sanction for Plaintiffs discovery violations, this Court would have heard evidence to show that the Plaintiffs were cooperating with the Defendant and that the Defendant had at best agreed and at least acquiesced to permit Plaintiffs additional time to respond to the outstanding discovery until after June 24, 2020. Therefore, upon closer examination, the Plaintiffs' delay that occurred outside of the Defendant's extensions is only a couple of months, at most. Plaintiffs submit that an unexplained two-month delay is not an extreme circumstance that

---

Rule 37 cannot be substantially achieved by the use of less drastic sanctions. Another consideration is whether the other party's preparation for trial was substantially prejudiced. Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders." *White v. White*, 509 So.2d 205, 208 (Miss. 1987) (*citing Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514 (5th Cir. 1985) (internal citations omitted).

warrants dismissal. Lesser sanctions should have been considered where the evidence, had it been presented to this Court, would have shown a potential failure to cooperate in discovery for two months, rather than a year and a half. Lesser sanctions were appropriate and Defendants suffered no substantial prejudice. Therefore, this Court should follow the reasoning of *White* and set aside the order dismissing this case.

The additional factors further support setting aside the order of dismissal. "[D]ismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders." *White* 509 So.2d at 208 (Miss. 1987). The Plaintiffs' failure to serve discovery responses in a more timely fashion was not due to the clients themselves. The initial delay was caused by undersigned counsel's termination from her former law firm. Subsequent delays were caused by COVID-19 and undersigned counsel's struggles to adapt as she transitioned from working in a large firm with teams of support staff to essentially working as a solo practitioner. And finally, undersigned counsel's inability to complete the last little bit of work needed to be done to finalize Plaintiffs discovery responses in April and May, and through August of 2020 was caused by undersigned counsel's poor well-being. Further, undersigned counsel misunderstood that Defendant's position with regard the outstanding discovery responses had changed. Defendants had not communicated that no further extensions would be agreed to at any point and undersigned counsel held a sincere belief that the Defendant was still patiently waiting on the responses to be served up until the order dismissing the case was received. Although a Consent Order had been presented to this court compelling Plaintiffs to respond to Defendants discovery, the Parties' counsel had consulted regarding the outstanding responses and Plaintiffs were operating under the belief that the Defendants had agreed to extensions for time to comply

with this order as late as the end of June, 2020. Where neglect is plainly attributable to counsel rather than blameless clients dismissal may be inappropriate. *White* 509 So.2d at 208 (Miss. 1987). Where Plaintiffs' "simple negligence is grounded in confusion or sincere misunderstanding of the court' orders" dismissal may be inappropriate. *Id.* Plaintiffs' respectfully submit that both circumstances are present in the case at bar.

"[D]ismissal for discovery violations is a 'draconian' remedy or a 'remedy of last resort,' only to be applied in extreme circumstances." *Id.* at 209. Plaintiffs respectfully submit that extreme circumstances are not present here. Therefore, Plaintiffs respectfully request that this Court set aside its order of dismissal, reinstate the case on the docket and permit Plaintiffs five days to serve discovery responses in this matter after receipt of entry of this court's order setting aside the dismissal. In the alternative, Plaintiffs respectfully request this Court set aside its order dismissing its case to permit Plaintiffs to present evidence in support of their contention that the sanction of dismissal was not an appropriate sanction in this matter.

Respectfully submitted,

GOLD LAW FIRM

Jennifer L. Miller (MS Bar #100550)
Attorney for Plaintiffs
25 Dr. M. L. King, Jr. Ave.
Memphis, Tennessee 38103
Phone: (901) 244-5004
Fax: (901) 405-0375
jmiller@dgoldlaw.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, postage prepaid, on this the 1st day of October, 2020.

Edd L. Peyton
Jared S. Renfroe
Spicer Rudstrom, PLLC
119 South Main, Suite 700
Memphis, Tennessee 38103

Jennifer L. Miller, Esq.

**IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI**

**NANCY MIZE and**
**CHARLES MIZE,** **PLAINTIFFS**

**vs.** **CIVIL CASE NO. CV19-093RA**

**SHILOH MARKET, INC.** **DEFENDANT**

**NOTICE OF APPEAL**

By this notice, Nancy Mize and Charles Mize appeal to the Supreme Court of Mississippi against Shiloh Market, Inc. from the final judgment entered in this case on September 3, 2020, and the granting of the Renewed Motion to Compel and for Sanctions, by order entered on September 3, 2020.

Respectfully submitted,

GOLD LAW FIRM

Jennifer L. Miller (MS Bar #100550)
Attorney for Plaintiffs
25 Dr. M. L. King, Jr. Ave.
Memphis, Tennessee 38103
Phone: (901) 244-5004
Fax: (901) 405-0375
jmiller@dgoldlaw.com

ALCORN COUNTY
FILED
OCT 05 2020
CRYSTAL STARLING, CIRCUIT CLERK
BY Katie Smith D.C.



52

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, postage prepaid, on this the 2nd day of October, 2020.

Edd L. Peyton
Jared S. Renfroe
Spicer Rudstrom, PLLC
119 South Main, Suite 700
Memphis, Tennessee 38103

Jennifer L. Miller, Esq.

**IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI**

**NANCY MIZE and CHARLES MIZE,** **PLAINTIFFS**

**vs.** **CIVIL CASE NO. CV19-093RA**

**SHILOH MARKET, INC.** **DEFENDANT**

**DESIGNATION OF THE RECORD**

Nancy Mize and Charles Mize, appellants, by counsel, pursuant to M.R.A.P. 10(b)(1), designates the following parts of the record as being necessary to be included on appeal:

1. The Complaint for Damages
2. Plaintiffs' Notice of Service of Plaintiff's Discovery to Defendant Shiloh Market, Inc.
3. The Answer to Complaint.
4. Defendant's Notice of Service of Discovery served on March 5, 2019.
5. Defendant's Notice of Service of Discovery served on March 19, 2019.
6. Consent Order on Defendant's Motion to Compel entered on February 18, 2020.
7. Defendant's Renewed Motion to Compel and for Sanctions.
8. The judgment and Order on Defendant's Renewed Motion to Compel and for Sanctions entered on September 3, 2020.
9. Plaintiffs' Motion for Relief from Order of Dismissal filed October 2, 2020.

THIS the 9th day of October, 2020.

Respectfully submitted,

THE GOLD LAW FIRM

ALCORN COUNTY
FILED
OCT 13 2020
CRYSTAL STARLING, CIRCUIT CLERK
BY [signature] D.C.



34

Jennifer L. Miller (MS Bar #100550)
Attorney for Plaintiffs/Appellant
25 Dr. M. L. King, Jr. Ave.
Memphis, Tennessee 38103
Phone: (901) 244-5004
Fax: (901) 405-0375
jmiller@dgoldlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, postage prepaid, on this the 9th day of October, 2020.

Edd L. Peyton
Jared S. Renfroe
Spicer Rudstrom, PLLC
119 South Main, Suite 700
Memphis, Tennessee 38103

Jennifer L. Miller, Esq.

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

NANCY MIZE and
CHARLES MIZE, PLAINTIFFS

vs. CIVIL CASE NO. CV19-093RA

SHILOH MARKET, INC. DEFENDANT

## STATEMENT OF ISSUES

Come now, appellants Nancy Mize and Charles Mize, through counsel, and present the following issues to be presented on appeal pursuant to M.R.A.P. 10(b)(4), as follows:

1. Whether the trial court abused its discretion by imposing of the most severe of discovery sanctions, dismissal, without first considering whether the discovery violation was willful or in bad faith, without considering the appropriateness of lesser sanctions, without considering the presence or absence of prejudice to the defendant, and without considering whether the discovery violation was that of counsel or the plaintiffs themselves.

