**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**NANCY MIZE and CHARLES MIZE** **PLAINTIFFS**

**V.** **CIVIL ACTION NO. 1:22-cv-00185-SA-DAS**

**MORGAN & MORGAN, P.A.;**
**MORGAN & MORGAN, PLLC;**
**MORGAN & MORGAN, DBA;**
**MORGAN & MORGAN MISSISSIPPI, DBA;**
**MORGAN & MORGAN MISSISSIPPI MANAGEMENT, INC.;**
**MORGAN & MORGAN MEMPHIS, LLC;**
**MORGAN & MORGAN MEMPHIS MANAGEMENT, INC.;**
**JOHN B. MORGAN; ULTIMA MORGAN;**
**JENNIFER L. MILLER; DAVID GOLD;**
**and THE GOLD LAW FIRM** **DEFENDANTS**

## SEPARATE ANSWER AND DEFENSES OF MORGAN & MORGAN, PLLC

**COMES NOW** Defendant Morgan & Morgan, PLLC[1] (hereinafter "this Defendant"), by and through counsel of record, and for its response to Plaintiffs' *First Amended Complaint* filed against it, would show the following:

## FIRST DEFENSE

Plaintiffs' *First Amended Complaint* fails to state a claim against this Defendant upon which relief can be granted, and this Defendant moves that the *First Amended Complaint* be dismissed pursuant to F.R.C.P. 12(b)(6).

## SECOND DEFENSE

This Defendant is an improper defendant and moves to be dismissed.

[1] Morgan & Morgan, PLLC includes the fictitious entities and/or names listed in Plaintiffs'' *First Amended Complaint* as Morgan & Morgan, DBA and Morgan & Morgan Mississippi, DBA.

## THIRD DEFENSE

## ANSWER

Without waiving its right to be heard regarding the above defenses, this Defendant responds to the allegations of Plaintiffs' *First Amended Complaint*, paragraph by paragraph, as follows:

## INTRODUCTION

**1.** The allegations contained in ¶1 of the *First Amended Complaint* are denied to the extent they pertain to this Defendant.

## PARTIES

**2.** Upon information and belief, the allegations contained in ¶2 of the *First Amended Complaint* are admitted.

**3.** Upon information and belief, the allegations contained in ¶3 of the *First Amended Complaint* are admitted.

**4.** The allegations contained in ¶4 of the *First Amended Complaint* are directed at a party other than this Defendant. Therefore, no response is required. To the extent that those allegations are directed in any way at this Defendant, the same are denied.

**5.** This Defendant admits only that (1) it is a limited liability company doing business in the State of Mississippi, (2) Morgan & Morgan DBA and Morgan & Morgan Mississippi DBA are listed as fictitious names for it with the Mississippi Secretary of State, and (3) Register Agent Solutions, Inc. is its registered agent for service of process. The remaining allegations are denied. The allegations contained in ¶5 of the *First Amended Complaint* are directed at a party other than this Defendant. Therefore, no response is required. To the extent that those allegations are directed in any way at this Defendant, the same are denied.

**6.** The allegations contained in ¶6 of the *First Amended Complaint* are directed at a party other than this Defendant. Therefore, no response is required. To the extent that those allegations are directed in any way at this Defendant, the same are denied.

**7.** The allegations contained in ¶7 of the *First Amended Complaint* are directed at a party other than this Defendant. Therefore, no response is required. To the extent that those allegations are directed in any way at this Defendant, the same are denied.

**8.** The allegations contained in ¶8 of the *First Amended Complaint* are directed at a party other than this Defendant. Therefore, no response is required. To the extent that those allegations are directed in any way at this Defendant, the same are denied.

**9.** The allegations contained in ¶9 of the *First Amended Complaint* are directed at a party other than this Defendant. Therefore, no response is required. To the extent that those allegations are directed in any way at this Defendant, the same are denied.

**10.** The allegations contained in ¶10 of the *First Amended Complaint* are directed at a party other than this Defendant. Therefore, no response is required. To the extent that those allegations are directed in any way at this Defendant, the same are denied.

