IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

NANCY MIZE AND
CHARLES MIZE                                                                                         PLAINTIFFS

v.                                                      CIVIL ACTION NO. 1:22-CV-185-SA-DAS

MORGAN & MORGAN, P.A.;
MORGAN & MORGAN, PLLC;
MORGAN & MORGAN, DBA;
MORGAN & MORGAN MISSISSIPPI, DBA;
MORGAN & MORGAN MISSISSIPPI MANAGEMENT, INC.;
MORGAN & MORGAN MEMPHIS, LLC;
MORGAN & MORGAN MEMPHIS MANAGEMENT, INC.;
JOHN B. MORGAN; ULTIMA MORGAN;
JENNIFER L. MILLER; DAVID GOLD;
AND THE GOLD LAW FIRM                                                                           DEFENDANTS

ORDER

On October 12, 2022, Nancy and Charles Mize filed their First Amended Complaint [2] in the Circuit Court of Alcorn County, Mississippi, alleging legal malpractice, among other claims, against Morgan & Morgan, P.A. ("MMPA"),[1] Morgan & Morgan, PLLC ("PLLC"), and all other defendants listed in the caption above. Morgan & Morgan Memphis, LLC removed the case to this Court on December 5, 2022. *See* [1]. Now before the Court is PLLC's Motion to Dismiss for

---

[1] For context, the Court notes that MMPA has filed a Motion to Dismiss for Lack of Personal Jurisdiction [10]. The Mizes' Response [50] to the instant Motion [40] incorporates its Response [28] to MMPA's Motion [10]. Therefore, the Court may reference the briefs filed in connection to MMPA's Motion [10].

Failure to State a Claim [40], which alleges that PLLC has been fraudulently joined.[2] The Mizes have responded to the Motion [40].[3]

*Relevant Factual and Procedural Background*

On December 29, 2016, Nancy Mize and her husband, Charles Mize, went to Shiloh Market in Corinth, Mississippi. According to their First Amended Complaint [2], Nancy Mize ("Nancy") tripped and fell when her foot became trapped in a dustmop that had been left protruding into a walkway but was concealed by a grocery cooler. Nancy alleges she was transported from Shiloh Market to Magnolia Regional Health Center where she was dropped to the floor, further exacerbating her injuries. Nancy was then transferred to North Mississippi Medical Center ("NMMC"), which is a level-one trauma center located in Tupelo, Mississippi.

The Mizes contend that, while at NMMC, they contacted Morgan & Morgan who sent a layman runner to the hospital, though the First Amended Complaint [2] does not specify which

---

[2] When PLLC filed its Motion [40] alleging fraudulent joinder, the filing gave the Court pause because PLLC had alleged in the Notice of Removal [1] that it was not a citizen of Mississippi, and it did not disclose its Mississippi citizenship until four and one-half months later. The Court therefore ordered PLLC to explain why its representations regarding its citizenship had changed. *See* [45]. Counsel for PLLC responded that he based the original representation on publicly available information and, after consulting with PLLC, later learned that it had members that are citizens of Mississippi. *See* [46]. The Court took no further action because it concluded that nothing before it suggested it was purposefully misled, but it notes that the lengthy delay in disclosing facts relevant to citizenship is unusual and generally disfavored.

[3] The Court notes that the Mizes did not respond timely to either Motion [10], [40] filed in this case. Specifically, the Mizes asked for an extension of time to respond to MMPA's Motion [10] approximately six weeks after their deadline to respond had already passed. After PLLC filed its Motion [40], the Mizes failed to respond, and the Court was unsure of whether the Mizes' lack of response indicated their concession to the Motion [40]. Therefore, the Court specifically ordered the Mizes to respond. *See* [37]. On their final day to file a response, the Mizes asked for an extension due to counsel's illness, which the Court granted. The Mizes then filed their Response [50] on August 15, 2023, nearly three months after the original response deadline. Of additional importance, when the Mizes filed their Responses [28], [50], they filed them with the exhibits incorrectly attached. With their first Response [28], some exhibits were attached to the Response [28] and others were attached to the Memorandum [29]. With their second Response [50], the exhibits were attached to the Memorandum [51]. In both instances, the Clerk directed the Mizes to refile their Responses [28], [50] with the exhibits attached to the Response itself, which the Mizes did not do. The Court will generously consider the Responses [28], [50], rather than rejecting them on a technical ground, but the Mizes are specifically directed to consult the Local Rules for deadlines and filing instructions in the future.

