IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

NANCY MIZE AND
CHARLES MIZE                                                                                           PLAINTIFFS

v.                                                                          CIVIL ACTION NO. 1:22-CV-185-SA-DAS

MORGAN & MORGAN, P.A.;
MORGAN & MORGAN MEMPHIS, LLC;
MORGAN & MORGAN MEMPHIS MANAGEMENT, INC.;
JENNIFER L. MILLER; DAVID GOLD;
AND THE GOLD LAW FIRM                                                                             DEFENDANTS

ORDER AND MEMORANDUM OPINION

On October 12, 2022, Nancy and Charles Mize filed their First Amended Complaint [2] in the Circuit Court of Alcorn County, Mississippi, alleging legal malpractice, among other claims, against Morgan & Morgan, P.A. ("MMPA") and all other Defendants listed in the caption above. Morgan & Morgan Memphis, LLC removed the case to this Court on December 5, 2022. *See* [1]. The Mizes have since filed a Second Amended Complaint [57]. Now before the Court is MMPA's Second Motion to Dismiss for Lack of Personal Jurisdiction [61]. The Motion [61] has been fully briefed and is ripe for review. The Court is prepared to rule.

*Relevant Factual and Procedural Background*

On December 29, 2016, Nancy Mize and her husband, Charles Mize, went to Shiloh Market in Corinth, Mississippi. According to their Second Amended Complaint [57], Nancy Mize tripped and fell when her foot became trapped in a dustmop that had been left protruding into a walkway but was concealed by a grocery cooler. Nancy alleges she was transported from Shiloh Market to Magnolia Regional Health Center where she was dropped to the floor, further exacerbating her injuries. Nancy was then transferred to North Mississippi Medical Center ("NMMC"), which is a level-one trauma center located in Tupelo, Mississippi.

The Mizes contend that, while at NMMC, they "answered the call-to-action advertisement of 'Morgan & Morgan For The People, forthepeople.com.'" [57] at p. 4. According to the Second Amended Complaint [57], shortly thereafter, a layman runner arrived at NMMC with a contract for legal representation. The runner allegedly claimed to be "the agent and employee of the nationally recognized personal injury firm MMPA." *Id*. The Second Amended Complaint [57] asserts that Nancy was "physically infirm" and asked the runner "to explain and otherwise interpret the contract for her," which he did, but he "did not disclose or otherwise inform Plaintiffs that Plaintiffs were actually entering into a contract with the Memphis-LLC as opposed to the nationally recognized lawyer and law firm MMPA." *Id*.

The Mizes aver that on February 11, 2019, Defendant Jennifer Miller, an attorney with Morgan & Morgan, filed suit on their behalf, signing the complaint: "Respectfully Submitted, MORGAN & MORGAN – MEMPHIS." *Id*.

In short, the Mizes allege that Miller thereafter failed to prosecute the lawsuit by neglecting to respond to discovery after Morgan & Morgan abruptly terminated her employment. At some point after Miller was terminated by Morgan & Morgan, the Mizes' representation was transferred to Miller at the Gold Law Firm. The present litigation is based on the alleged failure to prosecute the claims. The Second Amended Complaint [57] brings claims of negligence, joint venture liability, deceptive advertising, breach of contract, and breach of fiduciary duty. The Second Amended Complaint [57] additionally seeks punitive damages as a remedy.

On September 15, 2023, MMPA filed the instant Second Motion to Dismiss for Lack of Personal Jurisdiction [61], alleging this Court lacks jurisdiction over it because MMPA has not made a contract, committed a tort, or conducted business in Mississippi. Months earlier, MMPA filed its first Motion to Dismiss for Lack of Personal Jurisdiction [10], raising the same issues.

Morgan & Morgan, PLLC thereafter filed a Motion to Dismiss [40] based on fraudulent joinder. Due to the Mizes' failure to differentiate between the Morgan & Morgan defendants, the Court denied both Motions [10], [40] *without prejudice* as moot and ordered the Mizes to amend their complaint. *See* [53]. The Mizes have now filed their Second Amended Complaint [57]. In the present Motion [61], MMPA renews its arguments that it should be dismissed for lack of personal jurisdiction.