2. Whether the trial court abused its discretion by dismissing plaintiffs' case where the defendant did not notify the plaintiff that the trial court was considering sanctions prior to dismissal.

Respectfully submitted,

THE GOLD LAW FIRM

Jennifer L. Miller (MS Bar #100550)
Attorney for Plaintiffs/Appellant
25 Dr. M. L. King, Jr. Ave.
Memphis, Tennessee 38103
901-244-5004
jmiller@dgoldlaw.com

ALCORN COUNTY
FILED
OCT 13 2020
CRYSTAL STARLING, CIRCUIT CLERK
BY ____ D.C.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, postage prepaid, on this the 9th day of October, 2020.

Edd L. Peyton
Jared S. Renfroe
Spicer Rudstrom, PLLC
119 South Main, Suite 700
Memphis, Tennessee 38103

Jennifer L. Miller, Esq.

**IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI**

**NANCY MIZE and**
**CHARLES MIZE,** **PLAINTIFFS**

**vs.** **CIVIL CASE NO. CV19-093RA**

**SHILOH MARKET, INC.** **DEFENDANT**

**CERTIFICATE OF COMPLIANCE WITH RULE 11(b)(1)**

I, Jennifer L. Miller, attorney for appellants Nancy Mize and Charles Mize, certify that I have complied with M.R.A.P. 11(b) and that the estimated costs of preparing the designated record on appeal is $166.00 and I have on or before this day deposited that sum with the clerk of this Court.

Respectfully submitted,

THE GOLD LAW FIRM

Jennifer L. Miller (MS Bar #100550)
Attorney for Plaintiffs/Appellant
25 Dr. M. L. King, Jr. Ave.
Memphis, Tennessee 38103
901-244-5004
jmiller@dgoldlaw.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, postage prepaid, on this the 13th day of October, 2020.

Edd L. Peyton
Jared S. Renfroe
Spicer Rudstrom, PLLC
119 South Main, Suite 700
Memphis, Tennessee 38103

ALCORN COUNTY
FILED
OCT 15 2020
CRYSTAL STARLING, CIRCUIT CLERK
BY

D. Jeremy Whitmire
Mississippi Supreme Court Clerk
Post Office Box 249
Jackson, Mississippi 39205-0249

Jennifer L. Miller, Esq.

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

NANCY MIZE and
CHARLES MIZE, PLAINTIFFS

vs. Docket No. CV19-093RA

SHILOH MARKET, INC. DEFENDANT

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF FROM ORDER OF DISMISSAL**

---

The Defendant, Shiloh Market, Inc. ("Shiloh Market"), by and through counsel responds to Plaintiffs' Motion For Relief From Order of Dismissal submitted pursuant to Rule 60(b)(6) of the Mississippi Rules of Civil Procedure. The Court should deny Plaintiffs' motion, the Court having received more than sufficient information to determine whether dismissal was the most appropriate sanction to impose.

## I. PROCEDURAL HISTORY

This suit was filed on February 11, 2019. Plaintiffs allege that Ms. Mize tripped over a broom in Shiloh Market causing her injuries. (Plaintiffs' Mot., p. 1). Plaintiffs assert that Ms. Mize has sought treatment from approximately 30 different medical providers and incurred medical bills totaling over $400,000.00. (Plaintiffs' Mot., p. 1). Shiloh Market has been unable to determine the extent of Ms. Mize's injuries and whether they are causally related the accident because Shiloh Market has not received Ms. Mize's medical records, medical bills and other discovery although a year and seven months have elapsed since this case was filed. Shiloh Market's defense has been prejudiced by Plaintiffs' failure to provide any response to the discovery propounded upon them.

Plaintiffs' motion sets out a timeline by which Plaintiff believed their responses to discovery were due. (Plaintiffs' Mot., pp. 2-4). Shiloh Market served discovery to Plaintiffs on

ALCORN COUNTY
FILED
OCT 15 2020
CRYSTAL STARLING, CIRCUIT CLERK
BY [signature] D.C.

March 5, 2019. (Notice of Service, Mar. 7, 2019). Responses were due on April 4, 2019. Shiloh Market consulted with Plaintiffs' counsel regarding the overdue discovery responses referenced in this motion on April 17, 2019. (Motion to Compel, p. 2, Jun. 6, 2019). Counsel agreed to a 30-day extension, making the new deadline May 17, 2019. *Id.* When responses were not forthcoming, Shiloh Market communicated with Plaintiffs' counsel, who acknowledged that the responses were overdue and would soon have them completed. *Id.* Shiloh Market filed a Motion To Compel after Plaintiffs' failed to respond by June 3, 2019. *Id.*

The parties conferred on multiple occasions in an effort to obtain Plaintiffs' discovery responses without result. Invoking the Court's enforcement power, the parties eventually agreed to an Order extending Plaintiffs' deadline to respond to discovery until March 16, 2020. (Consent Order, Feb. 21, 2020). Plaintiffs assert that the draft responses to discovery were substantially complete as of March 16, 2020. (Plaintiffs' Mot., p. 3).

In April 2020, Shiloh Market directed a series of emails to Plaintiffs' counsel requesting the discovery responses, referring to the Court order and warning that a Motion would be filed. (*See* Exhibit A).

On May 2, 2020, Shiloh Market's counsel stated, "[...] I have no other choice than to file a Motion with the Court. Your clients are well beyond every extension I have given and well beyond the deadline in the Agreed Order for you to provide discovery. It was my understanding you were 99% finished over 6 weeks ago." (Exhibit A). Attorney Renfroe did not tell Plaintiffs' counsel not to be concerned about the motion to dismiss the case. The case timesheet shows that Attorney Renfroe only communication with Plaintiffs' counsel in May was by the May 2 email.

On May 18, 2018, Shiloh Market's counsel, Edd Peyton, conferred with Plaintiffs' counsel by phone. Plaintiffs' counsel acknowledged that she did not comply with the Agreed Order and

asserted that she would endeavor to complete the responses by May 29, 2020. She also acknowledged that Shiloh Market would file a motion to compel and for sanctions. (Renewed Mot., p. 2, May 20, 2020).

Shiloh Market filed a Renewed Motion to Compel and For Sanctions on May 20, 2020. *Id.* at 1. The motion plainly and succinctly requested "an Order dismissing Plaintiffs complaint for failing to respond fully and completely to the Interrogatories and Requests for Production propounded by the Defendant." (Renewed Mot., p. 1). A service copy was directed to Plaintiffs.

Plaintiffs never completed their discovery responses and never responded to the Renewed Motion For Sanctions. In the subsequent conversations with Plaintiffs' counsel, Shiloh Market's counsel repeatedly demanded responses to discovery. Plaintiffs have yet to "complete the last little bit of work needed to be done to finalize Plaintiffs discovery responses".

On August 27, 2020, Shiloh Market submitted a letter to Judge Mills enclosing a proposed Order on Defendant's Renewed Motion to Compel and For Sanctions which had been pending since May. (Exhibit B). Plaintiffs' counsel was copied on the correspondence to the Court. Shiloh Market does not know whether Plaintiffs' counsel contacted the Court to request a hearing on the motion, an extension of time to respond, or otherwise communicated to the Court any opposition to the motion upon receipt of Shiloh Market's proposed order.

The Court signed the Order on August 31, 2020. The Order was entered on September 3, 2020.

## II. ARGUMENT

The Court appropriately dismissed Plaintiffs' case based on the motion and record in this case. In response, Plaintiffs moved for relief from this Court's Order dismissing the matter pursuant to Rule 60(b)(6) of the Mississippi Rules of Civil Procedure. (Plaintiffs' Mot., p. 1). Rule 60(b)(6)

is a catch all provision that encompasses reasons other than those listed in Rule 60(b)(1-5). *See* M.R. Civ. P. 60(b)(6). Plaintiffs provided the following reasons to set aside the Order:

1. The Defendant did not present sufficient information to this Court in its motion to enable this Court to consider whether dismissal as a sanction for discovery violations was appropriate in this matter;

2. Plaintiffs were not provided notice that sanctions were being considered by this Court prior to this matter being dismissed; and,

3. Plaintiffs were not provided an opportunity to be heard prior to dismissal, which precluded the Court from considering all relevant factors necessary to determine whether dismissal was the appropriate sanction.