**11.** The allegations contained in ¶11 of the *First Amended Complaint* are directed at a party other than this Defendant. Therefore, no response is required. To the extent that those allegations are directed in any way at this Defendant, the same are denied.

**12.** The allegations contained in ¶12 of the *First Amended Complaint* are directed at a party other than this Defendant. Therefore, no response is required. To the extent that those allegations are directed in any way at this Defendant, the same are denied.

## JURISDICTION AND VENUE

**13.** The allegations contained in ¶13 of the *First Amended Complaint* are denied.

## FACTS

**14.** This Defendant is currently without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in ¶14 of the *First Amended Complaint*, and, therefore, denies the same.

**15.** This Defendant is currently without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in ¶15 of the *First Amended Complaint*, and, therefore, denies the same.

**16.** This Defendant is currently without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in ¶16 of the *First Amended Complaint*, and, therefore, denies the same.

**17.** This Defendant is currently without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in ¶17 of the *First Amended Complaint*, including its subparts a. through cc., and, therefore, denies the same.

**18.** This Defendant is currently without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in ¶18 of the *First Amended Complaint*, and, therefore, denies the same.

**19.** This Defendant is currently without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in ¶19 of the *First Amended Complaint*, and, therefore, denies the same.

## COUNT ONE – NEGLIGENCE – LEGAL MALPRACTICE
## ALL NAMED DEFENDANTS

**20.** This Defendant restates and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

**21.** The allegations contained in ¶21 of the *First Amended Complaint* are denied to the extent they pertain to this Defendant.

**22.** The allegations contained in ¶22 of the *First Amended Complaint* are denied to the extent they pertain to this Defendant.

**23.** The allegations contained in ¶23 of the *First Amended Complaint*, including its subparts a. through h., are denied to the extent they pertain to this Defendant.

**24.** The allegations contained in ¶24 of the *First Amended Complaint*, including its subparts a. through m., are denied to the extent they pertain to this Defendant.

**25.** The allegations contained in ¶25 of the *First Amended Complaint*, including its subparts a. through e., are denied to the extent they pertain to this Defendant.

## COUNT TWO – BREACH OF CONTRACT – ALL DEFENDANTS

**26.** This Defendant restates and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

**27.** The allegations contained in ¶27 of the *First Amended Complaint*, including its subparts a. through e., are denied to the extent they pertain to this Defendant.

**28.** The allegations contained in ¶28 of the *First Amended Complaint* are denied to the extent they pertain to this Defendant.

**29.** The allegations contained in ¶29 of the *First Amended Complaint* are denied to the extent they pertain to this Defendant.

**30.** The allegations contained in ¶30 of the *First Amended Complaint* are denied to the extent they pertain to this Defendant.

**31.** The allegations contained in ¶31 of the *First Amended Complaint*, including its subparts a. through e., are denied to the extent they pertain to this Defendant.

## COUNT THREE – BREACH OF FIDUCIARY DUTY

**32.** This Defendant restates and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

**33.** The allegations contained in ¶33 of the *First Amended Complaint* consist of incomplete or inaccurate statements of law to which no response is required. To the extent that a response is required by this Defendant, those allegations are denied.

**34.** The allegations contained in ¶34 of the *First Amended Complaint*, including its subparts a. through u., are denied to the extent they pertain to this Defendant.

**35.** The allegations contained in ¶35 of the *First Amended Complaint*, including its subparts a. through c., are denied to the extent they pertain to this Defendant.

**36.** The allegations contained in ¶36 of the *First Amended Complaint*, including its subparts a. through e., are denied to the extent they pertain to this Defendant.

## COUNT FOUR – NEGLIGENT SUPERVISION

**37.** This Defendant restates and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

**38.** The allegations contained in ¶38 of the *First Amended Complaint*, including its subparts a. through m., are denied to the extent they pertain to this Defendant.

**39.** The allegations contained in ¶39 of the *First Amended Complaint*, including its subparts a. through e., are denied to the extent they pertain to this Defendant.