Morgan & Morgan entity the Mizes contacted. According to the First Amended Complaint [2], the layman runner rendered legal advice and encouraged the Mizes to sign a contract hiring "Morgan and Morgan Defendants" to prosecute their claims against Shiloh Market and Magnolia Regional Health Center, which they did. [2] at p. 6. The Mizes aver that on February 11, 2019, Defendant Jennifer Miller, an attorney with Morgan & Morgan, filed suit on their behalf, signing the complaint: "Respectfully Submitted, MORGAN & MORGAN – MEMPHIS." *Id.*

In short, the Mizes allege that Miller thereafter failed to prosecute the lawsuit and that Morgan & Morgan terminated her employment (though the First Amended Complaint [2] suggests Miller's termination was part of a mass firing and not related to her representation of the Mizes). At some point after Miller was terminated by Morgan & Morgan, the Mizes' representation was transferred to Miller at the Gold Law Firm. The Mizes contend that the "Morgan & Morgan Defendants" and the Gold Law Firm failed to prosecute their case. *Id.* at p. 11. The present litigation is based on the alleged failure to prosecute the claims. The First Amended Complaint [2] brings claims of legal malpractice, breach of contract, breach of fiduciary duty, negligent supervision, joint venture liability, misleading and deceptive advertising, and asks for punitive damages as a remedy.

In its Motion [40] alleging improper joinder, PLLC asserts that the Mizes have no plausible claim against it because, in short, it was not the Morgan & Morgan entity that represented the Mizes.

*Discussion*

"The federal removal statute, 28 U.S.C. § 1441(a), authorizes removal of 'any civil action brought in a State court of which the district courts of the United Sates have original jurisdiction[.]'" *Hicks v. Martinrea Automotive Structures (USA), Inc.*, 12 F.4th 511, 515 (5th Cir.

3

2021) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc) in turn quoting 28 U.S.C. § 1441(b)). "District courts have original jurisdiction if the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States or citizens of a State and citizens or subjects of a foreign state." *KSN Hospitality LLC v. Great Lakes Ins. SE,* 2022 WL 16815187, at *2 (S.D. Tex. Nov. 8, 2022) (citing 28 U.S.C. § 1332(a)(1)-(2)). "If a non-diverse defendant is improperly joined, however, a district court can disregard the citizenship of that defendant for the purposes of evaluating its jurisdiction." *Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806, 812 (5th Cir. 2021) (citing *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc)). The removing party bears the "heavy burden" of proving that joinder was improper. *Ticer v. Imperium Ins. Co.,* 20 F.4th 1040, 1046 (5th Cir. 2021) (citing *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988); *Smallwood*, 385 F.3d at 574).

"A non-diverse defendant is improperly joined. . . if the removing party shows either that: (1) there was actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court." *Williams*, 18 F.4th at 812 (citing *Smallwood*, 385 F.3d at 573). Here, MMPLLC argues the latter.

When the defendant asserts the second type of improper joinder, as PLLC does here, "[t]he test is whether there is 'no possibility of recovery by the plaintiff against an in-state defendant' or 'no reasonable basis for [predicting recovery] against an in-state defendant.'" *Ticer,* 20 F.4th at 1046 (quoting *Smallwood*, 385 F.3d at 572-73). "To resolve this inquiry, the district court may conduct a Rule 12(b)(6)-type analysis, 'looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.'"

*Hicks*, 12 F.4th at 515 (5th Cir. 2021) (quoting *Smallwood*, 385 F.3d at 573). However, "in a relatively small number of cases, the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Ticer*, 20 F.4th at 1046 (citing *Hicks*, 12 F.4th at 515).

The Court emphasizes that its improper joinder inquiry will necessarily require it to determine which allegations are lodged at the in-state defendant so that it can evaluate whether the plaintiff has stated a plausible claim against that particular defendant. *See Hicks*, 12 F.4th at 515 (5th Cir. 2021) (quoting *Smallwood*, 385 F.3d at 573). Because the Court may look beyond the complaint only in a "relatively small number of cases," the complaint's allegations are critical to the Court's analysis. *See Ticer*, 20 F.4th at 1046 (citing *Hicks*, 12 F.4th at 515).