*Dismissal Standard*

When a nonresident defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) (citing *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)). When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, "the party seeking to assert jurisdiction is required only to present sufficient facts to make out a *prima facie* case supporting jurisdiction." *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 488 (5th Cir. 2018) (quoting *Central Freight Lines, Inc., v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003)).

"The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Stuart*, 772 F.2d at 1192 (citing *Washington v. Norton Mfg. Co.*, 588 F.2d 441, 443 (5th Cir.), cert. denied, 442 U.S. 942, 99 S. Ct. 2886, 61 L. Ed. 2d 313 (1979)). "The allegations in the complaint must be taken as true, except where controverted by affidavit, and the court should resolve conflicts in favor of the party seeking to establish jurisdiction." *Admin. of Tulane Educ. Fund v. Ipsen, S.A.*, 450 F. App'x 326, 329 (5th Cir. 2011) (citing *Thompson*, 755 F.2d at 1165). However, the Court

3

need not credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001) (citing *Felch v. Transportes Lar-Mex*, 92 F.3d 320, 326 n. 16 (5th Cir. 1996)).

*Analysis and Discussion*

A personal jurisdiction inquiry requires a two-part analysis. *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012). "A federal court sitting in diversity may exercise personal jurisdiction over a foreign defendant if (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (citing *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)). Importantly, "[e]ach defendant's contacts with the forum State must be assessed individually." *Willow Bend, L.L.C. v. Downtown ABQ Partners, L.L.C.*, 612 F.3d 390, 392 (5th Cir. 2010) (quoting *Calder v. Jones*, 465 U.S. 783, 790, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984)).

The Mizes assert that MMPA is subject to personal jurisdiction because (1) it engaged in a joint venture with the other Morgan & Morgan defendants that breached their contract; and (2) it deceptively advertised on its website. The Court will address each argument in turn.

I.     *Joint-Venture Liability*

Turning to the first prong of the personal jurisdiction inquiry, the Mississippi long-arm statute authorizes jurisdiction over any nonresident who (1) makes a contract with a resident of this state to be performed in whole or in part in this state, (2) commits a tort in whole or in part in this state against a resident or nonresident; or (3) does any business or performs any character of work or service in this state. *ITL Int'l, Inc.*, 669 F.3d at 497 (quoting MISS. CODE ANN. § 13-3-37). In their Response Memorandum [67], although the Mizes do not explicitly invoke a particular

prong of the long-arm statute, it appears that they rely on the contract prong as the basis for personal jurisdiction. That is, the Mizes allege that MMPA formed a joint venture with other parties that breached their contract.

Ordinarily, when the activities of one co-venturer in the forum are sufficient to sustain the exercise of personal jurisdiction, jurisdiction will attach to all participants in a joint venture. *See Hanback v. GGNSC Southaven, LLC*, 2014 WL 3530613, at *3 (N.D. Miss. July 15, 2014); *Walker v. Williamson*, 131 F. Supp. 3d 580, 592 (S.D. Miss. 2015); *Catron v. Rogul*, 2014 WL 1819972, at *3 (E.D. La. May 6, 2014). Here, the Mizes allege that they had a contract with Morgan & Morgan Memphis, LLC and that Morgan & Morgan Memphis, LLC breached the fiduciary duty owed to them. "[S]ince, for purposes of this motion, there is neither a dispute that [a] contract[] existed between [the Mizes and Morgan & Morgan Memphis, LLC] for services to be performed at least in part in Mississippi[,] nor a dispute that the alleged [breach] occurred in part in Mississippi, if [the Mizes] have alleged enough facts . . . to support their theory that a joint venture existed between [MMPA and Morgan & Morgan Memphis, LLC], they have established a prima facie case of personal jurisdiction under Mississippi law." *Walker*, 131 F.Supp.3d at 591.