**A. The record contained amble evidence to rule on the motion.**

The Court had more than sufficient information to consider whether dismissal was appropriate. Shiloh Market filed a Motion to Compel in June 2019 setting out Plaintiffs' failure to respond to discovery from March 5, 2019 through June 3, 2019. (Motion to Compel, Jun. 6, 2019). Plaintiffs did not file a written response to the Motion to Compel. On or about January 31, 2020 the parties agreed to enter an order setting a deadline for Plaintiffs' discovery responses. The Consent Order on Defendant's Motion to Compel was entered on February 21, 2020. (Consent Order, Feb. 21, 2020). By Order Plaintiffs were to respond to discovery by March 16, 2020. No discovery responses were filed in compliance with this Order.

Shiloh Market filed the Renewed Motion To Compel and For Sanctions on May 20, 2020. (Renewed Mot., May 18, 2020). The motion provided additional history regarding Plaintiffs' continued failure to respond to discovery. Despite entry of the Consent Order with a March 16, 2020 deadline to respond, Plaintiffs had not filed responses by May 18, 2020, just before the Renewed Motion was filed. (Renewed Mot., p. 1). Plaintiffs did not respond to the Renewed Motion to Compel. Shiloh Market submitted a proposed Order to the Court by letter on August 27, 2020. (Exhibit B). Plaintiffs' counsel was copied on the correspondence.

Plaintiffs have yet to respond to discovery as of October 9, 2020, despite needing only a "the last little bit of work" since March 2020. If the record lacks Plaintiffs' perspective or a rebuttal to Defendant's assertion that the Plaintiff has not responded to discovery even with multiple extensions, it is because Plaintiffs twice failed to respond to Shiloh Market's motions to compel on the record.

**B. Plaintiffs received a plainly worded motion for sanctions but did not respond.**

Plaintiffs received notice that sanctions were under consideration by the Court. In consultation with Plaintiffs' counsel, Shiloh Market advised that a motion to compel and for sanctions was forthcoming, because Plaintiffs would not produce the discovery that it had been requesting over a year. (*See* Exhibit A; *See also* Renewed Mot., p. 2).

Shiloh Market's Renewed Motion To Compel and For Sanctions was plainly titled, concise and direct. (*See* Renewed Mot.). It requested "an Order dismissing Plaintiffs complaint for failing to respond fully and completely to the Interrogatories and Requests for Production propounded by the Defendant." (Renewed Mot., p. 1). A service copy was directed to Plaintiffs. *Id.* at 2. Plaintiffs were aware of the sanctions requested but did not respond to the Renewed Motion or respond to discovery. The motion remained on the docket for three months before the proposed Order was presented to the Court. Plaintiff had more than sufficient time to respond. *See Holly v. Harrah's Tunica Corp.*, 962 So.2d 136, 140 (Miss. Ct. App. 2007)(requiring at least 5 days to respond).

**C. Plaintiffs were heard on the information they presented to the Court. They did not request a hearing.**

Plaintiffs were heard on the information Plaintiffs presented to the Court. This Court's local rules provide that "All motions shall be decided by the Court without a hearing or oral argument unless otherwise ordered by the Court on its own motion, or, in its discretion, upon written motion made by either counsel." Local Rules For First Circuit Court District of Mississippi 4(f). Plaintiffs'

counsel was required to file a response or request an extension of time to respond. Local Rule 4(c)-(d). Plaintiffs did not respond to the Shiloh Market's motion, request an extension of time to respond to the motion, or file a written motion for oral argument. "Failure to timely submit the required motion documents may result in the denial of the motion and/or the imposition of appropriate sanctions." Local Rule 4(d).

Ms. Miller has now advised the court that she has struggled with loneliness, lethargy, increased insomnia, and other wellness issues that made it difficult for her to complete personal and professional tasks. (Plaintiffs' Mot., p. 3). Undersigned counsel empathizes with her condition, but is obligated to point out that the Supreme Court of Mississippi has upheld a lower court's refusal to set aside a judgment under Rule 60(b) where the plaintiff's attorney was "experiencing various medical and personal problems during the discovery phase of this case" which did not "rise to the level of 'exceptional circumstances' to warrant setting aside the Judgment under Rule 60(b)." *Palmer v. Grand Casinos of Mississippi, Inc.*, 744 So. 2d 745, 746 (Miss. 1999)(citing *Cunningham v. Mitchell*, 549 So.2d 955, 957-58 (Miss.1989).

In *Palmer*, the plaintiff's counsel was on drugs for chronic bilateral kidney problems which caused him to experience short-term memory loss. *Palmer*, 744 So. 2d at 745. His weight loss program caused short-term memory loss and heart complications. *Id.* He also suffered from chronic back pain that affected his office routine. *Id.* As a result of these problems, the plaintiff's counsel failed to answer discovery, respond to defendant's notice of deposition, and to appear at the hearing on defendant's motion to dismiss. The Supreme Court upheld the trial court's denial of the plaintiff's motion to set aside the judgment. *Id.* at 747.

Plaintiffs assertion that they were not heard prior to dismissal, is without basis, Plaintiffs having failed to respond to defendant's discovery and to abide by the Local Rules dictating the

time and manner of responding to written motions filed in civil actions, and to request oral argument.

## III. CONCLUSION

For the stated reasons, Defendant Shiloh Market requests that the Court deny Plaintiffs relief from the Court's Order on Defendant's Renewed Motion to Compel and For Sanctions Order.

Respectfully submitted:

Edd L. Peyton (MSB 102103)
Spicer Rudstrom, PLLC
119 South Main, Suite 700
Memphis, Tennessee 38103
(901) 522-2311
epeyton@spicerfirm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, postage prepaid, on this the 12th day of October, 2020.

Jennifer L. Miller
The Gold Law Form
25 Martin Luther King, Jr. Avenue
Memphis, Tennessee 38103

Edd. L. Peyton

**Edd Peyton**

| | |
|---|---|
| **From:** | Jared Renfroe |
| **Sent:** | Saturday, May 2, 2020 1:30 PM |
| **To:** | Jennifer Miller |
| **Cc:** | Edd Peyton |
| **Subject:** | RE: Mize v. Shiloh Market |
| | |
| **AmicusFileIds:** | 10318 |
| **AmicusFileName:** | Shiloh Market vs. Nancy & Charles Mize |
| **AmicusId:** | 529853 |
| **AmicusStatus:** | Saved |

Jennifer:

I'm apologizing in advance, but I have no other choice than to file a Motion with the Court. Your clients are well beyond every extension I have given and well beyond the deadline in the Agreed Order for you to provide discovery. It was my understanding you were 99% finished over 6 weeks ago.

I've CC'd Edd Peyton on this matter as he is going to assist with this case due to my heavy trial calendar in the next few months.

Jared S. Renfroe, Member
*Licensed in Tennessee and Mississippi*

SPICER RUDSTROM, PLLC
119 South Main, Suite 700
Memphis, Tennessee 38103
office: 901.523.1333
direct: 901.522.2317
cell: 901.208.1025
fax: 901.526.0213
email: jrenfroe@spicerfirm.com
web: www.spicerfirm.com
MEMPHIS ▪ NASHVILLE ▪ CHATTANOOGA ▪ KNOXVILLE ▪ LITTLE ROCK

SR SPICER | RUDSTROM PLLC
55
Martindale-Hubbell AV PREEMINENT 2018
RATED BY Super Lawyers

Notice: This communication is work product, including any attachments, and is intended only for the person or entity to which it is addressed. It may contain confidential and legally privileged information or material. Any unauthorized review, use, disclosure or distribution is prohibited. Unauthorized attempts to intercept, use or disclose contents of this communication are in violation of 18 U.S.C. 2511(1) of the Electronic Communications Privacy Act (ECPA), which subjects offenders to fines, imprisonment and/or civil damages. If you are not the named addressee and receive this communication in error, please immediately notify sender by telephone at 901.523.1333.