## COUNT FIVE – JOINT VENTURE LIABILITY<br>MORGAN & MORGAN DEFENDANTS AND JENNIFER MILLER

**40.** This Defendant restates and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

**41.** The allegations contained in ¶41 of the *First Amended Complaint* are denied to the extent they pertain to this Defendant.

**42.** The allegations contained in ¶42 of the *First Amended Complaint* are denied to the extent they pertain to this Defendant.

**43.** The allegations contained in ¶43 of the *First Amended Complaint* are denied to the extent they pertain to this Defendant.

**44.** The allegations contained in ¶44 of the *First Amended Complaint*, including its subparts a. through e., are denied to the extent they pertain to this Defendant.

## COUNT SIX – MISLEADING AND DECEPTIVE ADVERTISING MORGAN & MORGAN DEFENDANTS

**45.** This Defendant restates and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

**46.** The allegations contained in ¶46 of the *First Amended Complaint* are denied to the extent they pertain to this Defendant.

**47.** The allegations contained in ¶47 of the *First Amended Complaint* are denied to the extent they pertain to this Defendant.

**48.** The allegations contained in ¶48 of the *First Amended Complaint*, including its subparts a. through e., are denied to the extent they pertain to this Defendant.

## COUNT SEVEN – PUNITIVE DAMAGES AS A REMEDY

**49.** This Defendant restates and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

**50.** The allegations contained in ¶50 of the *First Amended Complaint*, including its subparts a. through d., are denied to the extent they pertain to this Defendant.

**51.** The allegations contained in ¶51 of the *First Amended Complaint* are denied to the extent they pertain to this Defendant.

## PRAYER FOR RELIEF

**52.** The allegations contained in ¶52 of the *First Amended Complaint*, including its subparts a. through h., are denied to the extent they pertain to this Defendant.

Any and all allegations not specifically admitted are denied.

**AND NOW,** having responded to the allegations of Plaintiffs' *First Amended Complaint*, and having denied any and all liability, this Defendant would show unto this Court the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their own negligence. In the alternative, if it is found that Plaintiffs' own acts and/or omissions were a proximate cause, but not the sole proximate cause of Plaintiffs' damages, the damages must be reduced in accordance with Mississippi's doctrine of comparative fault.

## SECOND AFFIRMATIVE DEFENSE

The sole proximate cause or proximate contributing cause of the damages claimed by Plaintiffs, if any, was the negligence of an individual or entity other than this Defendant and for whom this Defendant can have no liability. This Defendant further invokes the provisions of MISS. CODE ANN. §85-5-7. To the extent that the negligence of another party or non-party caused or contributed to Plaintiffs'' injuries and damages, if any.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages are the result of an independent, superseding, and/or intervening event for which this Defendant cannot be held liable.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' damages and injuries, if any, were caused by the actions or inactions of The Gold Law Firm and/or Jennifer Miller after she joined The Gold Law Firm and Plaintiffs are barred from recovering from this Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to any award of attorneys' fees or punitive damages. With respect to the claim for punitive damages, this Defendant would affirmatively show that (a) since punitive damages are penal in nature, this Defendant is entitled to the same procedural safeguards afforded to those charged with a crime, and an assessment of punitive damages herein would be in violation of the Sixth Amendment of the United States Constitution; (b) any claim for punitive damages violates the substantive and procedural due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and provisions of the Mississippi Constitution; (c) any award of punitive damages in this case would be in violation of the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution and the Mississippi Constitution since the standards for imposing liability and for assessing the amount for punitive damages are unconstitutionally vague; (d) the application of such an unconstitutionally vague standard is arbitrary, capricious and not rationally related to any legitimate governmental interest; (e) any award of punitive damages in this case would be in violation of the Eighth and Fourteenth Amendments of the United States Constitution and Article 3 and various sections of the Mississippi Constitution; (f) this Defendant invokes the limitations regarding the enforceability and constitutionality of punitive damages awards as set forth in *BMW of America v. Gore*, 116 U.S. 1589 (1996) and *State Farm Mutual Auto. Insur. Co. v. Campbell*, 538 U.S. 408 (2003); (g) the *First Amended Complaint* fails to state a claim against this Defendant upon which Plaintiff may be awarded punitive or exemplary damages; and (h) this Defendant invokes Mississippi's statutory law pertaining to punitive damages, including MISS. CODE ANN. § 11-1-65.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' damages, if any, are limited by MISS. CODE ANN. §11-46-15 (1)(c).