Here, the Mizes' First Amended Complaint [2] is not a model of clarity. It generally uses the collective term "Morgan & Morgan Defendants" without attributing specific acts to PLLC or the other entities. *See Ogdon v. Grand Canyon Univ., Inc.*, 2022 WL 846973, at *14 (E.D. Cal. Mar. 22, 2022) (citing *Calder v. Jones*, 465 U.S. 783, 790, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984)) (noting that references to "defendants" in the collective prevents the court from examining each defendant's contacts individually). In their Responses [28], [50], the Mizes appear to argue that their collective references to the defendants are purposeful because all Morgan & Morgan entities acted as one. *See* [50] at p.1 (the "Amended Complaint [5-2] alleges that all Morgan & Morgan defendants named in the Amended Complaint [5-2] committed several acts and omissions without distinction in identity."); [28] at p.4-5 (arguing that the Court should estop MMPA from arguing that it is separate and distinct from "the LLC").

5

Notably, some courts have found that nothing in Rule 8 prohibits referring to defendants collectively when identical claims are asserted or identical conduct is alleged. *See, e.g., Moomey v. Portable on Demand Storage*, 2020 WL 3978372, at *2 (N.D. Tex. July 13, 2020) (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Particularly in light of the representations made in their Responses [28], [50], the Court could view the Mizes' First Amended Complaint [2] as doing just that and analyze the Motion [50] accordingly. The problem, however, is that other aspects of the Mizes' First Amended Complaint [2] indicate that they do *not* allege unified acts by indistinguishable entities, especially when viewed in conjunction with their explanations in their Responses [28], [50].

For example, the one section of the First Amended Complaint [2] that does allege acts attributable to different entities reads as follows:

> Plaintiffs allege that the ad answered by Plaintiffs was procured at the direction of John and Ultima Morgan, was financed, in whole or in part, by funds procured and/or furnished by Morgan & Morgan Defendants domiciled in Mississippi, and that Morgan & Morgan Defendants domiciled in Tennessee undertook the obligation of rendering legal services to Plaintiffs.

[2] at p. 25.

The First Amended Complaint [2] further states that the Morgan & Morgan Defendants have a "piece-milled [sic] business structure" and that "'Morgan & Morgan is not a unified entity but a loose conglomerate of over 50 entities that *function with partial, if not total, self-autonomy*, lacking the central control and organization conveyed by [their] advertisements." [2] at p. 26 (emphasis added). Further, in their Response [29], the Mizes argue that they were originally represented by MMPA and that MMPA "eventually transitioned the case to one of the LLCs." [29] at p.7. In the Court's view, the Mizes initially attempt to allege that several entities, acting as one indistinguishable entity, engaged in unified acts, but the First Amended Complaint [2] ultimately

6

paints a picture of separately acting entities—with no clarity as to which entity committed what act.

The First Amended Complaint's [2] failure to differentiate between the Morgan & Morgan defendants places the Court in the precarious position of having to discern which acts, if any, the Mizes attribute to each entity. This is especially problematic in the context of the Court's improper joinder determination, where its inquiry will determine the question of jurisdiction.

"District courts have a 'supervisory obligation to sua sponte order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates.'" *White v. City of Grenada, Miss.*, 2021 WL 449276, *5 (N.D. Miss. Sept. 28, 2021) (citing *Michael v. Boutwell*, 2015 WL 2728516, at *6 (N.D. Miss. 2015)). While the issue in the Mizes' First Amended Complaint [2] is more so a failure to link facts to particular defendants, the Court finds that Mizes should be required to replead. The Court cautions the Mizes to remain cognizant that Rule 8 requires that "a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief, [] in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Moomey*, 2020 WL 3978372, at *2 (quoting FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (internal quotation marks omitted).

*Conclusion*

For the reasons set forth above, the Mizes are hereby ORDERED to file an Amended Complaint within fourteen (14) days of today's date. The instant Motion [40] is DENIED *without prejudice* as MOOT.[4] PLLC may refile its Motion to Dismiss once the Mizes file their Amended Complaint. The Court specifically advises the Mizes that, should they not file an Amended Complaint within fourteen (14) days of today's date, the case will be dismissed without further notice.

SO ORDERED, this the 23rd day of August, 2023.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[4] MMPA's Motion to Dismiss for Lack of Personal Jurisdiction [10] is also DENIED *without prejudice* as MOOT. MMPA may refile its Motion to Dismiss once the Mizes file their Amended Complaint.