"In Mississippi, a joint venture might be characterized as a 'single shot partnership.'" *Hanback*, 2014 WL 3530613 at *3 (quoting *Hults v. Tillman*, 480 So.2d 1134, 1143 (Miss. 1985)). "In fact, there is no real difference between [a] joint venture and a partnership except that the former is limited to a single transaction or a series of similar transactions and the latter usually relates to a general and continuing business of a particular kind." *Scott Co. of Cal. v. Enco Const. Co.*, 264 So.2d 409, 411 (Miss. 1972) (citing *Sample v. Romine*, 8 So.2d 257, 261 (1942)). "[A joint venture] exists when two or more persons combine in a joint business enterprise for their mutual benefit with an understanding that they are to share in profits or losses and each to have a

5

voice in its management." *Hanback*, 2014 WL 3530613 at *3 (quoting *Hults*, 480 So.2d at 1142). The existence of a joint venture requires: (1) a joint proprietary interest; (2) the right of mutual control; and (3) actual intent to form a joint venture. *Id*. (citing *Hults*, 480 So.2d at 1142-43); *see also Patton Med. of Gulf Coast, Inc. v. Relle*, 269 So.3d 266, 275 (Miss. Ct. App. 2018).

Here, the Amended Complaint [57] makes the following allegations regarding joint-venture liability:

> 28. MMPA, Memphis-LLC, Memphis-Management, and Jennifer Miller were all engaged in a joint venture which injured Plaintiffs. Upon information and belief, said Defendants possessed a vested pecuniary interest in Plaintiffs' claims against Shiloh Market and Magnolia. Plaintiffs allege that a contract existed at the time, either express or implied, that established a joint venture; said Defendants had control of the venture; and that co-venturers shared the profits and losses of the joint venture.
>
> 29. In support of the above, Plaintiffs allege that Miller's base pay was tendered by Memphis-Management; advertising and support staff were furnished by MMPA; and malpractice insurance, office equipment, office space and other support services were furnished to Miller by the Memphis-LLC. Had the Shiloh Market Complaint produced recovery, said Defendants would have been enriched from the proceeds pursuant to the contract described above. Alternatively, if the Shiloh Market Complaint failed, said Defendants would have suffered loss, and said Defendants did suffer loss. Miller suffered termination of her employment together with the loss of [a] portion of the recovery expected from Plaintiffs' claims. MMPA lost fees paid for advertising which caused the procurement of the contract with Plaintiff. Memphis-LLC and Memphis-Management suffered a loss in monies paid to Miller and others which promoted the venture.

[57] at p. 9-10.

The first quoted paragraph is a conclusory recitation of the elements necessary to establish a joint venture. Because of their conclusory nature, the Court need not consider those allegations in its joint venture analysis. *See Panda Brandywine Corp.*, 253 F.3d at 868 (the court need not credit conclusory allegations).

In the second quoted paragraph, the Mizes offer the following factual allegations in support of their joint venture argument: (1) MMPA supplied advertising and support staff to Miller and the other Morgan & Morgan defendants and (2) MMPA lost fees for advertising after the Mizes' claims failed. First, in the affidavit of its Global Managing Partner, Alexander Clem, MMPA controverts the allegation that it supplies support staff to the other Morgan & Morgan offices. *See* [10] at p. 2 ("[MMPA] . . . does not have any employees or agents in Mississippi. The employees in the Morgan & Morgan office in Jackson, Mississippi are employees of Morgan & Morgan, PLLC. The employees of Morgan & Morgan in Memphis, Tennessee office are employees of Morgan & Morgan Memphis, LLC."); *see also Admin. of Tulane Educ. Fund*, 450 F. App'x at 329 (allegations in the complaint must be taken as true except where controverted by affidavit).

Second, the Clem affidavit states that MMPA does not advertise in Mississippi. [10], Ex. 1 at p. 2. This does not exactly address the facts the Mizes allege. The Mizes allege that MMPA "lost fees paid for advertising." [57] at p. 10. Reading this allegation in the light most favorable to the Mizes, they contend that MMPA advertises for the other entities and in return receives a portion of the other entities' profits. In other words, the allegation emphasizes the profit-sharing relationship evidenced by the advertising—not the location of the advertising. MMPA's affidavit does not address the alleged relationship or the allegation that it advertises for the other entities generally.[1] Instead, it only contests that it advertises *in Mississippi*.