---

**From:** Jennifer Miller <jmiller@dgoldlaw.com>
**Sent:** Monday, April 27, 2020 11:07 AM
**To:** Jared Renfroe <jrenfroe@spicerfirm.com>
**Subject:** RE: Mize v. Shiloh Market

Thank you. I am hanging in there. I hope you and your family are well as well.

EXHIBIT
tabbles
A

I will do my best to get it to you by Wednesday.

Jennifer L. Miller
The Gold Law Firm
25 Dr. Martin Luther King, Jr. Ave.
Memphis, Tennessee 38103
(P) 901-244-5004
(F) 901-405-0375

---

**From:** Jared Renfroe <jrenfroe@spicerfirm.com>
**Sent:** Monday, April 27, 2020 9:54 AM
**To:** Jennifer Miller <jmiller@dgoldlaw.com>
**Subject:** RE: Mize v. Shiloh Market
**Importance:** High

Jennifer:

I hope you're doing well. I really need to get your discovery responses by Wednesday or I'm going to have to file a Motion with the Court. As you know, the discovery responses were due on March 16th. You and I talked at the end of March and you seemed to be just a couple of hours away from finishing them. However, I haven't received them yet. I wanted to give you some additional time due to COVID-19, but we are now several months overdue from our original agreement that you'd have them by January 2nd, which was also an extension from when they were due. Please advise ASAP.

Thanks.

Jared S. Renfroe, Member
*Licensed in Tennessee and Mississippi*

SPICER RUDSTROM, PLLC
119 South Main, Suite 700
Memphis, Tennessee 38103
office: 901.523.1333
direct: 901.522.2317
cell: 901.208.1025
fax: 901.526.0213
email: jrenfroe@spicerfirm.com
web: www.spicerfirm.com
MEMPHIS • NASHVILLE • CHATTANOOGA • KNOXVILLE • LITTLE ROCK

SPICER RUDSTROM PLLC — Martindale-Hubbell AV PREEMINENT — RATED BY Super Lawyers

Notice: This communication is work product, including any attachments, and is intended only for the person or entity to which it is addressed. It may contain confidential and legally privileged information or material. Any unauthorized review, use, disclosure or distribution is prohibited. Unauthorized attempts to intercept, use or disclose contents of this communication are in violation of 18 U.S.C. 2511(1) of the Electronic Communications Privacy Act (ECPA), which subjects offenders to fines, imprisonment and/or civil damages. If you are not the named addressee and receive this communication in error, please immediately notify sender by telephone at 901.523.1333.

---

**From:** Jared Renfroe
**Sent:** Monday, April 13, 2020 9:25 AM
**To:** Jennifer Miller <jmiller@dgoldlaw.com>

**Subject:** Mize v. Shiloh Market
**Importance:** High

Jennifer:

My client is asking about the status of the discovery, understandably. I hadn't pushed too hard on it due to COVID-19 affecting everything and slowing everything down. However, it is my understanding that you were just about ready to get the responses to me several weeks ago, and as you know, the Court Order required you to provide them several weeks ago. Please give me an update ASAP or I'll be forced to file a Motion.

Thanks.

Jared S. Renfroe, Member
*Licensed in Tennessee and Mississippi*

SPICER RUDSTROM, PLLC
119 South Main, Suite 700
Memphis, Tennessee 38103
office: 901.523.1333
direct: 901.522.2317
cell: 901.208.1025
fax: 901.526.0213
email: jrenfroe@spicerfirm.com
web: www.spicerfirm.com
MEMPHIS ▪ NASHVILLE ▪ CHATTANOOGA ▪ KNOXVILLE ▪ LITTLE ROCK

SR SPICER RUDSTROM PLLC

Martindale-Hubbell AV PREEMINENT

RATED BY Super Lawyers

Notice: This communication is work product, including any attachments, and is intended only for the person or entity to which it is addressed. It may contain confidential and legally privileged information or material. Any unauthorized review, use, disclosure or distribution is prohibited. Unauthorized attempts to intercept, use or disclose contents of this communication are in violation of 18 U.S.C. 2511(1) of the Electronic Communications Privacy Act (ECPA), which subjects offenders to fines, imprisonment and/or civil damages. If you are not the named addressee and receive this communication in error, please immediately notify sender by telephone at 901.523.1333.

SPICER | RUDSTROM PLLC
ATTORNEYS AT LAW • EST. 1963

Primerus

**Michelle L. Sanders, Certified Paralegal**
119 S. Main Street, Suite 700
Memphis, Tennessee 38103
msanders@spicerfirm.com

office: 901.523.1333
direct: 901.522.2337
fax: 901.526.0213
www.spicerfirm.com

August 27, 2020

Honorable Michael P. Mills
c/o Angela Stewart
P.O. Drawer 1100
Tupelo, M.S 38802

RE: Nancy Mize & Charles Mize vs. Shiloh Markets
Circuit Court Alcorn County Docket No.CV19-093RA
Claim No.: S1344800
Our File No.: 0037.46207

Dear Judge Mills:

Enclosed please find an original and two copies of a proposed Order on Defendant's Renewed Motion to Compel and For Sanctions. If this Order meets your approval, please sign same and forward it to the Court Clerk for filing, in the enclosed self-addressed envelope.

Please do not hesitate to contact us with any questions.

Sincerely,

SPICER RUDSTROM, PLLC

Michelle L Sanders

Michelle L. Sanders, CP

MLS/

Enc.
Cc: Jennifer L. Miller, Esq. (w/enc.)

EXHIBIT
B

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

NANCY MIZE and
CHARLES MIZE, PLAINTIFFS

vs. Docket No. CV19-093RA

SHILOH MARKET, INC. DEFENDANT

---

ORDER ON DEFENDANT'S RENEWED MOTION TO COMPEL
AND FOR SANCTIONS

---

This cause came upon the Defendant's Renewed Motion to Compel and For Sanctions filed on May 20, 2020 requesting that this Court to enter an Order dismissing Plaintiff's complaint for failing to respond fully and completely to the Interrogatories and Requests for Production propounded by the Defendant pursuant to Rule 37 of the Mississippi Rules of Civil Procedure. Defendant propounded Interrogatories and Requests for Production to Plaintiffs on or about March 5, 2019 after which the Parties consented to an Order entered by the Court on February 18, 2020, granting Defendant's Motion to Compel and requiring Plaintiffs to respond to discovery by March 16, 2020. As of August 25, 2020, the Plaintiffs have not provided responses to the Defendant or responded to Defendant's motion.

IT IS THEREFORE ORDERED that Plaintiffs' case is hereby dismissed and any remaining costs are to be assessed against the Plaintiffs.

It is so ORDERED this ___ day of ___________, 2020.

_______________________
Hon. Michael P. Mills, Jr.
Circuit Court Judge

71

APPROVED AS TO FORM:

Edd L. Peyton (MSB# 102103)
Jared S. Renfroe (MSB# 105749)
Spicer Rudstrom, PLLC
119 South Main Street, Suite 700
Memphis, Tennessee 38103
(901) 522-2313
epeyton@spicerfirm.com
jrenfroe@spicerfirm.com

Jennifer L. Miller (MSB# 100550)
The Gold Law Firm
25 Dr. Martin Luther King, Jr. Avenue
Memphis, Tennessee 38103
(901) 244-5004
jmiller@dgoldlaw.com

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

NANCY MIZE and
CHARLES MIZE, PLAINTIFFS

vs. Docket No. CV19-093RA

SHILOH MARKET, INC. DEFENDANT

---

**APPELLEES'S DESIGNATION OF ADDITIONAL PARTS OF THE RECORD**

---

Shiloh Market, Inc., appellee, by and through counsel, pursuant to M.R.A.P. 10(b)(4) deems the inclusion of additional parts of the proceedings to be necessary for appeal. Information stated in bold for addition.

1. The Complaint for Damages **filed on February 11, 2019.**
2. Plaintiffs' Notice of Service of Plaintiffs Discovery to Defendant Shiloh Market, Inc. **filed on February 11, 2019.**
3. The Answer to Complaint **filed on March 6, 2019.**
4. Defendant's Notice of Service of Discovery served on March 5, 2019 **(Defendant's First Set of Interrogatories and Requests For Production of Documents to Plaintiffs).**
5. Defendant's Notice of Service of Discovery served on March 19, 2019 **(Defendant's Responses to Plaintiffs First Set of Interrogatories and Requests For Production of Documents to Plaintiffs).**
6. Consent Order on Defendant's Motion to Compel entered on February **21,** 2020.
7. Defendant's Renewed Motion to Compel and for Sanctions **filed on May 20, 2020.**
8. The judgment and Order on Defendant's Renewed Motion to Compel and for Sanctions entered on September 3, 2020.
9. Plaintiffs' Motion for Relief from Order of Dismissal filed October 2, 2020.

ALCORN COUNTY
FILED
OCT 15 2020
CRYSTAL STARLING, CIRCUIT CLERK

**10. Shiloh Market's Notice of Appearance (Christopher M. Myatt) filed on February 27, 2019.**

**11. Shiloh Market's Motion to Compel filed on June 6, 2019.**

**12. Entry of Appearance and substitution- Jared S Renfroe for Shiloh Market filed on October 11, 2019.**

**13. Entry of Appearance – Edd L. Peyton for Shiloh Market filed on April 8, 2020.**

**14. Shiloh Markets' Response to Plaintiff's Motion For Relief From Order of Dismissal served October 12, 2020.**

Respectfully submitted:

Edd L. Peyton (MSB 102103)
Spicer Rudstrom, PLLC
119 South Main, Suite 700
Memphis, Tennessee 38103
(901) 522-2311
epeyton@spicerfirm.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, postage prepaid, on this the 12th day of October, 2020.

Jennifer L. Miller
The Gold Law Form
25 Martin Luther King, Jr. Avenue
Memphis, Tennessee 38103

Edd. L. Peyton

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

NANCY MIZE and
CHARLES MIZE, PLAINTIFFS

vs. CIVIL CASE NO. CV19-093RA

SHILOH MARKET, INC. DEFENDANT

**AGREED NOTICE OF HEARING**

Notice is hereby given that Plaintiff's Motion for Relief From Order of Dismissal has been set for hearing in the above styled and numbered cause on the 11th day of December, 2020 at 9:00 a.m. in the Lee County Courthouse, Tupelo, Mississippi.

It is so ORDERED this 23 day of November, 2020.

Michael P. Mills, Jr.
Hon. Michael P. Mills, Jr.
Circuit Court Judge

AGREED TO FOR ENTRY BY:

Jennifer L. Miller (MS Bar #100550)
Attorney for Plaintiffs
25 Dr. M. L. King, Jr. Ave.
Memphis, Tennessee 38103
Phone: (901) 244-5004
Fax: (901) 405-0375
jmiller@dgoldlaw.com

ADMINISTRATOR
NOV 23 2020
PROCESSED
NOT FILED

Edd L. Peyton w/perm
Edd L. Peyton (MSB# 102103)
Jared S. Renfroe (MSB# 105749)
Attorneys for Defendant
119 South Main, Suite 700
Memphis, Tennessee 38103
(901) 522-2313
epeyton@spicerfirm.com

STATE OF MS, ALCORN COUNTY
CERTIFIED A TRUE COPY
FEB 24 2021
CRYSTAL STARLING, CIRCUIT CLERK
BY Crystal Starling D.C.

ALCORN COUNTY
FILED
NOV 30 2020
CRYSTAL STARLING, CIRCUIT CLERK
BY Leslie M Cantrell DC

264
438



75

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

NANCY MIZE and CHARLES MIZE — PLAINTIFFS

VS. — CAUSE NO. CV19-093(MM)A

SHILOH MARKET, INC. — DEFENDANT

**ORDER**

Before the Court is Plaintiffs' Motion for Relief from Order of Dismissal. The matter was fully briefed, heard, and taken under advisement. On March 7, 2019, Defendant served discovery requests on Plaintiffs. To date, Plaintiffs have filed no responses. On June 6, 2019, Defendant filed a Motion to Compel. The parties subsequently submitted a consent order to this Court, which it duly entered, that ordered Plaintiffs to respond to discovery by March 16, 2020. That deadline came and went, with no responses being filed. Defendants then, on May 20, 2020, filed a Renewed Motion to Compel and for Sanctions, seeking "an Order dismissing Plaintiff's complaint for failing to respond fully and completely to the Interrogatories and Requests for Production propounded by the Defendant." Plaintiffs' counsel concedes she received a copy of this Motion, yet she filed no response, sought no extension, nor otherwise made any intimation to the Court that it should not grant the relief requested. And so, with discovery pending for a year-and-a-half, in spite of an order for Plaintiffs to respond, this Court granted Defendant's motion and dismissed the matter pursuant to MRCP 37.[1] Plaintiffs have now moved to set that order aside under Rule 60(b)(6).[2]

The factual circumstances and arguments presented to this Court do not meet the "extraordinary and compelling circumstances" standard.[3] First, Plaintiffs—in their motion and in

---

[1] "If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others . . . an order . . . dismissing the action or proceeding or any part thereof[.]" MRCP 37(b)(2)(c).

[2] "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order. or proceeding for . . . any other reason justifying relief from the judgment." MRCP 60(b)(6).

[3] "Rule 60(b)(6) is reserved for extraordinary and compelling circumstances." *Mitchell v. Moore*, 237 So. 3d 681, 689 (Miss. 2017).

STATE OF MS, ALCORN COUNTY
CERTIFIED A TRUE COPY
DEC 29 2020
CRYSTAL STARLING, CIRCUIT CLERK
BY [signature] D.C.

ALCORN COUNTY
FILED
DEC 22 2020
CRYSTAL STARLING, CIRCUIT CLERK
[signature] D.C.

310 / 38 / 10

open court—argue that they were not provided notice that the Court was considering dismissing the case. This argument rings hollow. Plaintiffs' counsel conceded she received a copy of Defendant's Renewed Motion to Compel and for Sanctions. As quoted above, it very clearly moved the Court to dismiss Plaintiffs' complaint for failure to respond to discovery after being ordered to do so. Plaintiffs acknowledge timely receiving said motion. They did not respond. They did not contact the Court requesting additional time. In short, Plaintiffs and their counsel ignored the motion. They did so at their own peril. The Local Rules for the First Circuit provide that responsive pleadings shall be filed "within (10) days after service" of the underlying motion.[4] Moreover, the Local Rules provide that "[a]ll motions shall be decided by the Court without a hearing or oral argument unless otherwise ordered by the Court on its own motion, or, in its discretion, upon written motion made by either counsel."[5] No party requested a hearing. Thus, Plaintiffs were entitled only to notice of the motion, which they received. The motion was filed on May 20, 2020. The order dismissing the matter was signed on August 31, 2020—103 days after the motion was filed. Plaintiffs provided no response during that 103-day span.

Instead, Plaintiffs' counsel argues that she received "misleading information" from counsel opposite that caused her to ignore the then-active motion. However, when pressed at the hearing, she was unable to provide the Court with any specific instances of misleading information and/or communications. To the contrary, defense counsel provided email communication that evokes a clear intent to seek a dismissal of this action.[6] Plaintiffs' lack-of-notice argument is without merit.

"Rule 37 clearly gives the trial court discretion to impose sanctions for discovery

---

[4] Loc. R. for 1st Cir. Court D. of Miss. 4.
[5] *Id.*
[6] *See* May 2, 2020, Email wherein defense counsel references the need to "file a Motion with the Court" upon expiration of the deadline established by the Court in the Consent Order on Defendant's Motion to Compel. Said motion was filed on May 20, 2020.

370
39

ALCORN COUNTY
FILED
DEC 22 2020
CRYSTAL STARLING, CIRCUIT CLERK
BY [signature] DC

violations." *Tucker v. Delta Reg'l Med'l Ctr.*, 189 So. 3d 690, 693 (Miss. Ct. App. 2016). The following factors guide a trial judge's determination whether dismissal is proper:

> (1) whether the discovery violation resulted from willfulness or an inability to comply; (2) whether the deterrent value of [Mississippi] Rule [of Civil Procedure] 37 could . . . have been achieved through lesser sanctions; (3) whether the other party's trial preparation [was] prejudiced; (4) whether the failure to comply [was] attributable to the party itself, or [the party's] attorney; and (5) whether the failure to comply was a consequence of simple confusion or a misunderstanding of the trial court's order.

*Id.* Plaintiffs argue the Court failed to consider these factors.

Plaintiffs assert—for the first time in their Rule 60 Motion—that the ongoing discovery violation was not willful, but was caused rather by their attorney (1) changing firms, (2) having technical issues setting up a home office during COVID, and (3) experiencing mental health and other wellness issues. They argue that the Court did not consider lesser sanctions, that there was no prejudice to trial preparation because there was no trial date set, and that the failure to comply was attributable solely to their attorney.

Contrary to Plaintiffs' assertions, the Court is not required to make express findings as to any factor, nor must it consider all factors. *See White v. White*, 509 So. 2d 205, 208 (Miss. 1987) ("In the proper case willfulness or bad faith may be so clearly demonstrated that neither a particular finding (nor consideration of other factors we outline below) will be necessary to uphold the imposition of ultimate sanctions."). At the time this Court dismissed this matter, the discovery had been outstanding for a year and a half. There is literally nothing on the docket, other than entries of appearance by defense counsel, outside of this discovery matter. Plaintiffs ignored the discovery rules—resulting in an order compelling discovery. They ignored the deadline set by this Court and to which they agreed—resulting in Defendant filing a *second* motion to compel and seeking dismissal. They ignored that motion—resulting in their case being dismissed. Such conduct is

ALCORN COUNTY
FILED
DEC 22 2021
CRYSTAL STARLING, CIRCUIT CLERK
BY Kim Smith DC.

370
40

willful and contumacious on its face. Lesser sanctions were likewise clearly considered by this Court in that it had previously utilized the lesser sanction of compelling discovery—to no avail.

As to Plaintiffs' stated reasons for not responding to discovery, the Court finds *Palmer v. Grand Casinos of Miss., Inc.* instructive:

> [T]he Palmers' attorney, Neal Labovitz . . . experienced chronic bilateral kidney problems which required him to take large doses of Demerol and Darvocet. These drugs caused him to experience short-term memory loss. Labovitz also entered a weight loss program, which compounded his short-term memory loss problems. Medical literature revealed this weight loss program caused short-term memory loss and heart complications. In addition, Labovitz has suffered from chronic back pain which made his routine office schedule difficult. As a result of his medical problems, Labovitz failed to answer discovery [or otherwise participate in the case].

744 So. 2d 745, 745 (Miss. 1999). The circuit court dismissed the case for failure to respond to discovery and denied the Palmers' subsequent Rule 60 motion to set the dismissal aside. The Supreme Court affirmed. Here, Plaintiffs' counsel argues she "started to suffer from wellness issues that interfered with her ability to accomplish daily tasks" "[s]ometime in March or April of 2020" which resulted in her "struggling with lethargy, increased insomnia, and difficulty in completing personal and professional tasks [and] struggl[ing] with loneliness." However, Plaintiffs conceded that by June 24, 2020, counsel was attending bar association events. Yet, she still did not respond to discovery before the Court granted dismissal two months later—and after representing to defense counsel that responses were "99% finished" in March 2020.

"Rule 60(b) is not an escape hatch for litigants who had procedural opportunities afforded under other rules and who without cause failed to pursue those procedural remedies." *Id.* at 746. "While it is unfair to deny [the Mizes their] day in court because of the actions of [their] attorney, [this Court] must also consider the question in fairness to the defendant by making [it] continue to pay for plaintiffs['] counsel's mistakes through [its] own attorney's fees and . . . anxiety." *Id.*

ALCORN COUNTY
FILED
DEC 22 2020
CRYSTAL STARLING, CIRCUIT CL
BY Karen Smith DC

370
47

Plaintiffs ignored the Mississippi Rules of Civil Procedure; they ignored repeated deadlines set by agreement with defense counsel; and they ignored deadlines pursuant to an order from this Court. Their ongoing failure to provide discovery responses is harmful and unnecessarily unfair to Defendant, whose defense has been ham-strung for almost two years. Consistent with *Palmer*, Plaintiffs' excuses for failing to respond to discovery do not rise to the level of "exceptional circumstances" to warrant setting aside the judgment of dismissal pursuant to Rule 60(b).

"[T]he Rules were adopted for a reason: to provide a comprehensive and orderly framework for litigation, understandable by practitioners, judges, and litigants." *Federated Mut. Ins. Co. v. McNeal*, 943 So. 2d 658, 665 (Miss. 2006) (Diaz, J., dissenting). "While the end result in today's case may appear to be harsh, litigants must understand that there is an obligation to timely comply with the orders of our trial courts. . . . [T]he parties must take seriously their duty to comply with court orders. At some point the train must leave." *Bowie v. Montfort Jones Mem'l Hosp.*, 861 So. 2d 1037, 1043 (Miss. 2003). That point was reached in today's case on August 31, 2020.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiffs' Motion for Relief from Order of Dismissal is **DENIED**.

**ORDERED AND ADJUDGED** on this 16th day of December, 2020.

Michael P. Mills, Jr.

**MICHAEL P. MILLS, JR.**
**CIRCUIT JUDGE**

ADMINISTRATOR
DEC 16 2020

PROCESSED
ACCORDINGLY FILED
DEC 22 2020
CRYSTAL SPARKS, CIRCUIT CLERK
BY ______ D.C.

370
42

80

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

**NANCY MIZE and CHARLES MIZE,** **PLAINTIFFS**

**vs.** **CIVIL CASE NO. CV19-093RA**

**SHILOH MARKET, INC.** **DEFENDANT**

**PLAINTIFFS' SUPPLEMENTAL DESIGNATION OF THE RECORD**

Nancy Mize and Charles Mize, appellants, by counsel, pursuant to M.R.A.P. 10(b)(1), designates the following parts of the record as being necessary to be included on appeal:

**Original Designation**

1. The Complaint for Damages
2. Plaintiffs' Notice of Service of Plaintiff's Discovery to Defendant Shiloh Market, Inc.
3. The Answer to Complaint.
4. Defendant's Notice of Service of Discovery served on March 5, 2019.
5. Defendant's Notice of Service of Discovery served on March 19, 2019.
6. Consent Order on Defendant's Motion to Compel entered on February 18, 2020.
7. Defendant's Renewed Motion to Compel and for Sanctions.
8. The judgment and Order on Defendant's Renewed Motion to Compel and for Sanctions entered on September 3, 2020.
9. Plaintiffs' Motion for Relief from Order of Dismissal filed October 2, 2020.

**Supplemental Designation**

10. Defendant's Response to Plaintiff's Motion for Relief from Order of Dismissal served on October 12, 2020, with attached exhibits.

ALCORN COUNTY
FILED
JAN 04 2021
CRYSTAL STARLING, CIRCUIT CLERK
BY [signature] D.C.



81

11. Agreed Notice of Hearing entered November 23, 2020.

12. Order entered December 22, 2020.

THIS the 30th day of December, 2020.

Respectfully submitted,

THE GOLD LAW FIRM

Jennifer L. Miller (MS Bar #100550)
Attorney for Plaintiffs/Appellant
25 Dr. M. L. King, Jr. Ave.
Memphis, Tennessee 38103
Phone: (901) 244-5004
Fax: (901) 405-0375
jmiller@dgoldlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, postage prepaid, on this the 30th day of December, 2020.

Edd L. Peyton
Jared S. Renfroe
Spicer Rudstrom, PLLC
119 South Main, Suite 700
Memphis, Tennessee 38103

Jennifer L. Miller, Esq.

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

NANCY MIZE and
CHARLES MIZE, PLAINTIFFS

vs. Docket No. CV19-093RA

SHILOH MARKET, INC. DEFENDANT

**DEFENDANT'S DESIGNATION OF ADDITIONAL PARTS OF THE RECORD**

Shiloh Market, Inc., appellee, by and through counsel, pursuant to M.R.A.P. 10(b)(4), in response to Plaintiff's Supplemental Designation of the Record deems the inclusion of these additional parts of the proceedings to be necessary for appeal.

1. Shiloh Market's Motion to Compel filed on June 6, 2019.
2. Order filed December 22, 2020.

Respectfully submitted:

Edd L. Peyton (MSB 102103)
Spicer Rudstrom, PLLC
119 South Main, Suite 700
Memphis, Tennessee 38103
Ph. (901) 522-2313
Fax (901) 526-0213
epeyton@spicerfirm.com

ALCORN COUNTY
FILED
JAN 08 2021
CRYSTAL STARLING, CIRCUIT CLERK
BY

83

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, postage prepaid, on this the 31st day of December, 2020.

Jennifer L. Miller
The Gold Law Form
25 Martin Luther King, Jr. Avenue
Memphis, Tennessee 38103

Edd. L. Peyton

ALCORN COUNTY
FILED
JAN 08 2021
CRYSTAL STARLING, CIRCUIT CLERK
BY Karen Smith D.C.

**IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI**

**NANCY MIZE and**
**CHARLES MIZE,** **PLAINTIFFS**

**vs.** **CIVIL CASE NO. CV19-093RA**

**SHILOH MARKET, INC.** **DEFENDANT**

**SECOND CERTIFICATE OF COMPLIANCE WITH RULE 11(b)(1)**

I, Jennifer L. Miller, attorney for appellants Nancy Mize and Charles Mize, certify that I have complied with M.R.A.P. 11(b) and that the court reporter has provided an estimate of costs for preparing the transcript from the December 11, 2020 hearing for inclusion with the record on appeal in the amount of $200.00 and I have on or before this day deposited that sum with the clerk of this Court.

Respectfully submitted,

THE GOLD LAW FIRM

Jennifer L. Miller (MS Bar #100550)
Attorney for Plaintiffs/Appellant
25 Dr. M. L. King, Jr. Ave.
Memphis, Tennessee 38103
901-244-5004
jmiller@dgoldlaw.com

ALCORN COUNTY
FILED
JAN 12 2021
CRYSTAL STARLING, CIRCUIT CLERK
BY ________ D.C.

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, postage prepaid, on this the 7th day of January, 2021.

Kim Bounds
Court Reporter
849 County Oaks Cr.
Tupelo, MS 38801

Edd L. Peyton
Jared S. Renfroe
Spicer Rudstrom, PLLC
119 South Main, Suite 700
Memphis, Tennessee 38103

D. Jeremy Whitmire
Mississippi Supreme Court Clerk
Post Office Box 249
Jackson, Mississippi 39205-0249

Jennifer L. Miller, Esq.

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

NANCY MIZE and
CHARLES MIZE, PLAINTIFFS

vs. Docket No. CV19-093RA

SHILOH MARKET, INC. DEFENDANT

---

STIPULATION AS TO THE CONTENT OF THE RECORD ON APPEAL

---

The attorneys for the parties have reviewed the Record on Appeal and stipulate to the following revisions to the Record on Appeal:

IDENTIFICATION OF COUNSEL

Edd L. Peyton, 119 South Main Street, Suite 700, Memphis, Tennessee 38103 represents the Appellee.

LIST OF RECORDS TO ADD

Page 44 Renewed Motion to Compel and For Sanctions is missing the second page which is required for completeness.

The reporter's transcript of Plaintiff's Motion for Relief from Order of Dismissal hearing should be included in the record. (Dec. 11, 2020 at the Lee County Court House). Appellee has prepaid and forwarded transcript costs to the clerk pursuant to M.R.A.P. 11.

LIST OF RECORDS TO OMIT

| | |
|---|---|
| Pages 12-13 | Civil Case Filing Form |
| Page 14 | February 6, 2019 Cover Letter |
| Page 15 | Fee bill |
| Pages 17-18 | Notice of Appearance filed February 27, 2019 |
| Page 19 | February 25, 2019 Cover Letter |
| Page 26 | March 4, 2019 Cover Letter |
| Page 29 | March 5, 2019 Cover Letter |
| Page 32 | March 19, 2019 Cover Letter |
| Page 35 | June 4, 2019 Cover Letter |
| Pages 36-37 | Entry of Appearance and Notice of Substitution of Counsel filed Oct. 11, 2019 |

ALCORN COUNTY
FILED

JAN 20 2021

CRYSTAL STARLING, CIRCUIT CLERK
BY

| | |
|---|---|
| Page 38 | October 8, 2019 Cover Letter |
| Pages 41-42 | Notice of Appearance filed April 8, 2020 |
| Page 43 | April 3, 2020 Cover Letter |
| Page 45 | May 18, 2020 Cover Letter |
| Page 63 | Cover Letter |
| Page 66 | Cover Letter |
| Page 67 | Cost Estimate |
| Page 68 | October 8, 2020 Notice |
| Page 69 | Invoice |
| Page 70 | October 8, 2020 Correspondence from the Clerk |
| Page 71-72 | Designation of the Record |
| Page 77 | October 13, 2020 Cover Letter |
| Page 91 | October 12, 2020 Cover Letter |
| Page 92-93 | Appellee's Designation of Additional Parts of the Record |
| Page 94 | October 12, 2020 Cover Letter |
| Page 96 | November 25, 2020 Cover Letter |
| Page 97 | December 9, 2020 Correspondence to the Circuit Court Clerk |
| Page 103 | December 16, 2020 Correspondence to the Circuit Court Clerk |

Respectfully submitted,

this 19th day of JANUARY, 2021.

Jennifer L. Miller (MSB# 100550)
The Gold Law Firm
25 Dr. ML King, Jr. Ave., Suite 206
Memphis, Tennessee 38103
(901) 244-5004
jmiller@dgoldlaw.com

Edd L. Peyton (MSB# 102103)
Spicer Rudstrom, PLLC
119 South Main Street, Suite 700
Memphis, Tennessee 38103
(901) 522-2313
epeyton@spicerfirm.com

*KIMBERLY D. BOUNDS, CRR, RPR, CSR #1159*
*OFFICIAL COURT REPORTER*
*FIRST JUDICIAL DISTRICT OF MISSISSIPPI*
*849 COUNTRY OAKS CIRCLE*
*TUPELO, MISSISSIPPI 38801*
*(662) 790-5791*

***ALCORN COUNTY CIRCUIT CLERK***

| **DATE** | **DESCRIPTION OF SERVICES** |
|---|---|
| 2/10/21 | |

APPEAL TRANSCRIPT

NANCY MIZE AND CHARLES MIZE

VS. CAUSE NO CV19-093

SHILOH MARKET, INC.

**$ 96.00**

Please make checks payable to:

***KIMBERLY D. BOUNDS, TAX ID NO. 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***

PAYABLE IN FULL UPON RECEIPT

ALCORN COUNTY
FILED
FEB 11 2021
CRYSTAL STARLING, CIRCUIT CLERK
[signature] D.C.

89

*KIMBERLY D. BOUNDS, CRR, RPR, CCR #1159*
*OFFICIAL COURT REPORTER*
*FIRST JUDICIAL DISTRICT OF MISSISSIPPI*
*849 COUNTRY OAKS CIRCLE*
*TUPELO, MISSISSIPPI 38801*
*(662) 790-5791*

February 10, 2021

RE: In the Circuit Court of Alcorn County, MS

Nancy Mize and Charles Mize
vs.
Shiloh Market, Inc.

Cause No. CV19-093

Dear Ms. Miller:

Pursuant to the Notice of Appeal, this is to advise that I have this date filed the original and one copy of the transcript proceedings, along with an electronic disk, of the transcript proceedings reported by me in the above-styled and numbered cause in the office of the Circuit Clerk of Alcorn County, Mississippi.

I am, by copy of this letter, advising all other parties, the Circuit Clerk, and the Clerk of the Supreme Court of my actions herein.

Sincerely,

Kimberly D. Bounds, CRR, RPR, CSR 1159
Official Court Reporter

cc: Honorable Edd Peyton
Mr. D. Jeremy Whitmire
Ms. Crystal Starling

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

Nancy Mize and Charles Mize

VS. CAUSE NO. CV2019-093RA

Shiloh Market, Inc.

COST BILL

| | |
|---|---|
| CLERK PREPARING TRANSCRIPT 93 PAGES | $ 186.00 |
| COURT REPORTER'S FEE | $ 96.00 |
| SUPREME COURT FILING FEE | $ 200.00 pd |
| POSTAGE | $ 16.50 |
| **TOTAL COST** | $ 298.50 |

WITNESS MY SIGNATURE THIS THE 24th DAY OF February, 2021.

Crystal Starling

Clerk of Circuit Court
Alcorn County, Mississippi

BY: Kelle Smith, DC

IN THE SUPREME COURT OF THE STATE OF MISSISSIPPI

Nancy Mize and Charles Mize

VS. CAUSE NO. CV2019-093RA

Shiloh Market, Inc.

APPEAL FROM CIRCUIT COURT

**EXAMINED AND APPROVED:**

ATTORNEY FOR APPELLANT

Jennifer L. Miller
25 Dr. M. L. King Jr. Avenue
Memphis, TN 38103

ATTORNEY FOR APPELLEE

Edd L. Peyton
119 South Main Street, Suite 700
Memphis, TN 38103

# CLERK'S AFFIDAVIT

STATE OF MISSISSIPPI
COUNTY OF ALCORN

I, CRYSTAL STARLING, CLERK OF THE CIRCUIT COURT OF SAID COUNTY, HEREBY CERTIFY THAT THE FORGOING PAPERS ARE TRUE, CORRECT, AND COMPLETE COPIES OF THE PAPERS FILED IN MY OFFICE, ORDERS, AND JUDGMENTS AS THEY APPEAR ON THE MINUTES OF THE COURT.

CAUSE NUMBER: CV2019-093RA

STYLE: Nancy Mize and Charles Mize VS Shiloh Market, Inc.

WITNESS MY HAND AND OFFICIAL SEAL THIS THE 24th DAY OF February, 2021.

Crystal Starling
CRYSTAL STARLING, CIRCUIT CLERK

BY: Kelee Smith DC
DEPUTY CLERK

CIRCUIT COURT ALCORN COUNTY, MISS.

The Fee Is Free, Only Pay If We Win. Contact Us Today

×

MORGAN & MORGAN

888 480 5567

# $13 Billion Recovered for Clients

Our goal is to get you the best results, as quickly as possible. Call us today for a free case evaluation.

**Call Now** Open 24/7

# $13 Billion Recovered for Clients

Our goal is to get you the best results, as quickly as possible. Contact us today for a free case evaluation.

Free Case Evaluation

PLAINTIFF'S EXHIBIT

B

# We Never Settle for Less, and Neither Should You

**Settlement**

WHAT WE WON

$1,250,000,000

PRE-TRIAL OFFER

$0



## Find Out If You Have A Case In Seconds, for Free.

Speak with our representative to determine if you have a case.

Click Here to Call

## We fight For The People

We fight For The People, not the powerful institutions that seek to deny them fair and full compensation.

Some attorneys settle for less, but not us. Our 800+ attorneys are prepared to present your case in the strongest terms at trial.

We never settle for less, and neither should you. Contact us for a free, confidential, no-risk consultation to get the best outcome in your case.



# It's Free Unless We Win

Morgan & Morgan is contingency based.

| Retainer Based | Contingency Based |
|---|---|
| Fee to hire | Free to hire |
| Bills by the hour | Free consultations |
| Motivated to bill hours | Motivated to deliver the best results |
| Pay even if you lose | Pay only if you win |
| For The Powerful | For The People |

Click here to get your **FREE case evaluation**

## Get Your Free, Immediate Case Evaluation

First name

Last name

Phone number

Zip code

E-mail

- Case Type -

What happened?

By submitting you agree to our Terms & Privacy Policy.

**Free Case Evaluation**

Martindale-Hubbell AV PREEMINENT Peer Rated for Highest Level of Professional Excellence 2019

Best Lawyers BEST LAW FIRMS US News RANKINGS

RATED BY Super Lawyers

American Board of Trial Advocates

© 2022. All Rights Reserved.

Privacy Policy | Terms of Service | Contact Us

This site is designed to be accessible to and usable by people with and without disabilities. Please contact us if you encounter an accessibility or usability issue on this site.

20 North Orange Ave, Suite 1600, Orlando, FL 32801




PLAINTIFF'S EXHIBIT
C

MORGAN & MORGAN Locations Practice Areas Car Accidents Attorneys About Our Results Contact En Español Call Now • Open 24/7 888 480 5567




# The Jackson Office

Personal Injury Lawyers in Jackson, Mississippi (MS)

4450 Old Canton Rd, Suite 200
Jackson, MS 39211

(601) 949-3388

RATING OVERVIEW

★★★★★

BASED ON 1079 REVIEWS

Contact Us Today

tecting Families Since 1988 • $13 Billion+ Won • 800+ Lawyers Nationwide • Th

PLAINTIFF'S EXHIBIT
D

MORGAN & MORGAN Locations Practice Areas Car Accidents Attorneys About Our Results Contact En Español

Call Now • Open 24/7 888 480 5567



# The Nashville Office

Personal Injury Lawyers in Nashville, Tennessee (TN)

810 Broadway, Suite 105
Nashville, TN 37203

(615) 490-0944

RATING OVERVIEW

★★★★★

BASED ON 1719 REVIEWS

Contact Us Today

cting Families Since 1988 • $13 Billion+ Won • 800+ Lawyers Nationwide • The

MORGAN & MORGAN Locations Practice Areas Car Accidents Attorneys About Our Results Contact En Español

Call Now • Open 24/7
888 480 5567



# The Birmingham Office

Personal Injury Lawyers in Birmingham, Alabama (AL)

2317 3rd Ave. N, Suite 102
Birmingham, AL 35203

(205) 517-6900

RATING OVERVIEW

★★★★★

BASED ON 1262 REVIEWS

Contact Us Today

nce 1988 • $13 Billion+ Won • 800+ Lawyers Nationwide • The Fee is Free™, Onl