**SEVENTH AFFIRMATIVE DEFENSE**

Punitive damages are prohibited under MISS. CODE ANN. §11-46-15 (2).

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot establish that they would have prevailed in any underlying lawsuit and therefore cannot recover from this Defendant.

**NINTH AFFIRMATIVE DEFENSE**

This Defendant had no attorney-client relationship with Plaintiffs at any point in time and especially at the time the case was dismissed.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to mitigate their damages, if any.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged injuries are the results of a pre-existing condition, illness, or disease which this Defendant may not be liable.

**TWELFTH AFFIRMATIVE DEFENSE**

This Defendant asserts the limitations on non-economic damages set forth in MISS. CODE ANN. §11-1-60.

**THIRTEENTH AFFIRMATIVE DEFENSE**

This Defendant acted with reasonable care at all times.

**FOURTEENTH AFFIRMATIVE DEFENSE**

This Defendant hereby incorporates and affirmatively asserts those defenses available to it pursuant to F.R.C.P. 8(c).

**FIFTEENTH AFFIRMATIVE DEFENSE**

All future damages not reduced to present value must be dismissed.

**SIXTEENTH AFFIRMATIVE DEFENSE**

This Defendant pleads all statutory and common law theories of allocation of fault.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

If it is determined that Plaintiffs have made any form of recovery by way of judgment, settlement, or otherwise for all or part of the alleged damages or liability, this Defendant claims the benefit of such recovery or relief by way of set-off, payment, credit, recoupment, accord and satisfaction, or otherwise.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The scope of the legal representation at issue in Plaintiffs' *First Amended Complaint* did not include a medical malpractice claim against Magnolia Regional Health Center, North Mississippi Medical Center, and/or any other medical provider.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims of misleading and deceptive advertising against this Defendant are barred by their failure to prove (1) that they saw or heard an untrue, deceptive, or misleading advertisement and (2) that any allegedly misleading or deceptive advertisement proximately caused their damages and injuries, if any.

**TWENTIETH AFFIRMATIVE DEFENSE**

This Defendant reserves the right to assert affirmative defenses based upon additional facts that become available to it during the court of this matter.

**WHEREFORE, PREMISES CONSIDERED,** this Defendant respectfully requests that Plaintiffs' *First Amended Complaint* be dismissed with prejudice with all costs assessed to the Plaintiffs. This Defendant prays for such further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED,** this the 12th day of December, 2022.

**MORGAN & MORGAN MISSISSIPPI MANAGEMENT, INC.**

BY: /s/ *Robert F. Stacy, Jr.*
OF COUNSEL

ROBERT F. STACY, JR. – MS BAR NO. 7764
rstacy@danielcoker.com
LAUREN E. WARD – MS BAR NO. 105019
lward@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
265 NORTH LAMAR BOULEVARD, SUITE R
POST OFFICE BOX 1396
OXFORD, MISSISSIPPI 38655-1396
TELEPHONE: 662-232-8979
FACSIMILE: 662-232-8940

## CERTIFICATE OF SERVICE

I, the undersigned counsel of record, do hereby certify that I have, this day, electronically filed the foregoing document with the Clerk of the Court using the ECF system and I have served this document by ECF to:

Matthew Wade Gilmer
matt@matthewgilmerlegal.com
MATTHEW WADE GILMER & ASSOCIATES, PLLC
P.O. Box 737
Iuka, Mississippi 38852

John O. Windsor
jw@windsorlaw.com
602 East Waldron Street
Corinth, Mississippi 38834
*Attorneys for Plaintiffs*

**THIS,** the 12th day of December, 2022.

/s/*Robert F. Stacy, Jr.*
ROBERT F. STACY, JR.