Whether the advertising and profit-sharing allegation sufficiently establishes the existence of a joint venture is a close call. On one hand, while the Mizes allege that MMPA and the other

---

[1] The Court is cognizant that the affidavit states that MMPA "is a separate entity from the other Morgan & Morgan defendants" and that "[i]t is not a parent company of those other Morgan & Morgan defendants." [10], Ex. 1 at p. 1. MMPA may contend that this addresses the allegations regarding the relationship of the entities. However, again, this does not squarely address what appears to be an allegation that admittedly separate entities are sharing profits.

entities had an arrangement whereby MMPA received profits in exchange for advertising, this is not necessarily enough to plausibly allege that a joint venture existed. *See Meek v. Gold Coast Skydivers, Inc.*, 2016 WL 81812, at *5 (S.D. Miss. Jan. 7, 2016) ("Sharing assets and revenue does not necessarily mean these separate entities . . . each had the intent to be bound or exhibited other characteristics of a joint venture."). The Mizes allege no facts indicating that MMPA intended to form a joint venture or that MMPA had control over any aspect of a joint business enterprise. *See Hanback*, 2014 WL 3530613, at *4 (even where parent company benefited from upstream profits and shared officers with subsidiary, court found no facts showing that separate corporate entities had the actual intent to form a joint venture); *Walker*, 131 F. Supp. 3d at 591-92 (where attorneys referred to themselves as "partners" and distributed folders containing references to both of their law firms, court found implied intent to form a joint venture).

On the other hand, where an affidavit does not directly address disputed facts and the plaintiff's factual allegations suggest the *possible* existence of the requisite contacts, the Court may allow jurisdictional discovery. *See Matter of Am. River Transp. Co. LLC*, 533 F. Supp. 3d 355, 363 (E.D. La. 2021) (where events giving rise to action occurred in 2017 but defendant's affidavit only addressed its forum contacts from 2020 forward, court allowed plaintiff discovery to determine the defendant's relationship to the forum at the relevant time). Given that MMPA's affidavit does not directly address the Mizes' allegations suggesting that there may be profit-sharing among the entities, the Court will permit the Mizes to conduct limited jurisdictional discovery to determine the relationship between the Morgan & Morgan entities.

To the extent MMPA's Motion [61] seeks dismissal of the joint-venture liability claim for lack of personal jurisdiction, it is denied.

*II.     Deceptive Advertising*

In their Response Memorandum [67], the Mizes contend that MMPA is liable for deceptive advertising and is thus subject to personal jurisdiction under the tort prong of the long-arm statute. Specifically, the Mizes contend that MMPA owns the website forthepeople.com, the website reaches Mississippians, and the website is misleading because it "boasts employment of over 800 lawyers who have received billions of dollars for MMPA's clients nationwide." [67] at p. 2. Thus, according to the Mizes, "the website alone is enough to satisfy personal jurisdiction via Mississippi's long arm statute." *Id*. at p. 6.

MMPA argues that personal jurisdiction is improper because the Mizes have not alleged they saw a deceptive advertisement.

As a practical matter, because the Court has granted limited jurisdictional discovery on the issue of the relationship between the Morgan & Morgan entities, the Court is hesitant to dismiss the deceptive advertising claim at this time. The Mizes contend that the alleged profit-sharing among the entities is evidenced by MMPA's advertising for the others. Thus, it is difficult to imagine a scenario where the limited jurisdictional discovery would not address issues relevant to the deceptive advertising claim, such as MMPA's advertising practices and whether they target Mississippi residents. For this reason, the Court will deny the Motion [61] and delay ruling until after jurisdictional discovery is completed and the Mizes have amended their complaint.

*Conclusion*

For the reasons set forth above, the Court DENIES Morgan & Morgan, P.A.'s Motion to Dismiss [61] *without prejudice*. The Mizes are permitted to conduct limited, expedited jurisdictional discovery relevant to whether MMPA is engaged in joint venture with the other Morgan & Morgan entities. The Magistrate Judge will hold a status conference and ultimately

9

enter an Order governing this limited expedited discovery. The Mizes shall file an amended complaint within fourteen (14) days of the close of the limited discovery period. The failure to do so will result in dismissal of MMPA as a Defendant in this case.

SO ORDERED, this the 7th day of December, 2023.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE